CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@campbellandwilliams.com
J. COLBY WILLIAMS, ESQ. (5549)
jcw@campbellandwilliams.com
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

*Attorneys for Defendants*
*Zuffa, LLC and Dana White*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK HUNT, an individual, | Case No. 2:17-cv-00085-JAD-CWH |
| Plaintiffs, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS ZUFFA, LLC'S AND DANA WHITE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| vs. | |
| ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, a Nevada limited liability Company; BROCK LESNAR, an individual; and DANA WHITE, an individual; and DOES 1-50, inclusive, | |
| Defendants. | |

Defendants Zuffa, LLC ("Zuffa") and Dana White ("White"), pursuant to Federal Rule of Evidence 201 and supporting case law, respectfully request that the Court consider and/or take judicial notice of the following documents in support of their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

Exhibit 1 – UFC Anti-Doping Policy

Exhibit 2 – Portion of Jon Jones' Fight Record

Exhibit 3 – Mark Hunt's Fight Record

Exhibit 4 – Nevada State Athletic Commission Bout Records for UFC 200

Exhibit 5 – July 1, 2016 Email from Jeff Novitzky to Nevada State Athletic Commission

Exhibit 6 – Brock Lesnar 2016 Drug Testing History in the ADP

Exhibit 7 – Nevada State Athletic Commission Mixed Martial Arts Show Results for UFC 200.

## POINTS AND AUTHORITIES

### SUMMARY

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("the 'incorporation by reference' doctrine [ ] permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."); *see also* Wright & Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004 & Supp. 2014) ("In determining whether to grant a Federal Rule 12(b)(6) motion, district courts primarily consider the allegations in the complaint.  The court is not limited to the four corners of the complaint, however.  Numerous cases . . . have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; these items may be considered by the district judge without converting the motion into one for summary judgment.  These matters are deemed to be a part of every complaint by implication." (footnote omitted)).  Further, under Federal Rule of Evidence 201(b), the Court may take judicial notice of a fact "not subject to reasonable dispute because it

is (1) generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Defendants respectfully request the Court to consider the following documents (which are attached to the Declaration of J. Colby Williams filed concurrently herewith) in ruling on their Motion to Dismiss: (1) the UFC Anti-Doping Policy (Exhibit 1); (2) the fight records of Jon Jones and Mark Hunt (Exhibits 2 and 3); (3) Nevada State Athletic Commission records regarding UFC 200 (Exhibits 4 and 7); (4) a July 1, 2016 email from Zuffa employee Jeff Novitzky to the NSAC that is specifically referenced in the Complaint (Exhibit 5); and (5) Defendant Brock Lesnar's 2016 testing history under the Anti-Doping Policy (Exhibit 6).

Defendants further request that the Court consider Exhibits A and B to the Appendix previously filed under seal by Plaintiff Mark Hunt ("Hunt") in conjunction with his Complaint. *See* ECF No. 1-7. Exhibit A is the April 2016 Promotional and Ancillary Rights Agreement between Zuffa and Hunt. Exhibit B is the June 2016 Bout Agreement between Zuffa and Hunt memorializing the latter's participation in UFC 200. Both agreements were expressly incorporated by reference in the Complaint. *See* Comp. ¶¶ 133-134.

Finally, Defendants ask the Court to consider a brief interview given by Defendant White to ESPN on June 3, 2016, which can be accessed at https://www.youtube.com/watch?v=ffKKmTgsfV8&feature=youtu.be). Plaintiff specifically references this interview in his Complaint and further includes the same link thereto. *See* Comp. ¶¶ 51-52 and n. 6.

**ARGUMENT**

**A.     The Court May Consider Exhibits Incorporated by Reference Into a Complaint When Ruling on a Rule 12(b)(6) Motion.**

Defendants request that the Court consider Exhibits 1-7 when ruling on their Motion to Dismiss because (1) they are expressly referenced in Hunt's Complaint, and (2) they are publicly available and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

It is well established that the Court may consider documents that are expressly referenced in a complaint in ruling on a motion to dismiss. *See, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 n.2 (9th Cir. 2011) ("Cervantes's deed of trust, attached to MERSCORP's reply in support of its motion to dismiss, may be considered at the pleadings stage because the complaint references and relies on the deed, and its authenticity is unquestioned."). In other words, "courts may consider documents that are referenced in the complaint under the 'incorporation by reference' doctrine." *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1061 (C.D. Cal. 2012); *accord Churchill v. Barach*, 863 F. Supp. 1266, 1274 n.6 (D. Nev. 1994) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.") (quotation omitted).

**B.     All of the Exhibits Are Incorporated by Reference Into Hunt's Complaint.**

**Exhibit 1** is a true and correct copy of the UFC Anti-Doping Policy effective July 2015 ("ADP") and administered by the United States Anti-Doping Agency ("USADA"). The ADP is publicly accessible at http://ufc.usada.org/wp-content/uploads/UFC-anti-doping-policy-EN.pdf. Hunt's Complaint expressly quotes from the ADP. *See, e.g.*, Comp. ¶ 13; 16; 41-42. The ADP,

moreover, is integral to the allegations and claims contained in the Complaint as Hunt appears to contend that the ADP is a sham or that Zuffa fails to comply therewith.  *Id.* at ¶¶ 12-27.

**Exhibit 2** is a true and correct copy of a screen shot reflecting a portion of Jon Jones' fight record, specifically including the results from UFC 152: Jon Jones v. Vitor Belfort held on September 22, 2012.  Jones' fight record is publicly accessible at http://www.sherdog.com/fighter/Jon-Jones-27944.  Notwithstanding that Hunt did not participate in UFC 152, he nonetheless devotes eleven paragraphs of the Complaint to allegations concerning UFC 152 and the Jones/Belfort bout.  *See, e.g.*, Comp. ¶¶ 28-38.  Though Hunt obviously believes this subject matter is integral to his claims, he conspicuously fails to inform the Court what the outcome of the bout was.  Hunt cannot, however, "surviv[e] a Rule 12(b)(6) motion by deliberately omitting references to documents upon which [his] claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), *cert. denied*, 525 U.S. 1001 (1998).  Defendants, therefore, provide the portion of Jones' fight record reflecting the result of his bout with Belfort at UFC 152.

**Exhibit 3** is a true and correct copy of screen shots reflecting Mark Hunt's fight record, specifically including the results from UFC Fight Night – Hunt v. Antonio Silva (held December 6, 2013), UFC Fight Night – Hunt v. Frank Mir (held March 19, 2016), and UFC 200 – Hunt v. Brock Lesnar (held July 9, 2016).  Hunt's fight record is publicly accessible at http://www.sherdog.com/fighter/Mark-Hunt-10668.  The foregoing contests are referred to extensively throughout Hunt's Complaint and are integral to the allegations and claims contained therein as they purportedly comprise part of the pattern of conduct on which Hunt's RICO claims are premised.  *See, e.g.*, Comp. ¶¶ 39-81.  Again, however, Hunt failed to inform the Court of the outcomes from Hunt's bouts with Silva and Mir.  *Id.* ¶¶ 80-81.

Misleadingly, Hunt alleges that "every time [he] fights a doping competitor with a resulting 'no contest' outcome, his record remains stagnant, and is deprived of the opportunity to earn a win." *Id.* ¶ 87. Yet, Hunt's undisputed fight record establishes that the only "no contest" outcome occurred in UFC 200. Hunt/Silva was a majority draw in Hunt's favor, and Hunt/Mir ended with a Hunt victory by first-round knockout. Because Hunt has alleged selective portions of his fight record in the Complaint, Defendants are permitted to provide the Court with the rest of the story. *Cf. In re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1405, n.4 (9th Cir. 1996) (a court may consider the full text of an offering document or prospectus on a motion to dismiss, "including portions which were not mentioned in the complaint[.]").

**Exhibit 4** is a true and correct copy of a public record obtained from the Nevada State Athletic Commission ("NSAC") reflecting the purse amounts paid to fighters participating in UFC 200. The Court may take judicial notice of public records when considering a motion to dismiss. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by, Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104 (1991). The amount of Hunt's purse for UFC 200, moreover, is specifically referenced in the Complaint and is undisputed. *See* Comp. ¶ 73.

**Exhibit 5** is a true and correct copy of an email that was sent from Jeff Novitzky, Zuffa's Vice President of Athlete Health and Performance, to Robert Bennett, the Executive Director of the NSAC, on July 1, 2016 at 12:23 p.m. Plaintiff specifically cites a portion of this email in his Complaint for the proposition that "UFC admitted to the NSAC that UFC notified Lesnar that he would not be drug tested until he executed his UFC 200 bout agreement." *See* Comp. ¶¶ 60-61; *see also id.* at ¶ 107(a) (claiming the subject e-mail comprises and act of wire fraud). Zuffa submits this is yet another mischaracterization of the undisputed record and, thus, provides the Court with a full copy of the email given that it has been expressly incorporated in the Complaint

and is integral to Hunt's claims. *See In re Stac Electronics Sec. Litig., supra.* The e-mail is also a public record of the NSAC and may be considered on that basis as well. *See Mack, supra.*

**Exhibit 6** is a true and correct copy of screen shots reflecting the 2016 drug testing history for Defendant Brock Lesnar ("Lesnar") pursuant to the ADP. This information is publicly available at http://ufc.usada.org/testing/results/athlete-test-history/. Lesnar's drug-testing history leading up to and the night of UFC 200 is referred to throughout Hunt's Complaint and integral to the allegations and claims contained therein. *See, e.g.*, Comp. ¶¶ 59-62; 70-71; 75-77. Once more, Hunt makes selective allegations regarding Lesnar's entrance into the drug testing program under the ADP in early-June 2016 and his subsequent June 28 and July 9 drug tests, but purposefully omits that Lesnar underwent other drug testing during this time. *Id.* Accordingly, the Court may consider the rest of Lesnar's testing history during the relevant period. *See In re Stac Electronics Sec. Litig., supra.*

**Exhibit 7** is a true and correct copy of a printout of the results of UFC 200 maintained by the NSAC. This information is publicly available on the NSAC's website accessible at http://boxing.nv.gov/uploadedFiles/boxingnvgov/content/results/2016_Results/07-09-16MMAR.pdf and, thus, may be judicially notice by the Court. *See Mack, supra.* Additionally, the result of the Hunt/Lesnar bout at UFC 200 is specifically referenced in the Complaint and is undisputed. *See Comp.* ¶¶ 73; 78.

Finally, **Exhibits A-B** (filed under seal as part of Plaintiff's Appendix to the Complaint (*see* ECF No. 1-7)) and the June 3, 2016 White Interview were specifically incorporated into the Complaint (*see* Comp. ¶¶ 51-52; 133-134), are undisputed by the parties, and may thus be considered by the Court on a Rule 12(b)(6) motion. *See supra* at 2.

### C. The Court May Take Judicial Notice of Exhibits 1-7.

In addition to being central to the allegations contained in Hunt's Complaint, Exhibits 1-7 may be judicially noticed as they contain facts "not subject to reasonable dispute because [they are] (1) generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). As already explained, Exhibits 4, 5 and 7 are public records obtained from the NSAC and properly subject to judicial notice. *See Mack, supra*; *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir. 2004) ("we may take judicial notice of the records of state agencies and other undisputed matters of public record."). Similarly, the fight records for Jon Jones and Mark Hunt (Exhibits 2 and 3) as well as the anti-doping and drug-testing records obtained from the UFC-USADA website (Exhibits 1 and 6) are not subject to reasonable dispute as they can be readily determined from sources whose accuracy cannot be questioned.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider and/or take judicial notice of the subject documents when ruling on Defendants' Motion to Dismiss the Complaint.

DATED this 28th day of February, 2017.

                                        CAMPBELL & WILLIAMS

                                        By   /s/ *J. Colby Williams*
                                            DONALD J. CAMPBELL, ESQ. (#1216)
                                            J. COLBY WILLIAMS, ESQ. (#5549)
                                            700 South Seventh Street
                                            Las Vegas, Nevada 89101

                                        *Attorneys for Defendants*
                                        *Zuffa, LLC and Dana White*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing **Request for Judicial Notice in Support of Defendants Zuffa, LLC's and Dana White's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** was served on the 28th day of February, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

                                                /s/ *J. Colby Williams*
                                                An employee of Campbell & Williams