CHRISTINA M. DENNING, ESQ. (CA Bar No. 211137)
denningc@higgslaw.com
SCOTT J. INGOLD, ESQ. (NV Bar No. 11818)
ingolds@higgslaw.com
Higgs Fletcher & Mack LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
T: 619.236.1551
F: 619.696.1410

JAMES F. HOLTZ, ESQ. (NV Bar No. 8119)
james.holtz@holtzapc.com
LAW OFFICE OF JAMES F. HOLTZ
1120 Town Center Drive, Suite 200
Las Vegas, NV 89144
T: 702.304.1803
F: 702.304.1822

Attorneys for Plaintiff
MARK HUNT

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARK HUNT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, a Nevada limited liability company; BROCK LESNAR, an individual; DANA WHITE, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-00085-JAD-CWH<br><br>**MARK HUNT'S POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS ZUFFA, LLC'S AND DANA WHITE'S REQUEST FOR JUDICIAL NOTICE** |

///

///

///

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No.: 2:17-cv-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

Plaintiff, Mark Hunt ("Hunt"), respectfully requests that this Court deny Defendants' Request for Judicial Notice of Exhibits marked 1 through 7, and the internet hyperlinks, Exhibits A and B. This Court should exclude Defendants' extrinsic evidence because the exhibits were not incorporated by reference, and this Court's consideration of Defendants' motion to dismiss Hunt's complaint should be limited to the pleadings.

Hunt also notes, however, that Defendants' attached documents are not necessarily helpful to Defendants' position. For that reason, they request the Court to not only take judicial notice of their exhibits, but also to accept as true Defendants' interpretation of those documents (and internet links). As discussed herein, judicial notice does not alter the legal standard on a motion to dismiss.

## I.

## LEGAL STANDARD

A court will grant a motion to dismiss if the complaint does not allege claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In analyzing a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party." *Wyler Summit Partnership v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994); *see Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (holding when the legal sufficiency of a complaint's allegation is tested by a 12(b)(6) motion, "review is limited to the complaint.") However, there are two exceptions to the requirement that consideration of material outside of the complaint converts a 12(b)(6) motion into a summary judgment motion: (1) incorporation by reference and (2) judicial notice.

The "incorporation by reference" exception to this general rule is for documents that are "necessarily relie[d]" on in the complaint, provided their authenticity "is not contested." *Lee*, 250

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

2

Case No.: 2:17-cv-00085--JAD-CWH
MARK HUNT'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

F.3d at 688 (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998)). The "judicial notice" exception is for "matters of public record" pursuant to Federal Rule of Evidence 201. *Lee*, 250 F.3d at 689. However, it is only proper for a court to take judicial notice of the fact of the existence of a matter of public record, rather than the truth of the facts recited therein. *Id.* at 690.

## II.

## ARGUMENT

### A. Judicial Notice Should be Denied or Extremely Limited

This Court should deny each of Defendants' requests for judicial notice, as discussed fully below. However, to the extent the Court takes judicial notice of any such documents, it should be limited to the mere fact that the documents exist, because the contents of the documents are highly disputed. *See Montana Dep't of Revenue v. Blixseth*, No. 2:13-CV-01324-JAD, 2016 WL 1183084, at *2 (D. Nev. Mar. 28, 2016) (denying request for judicial notice to the extent it seeks judicial notice of the truth of its contents); *see also Carrillo v. Gillespie,* No. 2:12-CV-02165-JAD, 2014 WL 1307454, at *7 (D. Nev. Mar. 28, 2014) (holding Court could not take judicial notice of the truth or perjury regarding contents of police officer's sworn statement, because it was "subject to reasonable dispute" (interpreting Fed. R. Evid. 201)).

Defendants' Exhibit 1, *UFC Anti-Doping Policy*, for example, is disputed from the very first sentence, whereby the UFC falsely proclaims:

> *This policy is a central part of UFC's expanded efforts to protect the health and safety of its Athletes, and also to protect their right to compete on a level playing field.*

This stated objective is false. Hunt's complaint clearly disputes that claimed objective and explains how the ADP is a sham created by UFC, which undermines fighter health and safety, creates an *unlevel* playing field, and *wrongfully* maximizes UFC revenue by increasing the risk of serious injury and death to its fighters.[1]  ECF No. 1.  Hunt's well-pleaded factual

---

[1] Similarly, even Defendants' proffered fight records are inappropriate for judicial notice as wins and losses are subject to retroactive change to no contest rulings.

allegations must be taken as true and Defendants' transparent attempt to manipulate an unfavorable legal standard must be denied.

**B.  This Court Has Discretion to Exclude Extrinsic Evidence When Ruling on a Rule 12(b)(6) Motion.**

Under the doctrine of "incorporation by reference," a district court may consider documents that are "referenced extensively in a complaint and are accepted by all parties as authentic." Fed. R. Civ. P. 12(b)(6); *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Lee*, 250 F.3d at 688; *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755 (D. Ariz. 2012). The court may consider documents whose content are alleged in the complaint as long as (1) the complaint necessarily relies on the documents or contents, (2) the document's authenticity is uncontested, and (3) the document's relevance is uncontested. *Johnson*, 793 F.3d at 1007-08 (Deed of trust's authenticity not in dispute and complaint necessarily relied upon it as the source of defendant's duty); *see Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755 (C.D. Cal. 2015). But the Court will not consider these documents for the truth of the matters they assert. *Gammel*, 905 F. Supp. 2d at 1061.

Defendants overestimate the scope of the exceptions of incorporation by reference and judicial notice, and improperly request that the Court consider Exhibits 1-7, A, and B, when ruling on their motion to dismiss. When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider unattached evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document. Fed. R. Civ. P. 12(b)(6); *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee*, 250 F.3d at 668.

Contrary to Defendants' claim that "it is well established that the Court may consider documents that are expressly referenced in a complaint", *Cervantes v. Countrywide Home Loans Inc*. does not stand for the proposition that documents that are merely referenced in the complaint should be considered a part of the pleading for a motion to dismiss. 656 F.3d 1034, 1042 n.2 (9th Cir. 2011) (court only considered deed of trust attached to defendant's reply in support of motion

to dismiss because the complaint both referenced and *specifically relied* on the deed); *see Johnson v. Federal Home Loan Mortg. Corp.*, 793 F.3d 1005 (9th Cir. 2015); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). "[A]lthough often conflated, the doctrine of incorporation by reference is distinct from judicial notice." *Gammel v. Hewlett Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012).

**Exhibit 1 - UFC Anti-Doping Policy**

Defendants offer a copy of the UFC's Anti-Doping Policy claiming that it is "integral" to Hunt's claims contained in the Complaint. Mere reference to a document is insufficient to incorporate that document by reference into the Complaint. *See Van Buskirk*, 284 F.3d at 980. Hunt does not dispute the existence of the Policy, nor does he "necessarily rely" on the Anti-Doping Policy. Rather, Hunt alleges the UFC's complicit practice of granting fighters drug-testing "exemptions" repeatedly places "clean" fighters, like Hunt, in situations where they are required to unknowingly and unfairly fight competitors who use performance-enhancing drugs. Furthermore, the Policy's availability on the Internet is irrelevant to whether it has been incorporated by reference; it does not justify its consideration, or make it a source "whose accuracy cannot reasonably be questioned." Consideration of the document is inappropriate at this early stage of the litigation, therefore the UFC Anti-Doping Policy should not be considered incorporated by reference into the Complaint.

**Exhibit 2 – Portion of Jon Jones' Fight Record**

Defendants offer a portion of Jon Jones' fight record, specifically including his UFC 152 fight against Vitor Belfort. Again, the public availability of Jones' record is irrelevant to whether it is incorporated by reference: public availability is only relevant to whether judicial notice is proper. Defendants fail to establish how the outcome of Jones' fights is relevant to Hunt's claims and instead assume that "Hunt obviously believes" this information is "integral to his claims." This is not so. The outcome of Jones' fight against Belfort is irrelevant to Hunt's claims. Hunt does not rely on the outcome of Jon Jones' fights. Rather, Defendants' pre-fight conduct demonstrates the RICO doping conspiracy. Hunt also does not "deliberately omit references to documents upon which [his] claims are based" because his claims are not based on whether Jones

won or lost the bout.

**Exhibit 3 – Mark Hunt's Fight Record**[2]

Defendants offer Hunt's fight record including fights against, Antonio Silva, Frank Mir, and Brock Lesnar. Again, the public availability of Hunt's record is irrelevant to whether it is incorporated by reference. Moreover, the fact that these records are available online does not make them credible. Hunt alleged that he had received a "no contest" determination when Lesnar tested positive for banned substances after their match and that he had competed against other doping fighters. Defendants offer Hunt's record, but this Court has the discretion to decide whether such consideration is necessary. *Contra In re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1405, n.4 (9th Cir. 1996) (finding relevant a full prospectus in complex securities litigation). In this case it is not, and is not appropriate for consideration of Defendants' motion to dismiss.

**Exhibit 4 – Nevada State Athletic Commission Bout Records for UFC 200**

Particular fighter purse amounts are not necessarily relied upon or disputed by Plaintiff. One mention in the Complaint of Hunt's purse for a single fight is clearly not enough to make the entirety of the Nevada Athletic Commission bout records integral to his claim. Courts "may take judicial notice of records and reports of administrative bodies" but only if those records are relevant. Therefore, this exhibit is not incorporated by reference, nor is it judicially noticeable.

**Exhibit 5 – July 1, 2016 Email from Jeff Novitzky to Nevada State Athletic Commission**

Defendants offer an email referenced in the Complaint and argue that it must be integral to Hunt's claims. As already established, mentioning a document not attached to the pleading does not incorporate that document. Defendants attempt to offer additional evidence in a veiled attempt to present its own evidence before it is appropriate. As the motion to dismiss must be premised on the "four corners" of the pleading, extrinsic evidence such as an email, which was

---

[2] To the extent Defendants contend Hunt is not legally damaged unless his bout ends in a loss, that position is legally untenable. The lost opportunities, described in the concurrently filed opposition, accrue regardless of the outcome of the bout. Nevertheless, Hunt could make the good faith, plausible allegation that, for example, "persons not taking anabolic steroids are easier to knock out or otherwise defeat than doping fighters and that he would have sold more Juggernaut brand T-shirts in doing so." But, Hunt has already sufficiently alleged that doping fighters have an "improper competitive advantage . . . derived at the expense of clean fighters." ECF No. 1 at ¶ 95.

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

6

Case No.: 2:17-cv-00085--JAD-CWH
MARK HUNT'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

not attached to or incorporated by reference into the complaint, is not appropriate for consideration at this stage.

**Exhibit 6 – Brock Lesnar 2016 Drug Testing History in the ADP**[3]

Defendants' attempt to offer Brock Lesnar's ("Lesnar") drug testing history is another attempt to present extrinsic evidence that is subject to reasonable dispute and is not integral to Hunt's claim. His claims do not rest on whether Lesnar passed *various other* tests offered by Defendants or others. The number of times Defendants and complicit fighters were able to "beat the system" by passing a drug test is not central to Hunt's claims, but more importantly, with the advancements in drug evasion, these facts do not even prove an athlete is "clean". This is why athletes are subject to numerous tests: depending on the doping cycle of the athlete or the particular masking substance he is taking, a test may produce a false negative. Therefore, not only is the entirety of Lesnar's drug testing history not integral to Hunt's claims, but they are subject to reasonable dispute, even if the result is negative.

**Exhibit 7 – Nevada State Athletic Commission Mixed Martial Arts Show Results for UFC 200**

Again, the mere public availability of documents does not justify judicial notice of those documents. Public availability is not relevant to incorporation by reference. Defendants claim that one mention of the results of UFC 200 justifies the inclusion of the match. Consideration of this document will not assist the Court and is not integral to Hunt's complaint.

---

[3] Defendants' purported Summary of Allegations contains a glaring and crucial mischaracterization of Hunt's Complaint. Defendants' motion falsely contends "[t]he ADP is administered by an independent third party known as the United States Anti-Doping Agency ("USADA")," and brazenly attributes that language to Hunt. ECF No. 11 at 3:16-17. Hunt, however, alleges only that the UFC and USADA contracted for drug-testing services. ECF No. 1 at ¶ 14. The Court must accept Hunt's allegations as true. Even if the Court entertains Defendants' theory, though, their assertion of USADA's independence is categorically untrue. If the Court considers Defendants' proffered ADP, page one of that policy refutes Defendants' contention: "References to UFC in this Program shall include USADA, other Anti-Doping Organizations, or third party anti-doping service providers to which UFC has made a delegation." ECF No. 11-2 (UFC Anti-Doping Policy). Thus, the ADP provides that for purposes of the ADP, the UFC is USADA and USADA is the UFC. USADA is simply the vehicle Defendants use to facilitate its fraud and RICO enterprise, while maintaining the outward appearance of advancing fighter health and safety. And even then, if the payday is big enough, Defendants forego the charade and grant a Therapeutic Use Exemption or other exception. The clean fighter learns his promoter sanctioned his opponent's doping only after the fight. Defendants are no less culpable for their racketeering and fraud because they carry them out, at least partially, in plain sight. *United States v. Philip Morris USA Inc*., 566 F.3d 1095, 1148 (D.C. Cir. 2009) (holding tobacco company liable for RICO violations for fraudulently concealing health risks of tobacco and marketing to children).

**C.   Defendants' Request Must Be Denied Because Disputed Matters Are Not Judicially Noticeable.**

Under Rule 201(b) of the Federal Rules of Evidence, the district court may take judicial notice of facts which are not subject to reasonable dispute *and* which are (1) generally known within the territorial jurisdiction of the district court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  A court may "take judicial notice of matters of public record . . . as long as the facts noticed are not subject to reasonable dispute."  *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *see National Council of La Raza v. Miller*, 914 F. Supp. 2d 1201 (D. Nev. 2012).

As discussed above, judicial notice is distinct from incorporation by reference. Each exhibit offered by Defendants contains facts that are subject to reasonable dispute and whose accuracy can be reasonably questioned.  Contrary to Defendants' assertions, the mere availability of sources on the Internet does not make them accurate or trustworthy. Defendants' attempt to present evidence at this early stage is a clear effort to quash this litigation before the parties have had a full and fair opportunity to address their claims.

## III.

## CONCLUSION

For the above reasons, Hunt respectfully requests that the Court deny Defendants' request for judicial notice, in its entirety.

DATED:  March 21, 2017                          HIGGS FLETCHER & MACK LLP

                                                By: s:/CHRISTINA M. DENNING
                                                    CHRISTINA M. DENNING, ESQ.
                                                    SCOTT J. INGOLD, ESQ.
                                                    Attorneys for Plaintiff
                                                    MARK HUNT

7882918.1