CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@campbellandwilliams.com
J. COLBY WILLIAMS, ESQ. (5549)
jcw@campbellandwilliams.com
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

*Attorneys for Defendants*
*Zuffa, LLC and Dana White*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK HUNT, an individual, | ) Case No. 2:17-cv-00085-JAD-CWH |
| | ) |
| Plaintiffs, | ) **DEFENDANTS ZUFFA, LLC'S AND** |
| | ) **DANA WHITE'S MOTION TO** |
| vs. | ) **STAY DISCOVERY PENDING** |
| | ) **RULING ON MOTION TO DISMISS** |
| ZUFFA, LLC d/b/a ULTIMATE FIGHTING | ) |
| CHAMPIONSHIP, a Nevada limited liability | ) |
| Company; BROCK LESNAR, an individual; | ) |
| and DANA WHITE, an individual; and DOES | ) |
| 1-50, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Defendants Zuffa, LLC and Dana White hereby submit their Motion to Stay Discovery Pending Ruling on Motion to Dismiss.

## INTRODUCTION

Defendants Zuffa, LLC ("Zuffa") and Dana White ("White") move pursuant to Federal Rule of Civil Procedure 26(c) as well as *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and its progeny for an order staying discovery pending resolution of their Motion to Dismiss ("Motion to Dismiss"). The Motion to Dismiss would be dispositive of the case if granted as it seeks dismissal of the Complaint in its entirety. Plaintiff Mark Hunt ("Hunt") should not be

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 ● Fax: 702.382.0540
www.campbellandwilliams.com

permitted to subject Defendants and potentially third-parties to wide-ranging, costly and burdensome discovery unless and until the Court determines that his Complaint can survive a motion to dismiss. Even if the Complaint survives in whole or in part, the Court's evaluation of the strained allegations contained therein will undoubtedly be useful in limiting and guiding any discovery that does take place. Briefing on the Motion to Dismiss is now complete, so even if the Motion is ultimately denied, any delay in discovery due to a stay is unlikely to be lengthy and will not be prejudicial. This is reinforced by the fact that the District Court has already set a hearing on the Motion for May 15, 2017. Under the circumstances of this RICO case, therefore, the most just and efficient course under Rule 1 of the Federal Rules of Civil Procedure is to stay discovery pending resolution of the Motion to Dismiss.

## PROCEDURAL BACKGROUND

Hunt, a professional mixed martial arts ("MMA") fighter, filed his Complaint on January 10, 2017, alleging that Zuffa (Hunt's fight promoter), White (Zuffa's President), retired MMA fighter Brock Lesnar ("Lesnar"), and others have operated as an associated-in-fact enterprise to perpetrate a scheme whereby Zuffa has knowingly pitted drug-doping fighters against Hunt. The Complaint alleges eight causes of action, the bulk of which are centered on both the federal and state versions of the Racketeer Influenced and Corrupt Organizations statutes otherwise known as RICO. *See* ECF No. 1 ("Comp.") ¶¶ 89-156. After Hunt, Zuffa, and White stipulated to service issues and an extension of time to respond to the Complaint, *see* ECF No. 9, Zuffa and White filed their Motion to Dismiss on February 28, 2017. *See* ECF No. 11. Hunt filed his Response to the Motion on March 21, 2017, *see* ECF No. 19, and Zuffa and White filed their Reply on April 7,

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222  ●  Fax: 702.382.0540
www.campbellandwilliams.com

2017. *See* ECF No. 38.  The District Court has set a hearing on the Motion to Dismiss for May 15, 2017. *See* ECF No. 13.[1]

On April 13, 2017, the parties held a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.  Zuffa and White advised Hunt that they believed discovery should be stayed pending resolution of the dismissal motions filed by all three Defendants.  Hunt disagreed.  The parties agreed that Zuffa and White would file a motion to stay discovery the week of April 17, 2017, and Lesnar advised that he planned to join the motion.

## ARGUMENT

**A.     As in Antitrust Actions, a Viable Complaint Is Required Before Imposing the Massive Burdens of Discovery in a RICO Action.**

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that plaintiffs in antitrust actions should present a viable complaint before they are entitled to proceed with burdensome and expensive discovery. *Id.* at 555-56.  In *Twombly*, plaintiffs brought antitrust claims against several of the incumbent regional Bell operating companies that dominated landline telephone service in their respective regions, alleging a wide range of purported anticompetitive activity. *Id.* at 549-51.  In upholding the dismissal of the complaint without discovery, the *Twombly* Court emphasized the importance of rooting out groundless complaints before discovery commences.  When "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* at 558 (quoting 5 WRIGHT & MILLER § 1216, at 233-34 (3d ed. 2004)).  The Court recognized the inherent unfairness of subjecting defendants to intrusive discovery absent a viable pleading,

---

[1] Defendant Lesnar was not served with process until March 2, 2017.  ECF No. 21.  Lesnar filed his own motion to dismiss on March 29, 2017, *see* ECF No. 30, which Hunt has opposed.  ECF No. 42.  Lesnar's motion has likewise been set for hearing on May 15, 2017. *See* ECF No. 46.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 ● Fax: 702.382.0540
www.campbellandwilliams.com

observing that active discovery can account for as much as 90 percent of the costs of a litigation and warning trial courts not "to forget that proceeding to antitrust discovery can be expensive." *Id.* at 558-59; *see also Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1027 (D. Nev. 2013) ("in the antitrust context . . . 'the long drawn out process of discovery can be both harassing and expensive'") (quoting *Franchise Realty Interstate Corp. v. San Francisco Local Joint Exec. Bd. of Culinary Workers,* 542 F.2d 1076, 1082 (9th Cir. 1976)).

The teaching of *Twombly* has been specifically applied in the RICO context.  *See, e.g., Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797 (7th Cir. 2008).  In affirming the dismissal of a RICO complaint for failure to state a claim without providing the opportunity to conduct discovery, Judge Posner, writing for the Seventh Circuit Court of Appeals aptly observed:

> The [*Twombly*] Court was concerned lest a defendant be forced to conduct expensive pretrial discovery in order to demonstrate the groundlessness of the plaintiff's claim.  But the concern is as applicable to a RICO case, which resembles an antitrust case in point of complexity and the availability of punitive damages and attorney's fees to the successful plaintiff.  RICO cases, like antitrust cases, are 'big' cases and the defendant should not be put to the expense of big-case discovery on the basis of a threadbare claim.

*Id.* at 803 (internal citations omitted).  Another court has similarly described racketeering allegations as "thermonuclear" and, thus, adopted a standing order staying discovery in RICO actions pending resolution of motions to dismiss given the court's experience of "bogus RICO claims [filed] for the purpose of (1) obtaining federal jurisdiction over an action that belongs in the state courts, and/or (2) extracting a coercive settlement due to the *in terrorem* nature of labeling someone as a racketeer." *Major, Lindsey & Africa, LLC v. Mahn*, 2010 WL 3959609, at *6 (S.D.N.Y. Sept. 7, 2010).  That description is certainly appropriate here.

Staying discovery pending a determination as to the validity of Hunt's Complaint will reduce the likelihood that parties and non-parties expend large amounts of time and money

conducting unnecessary discovery.  Courts in this Circuit have long recognized and applied this rationale for a stay of discovery.  In *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987), the Ninth Circuit affirmed the dismissal of state and federal antitrust claims, as well as the district court's refusal to allow plaintiff to conduct discovery for the purpose of enabling it to amend the complaint.  The court explained that the "purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Id.* at 738.  Because the unusually heavy burdens of RICO litigation parallel those in antitrust actions, the "sounder practice" is "to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Id*.  A stay is no less appropriate in this case.  Resolving the Motion to Dismiss before permitting the sprawling, expensive RICO discovery would ensure the most efficient use of the Court's, the parties', and non-parties' time and resources.

**B.     Staying Discovery Pending Resolution of the Motion to Dismiss is the Most Just and Efficient Way to Proceed.**

The federal courts' "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936).  "The district court has wide discretion in controlling discovery. . . ." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).  "In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the

just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (quoting Fed. R. Civ. P. 1).

"Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed." *McGee v. Donahoe*, 2014 WL 4829642, at *2 (D. Nev. Sept. 30, 2014). "First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought." *Id.* "Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery." *Id.; see also*; *Trzaska v. Int'l Game Tech.*, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011). "When applying this test, the court must take a 'preliminary peek' at the merits of the dispositive motion to assess whether a stay is warranted." *McGee*, 2014 WL 4829642, at *2 (quoting *Tradebay*, 278 F.R.D. at 600).[2] If the "preliminary peek" into the merits of the underlying motion to dismiss raises a "real question" about the merits of a plaintiff's action, the Court in its discretion may grant a stay where it would be "more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case," consistent with Rule 1. *Davis v. Nevada*, 2014 WL 1308347, at **2-4 & nn.2-3 (D. Nev. Mar. 31, 2014).[3]

Where a stay is consistent with the directive of Rule 1, and a party satisfies the two-factor test, a stay should be granted. *Abrego v. United States Bank Nat'l Ass'n*, 2014 WL 374755, at

[2]  The "'preliminary peek' at the merits of the underlying motion is not intended to prejudge its outcome. Rather this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1," *Tradebay*, 278 F.R.D. at 602-03, that is, achieving a "just, speedy and inexpensive" resolution of the action.

[3]  While certain opinions from this district state that the court should be "convinced" that the complaint will not withstand the motion to dismiss before all discovery should be stayed, *see, e.g., Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013), subsequent decisions have concluded that the "convinced" standard is interchangeable with the "real question" standard, finding that regardless of the particular term used, a preliminary peek at the merits should factor into the court's exercise of its discretion in determining the most just and efficient result under Rule 1. *Davis*, 2014 WL 1308347, at **3-4 & nn.2-3.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222  •  Fax: 702.382.0540
www.campbellandwilliams.com

**1-2 (D. Nev. Jan. 31, 2014) ("If the party moving to stay satisfies both prongs, a protective order may issue") (quoting *Tradebay*, 278 F.R.D. at 602).   As set forth below, Zuffa easily satisfies both prongs of the two-part test.

### 1.   Zuffa's Motion to Dismiss Would Be Dispositive of the Entire Case.

Zuffa meets the first factor of the two-part test because Zuffa's Motion to Dismiss would be dispositive of Hunt's entire case.   Plaintiff's Complaint asserts four RICO-based claims, three contract and quasi-contractual claims, and one negligence claim.   The Motion to Dismiss is directed at all of Hunt's claims and would completely resolve the case if granted.   *Puckett v. Schnog*, 2013 WL 1874754, at **1-2 (D. Nev. May 3, 2013) (defendant met its burden for this portion of the test where defendant moved to dismiss the Complaint in its entirety); *see also Aguirre v. S. Nevada Health Dist.*, 2013 WL 6865710, at *2 (D. Nev. Dec. 30, 2013).

"With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a potentially dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603.   Here, a brief stay of discovery to prevent the exorbitant costs of extensive discovery pending resolution of a potentially dispositive motion is a just and efficient result.   *Twombly*, 550 U.S. at 558 ("[T]he costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint") (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

### 2.   Discovery Is Not Necessary for Resolution of the Motion to Dismiss.

The second factor of the test is also met because discovery is not necessary for resolution of the Motion to Dismiss.   "In considering a motion to dismiss under Federal Rule of Civil

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222  •  Fax: 702.382.0540
www.campbellandwilliams.com

Procedure 12(b)(6), the court asks only whether the pleadings are sufficient to establish a claim, not whether the Plaintiff could find evidence to support the pleadings." *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).   The issues raised in the Motion to Dismiss are legal in nature and based on Plaintiff's failure to state a claim on which relief can be granted under Rule 12(b)(6).  Where a complaint is challenged as "deficient as a matter of law," discovery is not required for the resolution of that motion. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *see Twombly*, 550 U.S. at 556; *cf. DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) ("the price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome.") (emphasis in original).  Discovery is simply not necessary to resolve the Motion to Dismiss.

Moreover, several of Hunt's claims are premised on his contracts with Zuffa.  Hunt, of course, has full access to his contracts with Zuffa without discovery.  Indeed, he has attached them to an Appendix filed concurrently with the Complaint.  *See* ECF No. 1-7.  The same is true with respect to Hunt's claims premised on the UFC's Anti-Doping Policy and the purportedly fraudulent statements made by Defendants.  These materials are publicly available on-line and were already quoted (in part) or otherwise linked in Hunt's Complaint.  *See* Comp. ¶¶ 13; 16; 41; 51.  Hunt, stated differently, already has many of the documents upon which his core allegations are purportedly based as well as information from a wide variety of public sources.

### 3.   A "Preliminary Peek" into the Merits of the Motion to Dismiss Raises a "Real Question" as to the Merits of Hunt's Claims.

A "preliminary peek" into the merits of the Motion to Dismiss reveals multiple grounds upon which Hunt's action is "likely to either be dismissed in its entirety or at least reduced in scope." *Davis*, 2014 WL 1308347, at *5.  Zuffa and White will not reargue the Motion to

Dismiss in this Motion but respectfully refer the Court to that filing and accompanying papers. Suffice it to say that their Motion to Dismiss is based, not on technical pleading issues, but on the Complaint's failure with regard to fundamental elements of Hunt's RICO claim, including the essential elements of, *inter alia*, cognizable RICO injury and proximate causation. *See* MTD (ECF No. 11) at 10-16. The Motion to Dismiss further demonstrates that, like the plaintiffs in *Twombly,* Hunt relies predominantly on the invocation of conclusory RICO terms of art or implausible claims that are not supported by factual allegations. *Id.*

Regarding Hunt's state law claims, the Complaint fails to allege with the required particularity any specific false representations upon which Hunt relied, any false writing, or the concrete financial loss necessary to support Hunt's predicate claims for statutory fraud, obtaining something of value by false pretenses, or conspiracy to commit the foregoing criminal acts. *Id.* at 16-19. Hunt's pleading deficiencies likely stem from the fact that Zuffa paid Hunt what was owed to him under the parties' contracts, a fact which Hunt admits. *See* Comp. ¶ 73.

As for his contractual and quasi-contract claims, Hunt never identifies a single provision of the parties' contracts that was purportedly breached. *See* MTD at 19-20. Because the relationship between Hunt and Zuffa is governed by written agreements, Hunt's quasi-contractual claim for unjust enrichment also fails as a matter of law. *Id.* at 21-22. Finally, Hunt's negligence claim is barred by Hunt's express assumption of the risk contained the parties' contracts, *see id.* at 22-24, and/or Nevada's economic loss doctrine. *See* Reply (ECF No. 38) at 13.

Because resolution of these issues and the other issues raised by the Motion to Dismiss will dispose of this case in its entirety or at least reduce the scope of Plaintiff's claims and any concomitant discovery, a "preliminary peek" into the Motion to Dismiss supports granting a stay of discovery pending its resolution.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 ● Fax: 702.382.0540
www.campbellandwilliams.com

### 4.    All Other Factors Warrant Granting a Stay Pending the Motion to Dismiss.

The other factors that Nevada courts and the Ninth Circuit consider in deciding whether to stay discovery also favor a stay here.  These factors include:  (1) "the type of pending dispositive motion and whether it is a challenge as a matter of law or to the sufficiency of the complaint allegations"; (2) "the nature and complexity of the action"; (3) "whether counterclaims or cross-claims have been interposed"; (4) "whether some or all of the defendants join in the request for the stay"; (5) "the posture or stage of the litigation"; (6) "the expected extent of discovery in light of the number of parties and complexity of the issues in the case"; and (7) "any other relevant circumstances."  *Tradebay*, 278 F.R.D. at 602; *accord Davis*, 2014 WL 1308347, at *4 (quoting 6 Moore's Federal Practice, § 26.105[e][c] (3d. ed. 1977)).  Consistent with Rule 1, the Ninth Circuit has held that a stay of discovery is appropriate where it furthers "the goal of efficiency for the court and litigants."  *Little*, 863 F.2d at 685.

### a.    *The type of pending dispositive motion warrants a stay.*

That Zuffa and White have filed a motion to dismiss rather than a motion for summary judgment favors a stay.  A motion to dismiss is significantly different from a motion for summary judgment in that the "former merely delays the beginning of discovery; the latter disrupts discovery that is in progress and risks protecting discoverable information from disclosure."  *United States Commodity Futures Trading Comm'n v. Banc de Binary, Ltd.*, 2015 WL 225419, at *2 (D. Nev. Jan. 15, 2015).  "As a result, a discovery stay pending a motion to dismiss may result in 'the just, speedy, and inexpensive determination of [an] action' because discovery is costly and unnecessary to adjudicate a merited motion to dismiss."  *Id.*

Page 10 of 14

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 ● Fax: 702.382.0540
www.campbellandwilliams.com

**b.** ***The nature and complexity of the issues and the extent of discovery warrants a stay.***

In evaluating a motion to stay, the Court can assess issues involving the complexity of the action and the extent of discovery sought in light of the complexity of the action. *Tradebay*, 278 F.R.D. at 602. Here, as discussed, Plaintiffs make sweeping allegations that Zuffa has engaged in an array of repeated and continuing quasi-criminal conduct with multiple third parties designed to pit drug-doping fighters against clean athletes for the sake of preserving the company's profits and enabling it to be sold for billions of dollars in 2016. In short, Hunt's Complaint includes a wide range of allegations affecting multiple aspects of Zuffa's business going back many years.

Given the unique burdens of an expensive RICO complaint like this one, a stay of discovery will maximize efficiency in the litigation. *See, e.g., Guarjado v. Martinez*, 2015 WL 12831683, at *2 (S.D. Tex. Dec. 22, 2015) (granting discovery stay in RICO action pending resolution of Rule 12(b)(6) motion; "[b]ecause Plaintiffs allege complex claims under civil RICO, Defendants' concerns about the cost and inconvenience of discovery are reasonable."); *Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016) (staying "significant burden" of discovery related to RICO claims pending resolution of motion to dismiss); *Major, Lindsey & Africa, LLC v. Mahn*, 2010 WL 3959609, at *6 (adopting standing order staying discovery in RICO actions); *see also Johnson v. Cheryl*, 2013 WL 129383, at *4 (D. Nev. Jan. 9, 2013) (staying discovery "in order to reduce costs and increase efficiency"); *In re Graphics Processing Units Antitrust Litig.* ("GPU"), 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) ("adjudicating the motions to dismiss will shed light on the best course for discovery").

As noted, if the Motion to Dismiss is granted, the need for discovery will be eliminated in its entirety. Even if some aspects of the Complaint survive, the scope of discovery may be more narrowly tailored and the discovery negotiations more focused, depending on the Court's guidance on the legal sufficiency of Plaintiff's various allegations. *See GPU,* 2007 WL 2127577, at *5 ("If, among other possible outcomes, the complaint proves to be solid save for perhaps a single soft element for which evidence would normally be outside the reach of plaintiffs' counsel without discovery, then it may be that a narrowly-directed and less burdensome discovery plan should be allowed with leave to amend to follow").

Plaintiff has not identified any testimony that needs to be immediately preserved. As a result, there is "no urgent need for immediate discovery." *Id.* As the *GPU* court explained, where there is no provisional relief being sought or a need for witness testimony to be preserved due to ill health, there is enough time "to critique the complaint and to then consider the best course for discovery." *Id.* This is particularly true here where Hunt appears to be taking the position that, because he alleges a continuing violation, he believes Zuffa should be required to produce documents created after the filing of the Complaint until some as-yet-undefined point in the future.

### c. *None of the other parties have asserted claims in this action.*

None of the parties in this action, *i.e.*, Defendants Zuffa, White, and Lesnar, have asserted any counterclaims or crossclaims. Thus, a stay of discovery will not disrupt any proceedings associated with claims being pursued by any parties other than Hunt as all Defendants seek dismissal of the Complaint. *See Tradebay,* 278 F.R.D. at 602; *compare Hachette Distribution, Inc. v. Hudson Cty. News Co.*, 136 F.R.D. 356, 358–59 (E.D.N.Y. 1991) (denying motion to stay discovery where two other defendants had not sought dismissal of the complaint and were already engaged in discovery).

### d. *Defendant Lesnar has advised of his intent to join this motion.*

Defendant Lesnar, through his counsel, has advised the other parties of his intent to join this Motion given that he has likewise sought dismissal of Hunt's entire Complaint. Because all Defendants agree that discovery should be stayed pending resolution of the motions to dismiss, this is another factor favoring a stay of discovery. *See Tradebay*, 278 F.R.D. at 602.

### e. *The early stage of the case augurs in favor of a stay and does not prejudice Plaintiff.*

Another factor courts may consider in a motion to stay discovery is the stage of the litigation. *Tradebay*, 278 F.R.D. at 602. This case is in its infancy. Plaintiff's Complaint was filed in January 2017. No trial date or discovery deadlines have been set, and the parties have yet to face the massive burden of collecting potentially millions of pages of documents, both electronic and hard copy, reviewing them for responsiveness and privilege, and producing them. This is not a case where a stay of discovery is sought midstream. Where, as here, Plaintiff is not "prejudiced by the delay required to determine whether this case should be dismissed as a matter of law," a motion to stay is appropriate. *Morrison v. Quest Diagnostics Inc.*, 2015 WL 1640460, at *3 (D. Nev. Apr. 9, 2015).

### CONCLUSION

For all the foregoing reasons, Zuffa and White respectfully request that this Court stay discovery until after the Court issues a decision on their Motion to Dismiss.

DATED this 20th day of April, 2017.

CAMPBELL & WILLIAMS

By___/s/ J. Colby Williams_____
    DONALD J. CAMPBELL, ESQ. (#1216)
    J. COLBY WILLIAMS, ESQ. (#5549)

*Attorneys for Defendants*
*Zuffa, LLC and Dana White*

Page 13 of 14

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing **Defendants Zuffa, LLC's and Dana White's Motion to Stay Discovery Pending Ruling on Motion to Dismiss** was served on the 20th day of April, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ J. Colby Williams*
An employee of Campbell & Williams
