PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 240-7979
Fax: (866) 412-6992
-and-
HOWARD L. JACOBS, ESQ.
howard.jacobs@athleteslawyer.com
Law Offices of Howard L. Jacobs
2815 Townsgate Road, Suite 200
Westlake Village, California 91361
Tel: (805) 418-9892
Fax: (805) 418-9899
*Attorneys for Defendant Brock Lesnar*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARK HUNT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, a Nevada limited liability Company; BROCK LESNAR, an individual; and DANA WHITE, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:17-cv-00085-JAD-CWH<br><br>**DEFENDANT BROCK LESNAR'S REPLY IN SUPPORT OF AMENDED MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) [ECF No. 30]** |

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT..........................................................................................................................2

   A. MARK HUNT'S RICO CLAIM STILL FAILS DESPITE HIS EFFORT TO WEAVE BROCK LESNAR INTO A FARCICAL RICO ALLEGATION ...............................................2

      1. *Plaintiff Fails To Allege Injury and Causation* ...............................................2

      2. *Plaintiff Still Fails to Adequately Plead the Intent Necessary for Allegations of Fraud.* ...........4

      3. *Plaintiff is Required to Plead Specific False Pretenses Allegations.*.........................................5

      4. *Plaintiff Remains Unable to Adequately Plead Racketeering or a Conspiracy to do So*...........6

      5. *Plaintiff's "Closed-Ended" Continuity is Not Applicable to Mr. Lesnar.* ................................6

      6. *Plaintiff is Unable to Allege a RICO Enterprise or Conspiracy against Brock Lesnar*.............7

   B. PLAINTIFF REMAINS UNABLE TO ESTABLISH PROXIMATE CAUSE ..................7

   C. PLAINTIFF'S STATUTORY CLAIMS AGAINST BROCK LESNAR REMAIN DEFICIENT .................................................................................................................................8

   D. PLAINTIFF'S CLAIM OF FRAUD IS NOT WELL-PLED ............................................9

   E. PLAINTIFF'S CLAIM OF FALSE REPRESENTATIONS IS NOT WELL-PLED.......11

   F. PLAINTIFF'S CLAIM OF UNJUST ENRICHMENT IS NOT WELL-PLED ...............12

III. CONCLUSION .................................................................................................................13

# TABLE OF AUTHORITIES

**CASES**

Anza v. Ideal Steel Supply Corp, 547 U.S. 451 (2006) ................................................................. 7

Atlantic Gypsum Co. v. Lloyds Int'l Corp., 753 F. Supp. 505 (S.D.N.Y. 1990) ........................... 5

Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008) .............................................. 2, 3, 11

Hale v. Burkhardt, 764 P.2d 866 (Nev. 1988) ......................................................................... 5, 11

Hemi Group, LLC v. City of New York, 559 U.S. 1 (2010) .......................................................... 8

Hishon v. King & Spalding, 467 U.S. 69 (1984) ........................................................................... 2

In re Wal-Mart, 490 F. Supp. 2d at 1125 (D. Nev. 2007) ........................................................... 12

Kennedy v. Carriage Cemetery Services, Inc., 727 F.Supp.2d 925 (D. Nev. 2010) ................... 12

Mendoza v. Zirkle Fruit Co., 301 F.3d 1163 (9th Cir. 2002) ........................................................ 2

Nelson v. Heer, 123 Nev. 217 (2007) .......................................................................................... 11

Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n, 298 F.3d 768 (2002) .......................... 8

Religious Technology Center v. Wollersheim, 971 F.2d 364 (9th Cir. 1992) ............................... 6

Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2007) ...................................................................... 2

Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137 (2007) .................................................. 8

Topaz Mut. Co., Inc. v. Marsh, 839 P.2d 606 (Nev. 1992) .................................................... 12, 13

United States v. Concemi, 957 F.2d 942 (1st Cir. 1992) ............................................................... 7

United States v. Cusino, 694 F.2d 185 (9th Cir. 1982) ................................................................. 5

United States v. Guadagna, 183 F.3d 122 (2d Cir. 1999) ............................................................. 5

United States v. Hubbard, 96 F.3d 1223 (9th Cir. 1996) .............................................................. 5

United States v. Tille, 729 F.2d 615 (9th Cir. 1984) ..................................................................... 8

United States v. Turkette, 452 U.S. 576 (1981) ............................................................................ 7

Virden v. Graphics One, 632 F.Supp. 1417 (C.D. Cal. 1985) ...................................................... 5

**STATUTES**

18 U.S.C. § 1961 ....................................................................................................................... 6, 7

18 U.S.C. § 1962..................................................................................................................1, 6

18 U.S.C. § 1964.....................................................................................................................1

**RULES**

Fed.R.Civ.P. 8.........................................................................................................................2

Fed.R.Civ.P. 9.........................................................................................................................4

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

## I. INTRODUCTION

Brock Lesnar's Motion (ECF No. 30) enumerated multiple grounds upon which Plaintiff's RICO claims fail – today and forever. Hunt repeatedly, yet incorrectly, challenges the legal standards upon which Mr. Lesnar relies in support of his Motion. Furthermore, Mr. Hunt incorrectly states that with respect to the allegations that do not include Mr. Lesnar, this Court must consider the "entire story,", essentially ignoring the requirement that his claims be pled with particularity. Particularity of course assumes specificity, such that claims alleged against one defendant cannot establish a viable claim or claims against an entirely different defendant.

Mr. Lesnar also joins in Zuffa, LLC and Dana White's Reply (ECF No. 38) on the grounds that Mr. Hunt has failed to show any injury to a cognizable business or property interest required for RICO Standing under 18 U.S.C. § 1964(c). Mr. Hunt's attempts to amend his Complaint by adding new allegations in his Oppositions to the Motions to Dismiss are patently inappropriate and must be disregarded for the purpose of these Motions. Notwithstanding these efforts, however, Mr. Hunt still fails to adequately plead a RICO claim on the following grounds:

- Plaintiff has failed to adequately plead any predicate RICO offense – in this case, fraud;

- Plaintiff has not, and cannot, plead a "pattern or racketeering activity" within the meaning of 18 U.S.C. § 1962 (c);

- Plaintiff has failed to adequately plead a RICO "enterprise;" and

- Plaintiff has failed to adequately plead a RICO conspiracy.

Without repeating arguments already made, Mr. Lesnar maintains that Mr. Hunt cannot show that Mr. Lesnar was part of a RICO Enterprise, has failed to adequately plead intent, has failed to adequately plead wire fraud, has failed to adequately plead a pattern of racketeering activity, and has failed to adequately plead that Mr. Lesnar conspired to violate RICO.

Furthermore, Mr. Hunt's state law claims remain unpersuasive in light of his failure to adequately plead a RICO claim.

## II.   ARGUMENT

### A.   MARK HUNT'S RICO CLAIM STILL FAILS DESPITE HIS EFFORT TO WEAVE BROCK LESNAR INTO A FARCICAL RICO ALLEGATION

In response to Mr. Lesnar's Motion to Dismiss, the best that Mark Hunt can offer is his claim that the complaint was mischaracterized and that Mr. Lesnar asks this Court to "draw inferences from the factual allegations" that are contrary to 'what those facts plainly demonstrate" (ECF No. 42 at p. 2). This is false; Mr. Hunt is the one asking this Court to infer a grandiose RICO scheme based off of a fairly routine set of business transactions and the related media attention that UFC fans and sports broadcasters demand.

Under a simplified standard for pleading set forth in the Federal Rules of Civil Procedure, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2007); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Mr. Lesnar certainly does not dispute the simplified pleading standard established by Fed.R.Civ.P. 8(a), but Mr. Hunt is nevertheless unable to demonstrate any relief that could be granted under the facts which he has pled[1], and in the interest of this Court's time and resources, his complaint should be dismissed.

#### 1.   Plaintiff Fails to Allege Injury and Causation

Mark Hunt has only now alleged injury to his business or property in response to the Motion filed by Zuffa, LLC and Dana White (See ECF No. 19). First, Plaintiff relies upon Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 648 (2008) and Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1168 (9th Cir. 2002) for his new assertion that the lost opportunity to

---

[1] Brock Lesnar Joins in Defendants Zuffa, LLC's and Dana White's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 11] at IA & B and IIA and the Reply of Zuffa LLC and Dana White [ECF No. 38] at IA, IB, IIA respectively. His Joinder is submitted concurrently herewith.

2

acquire valuable rights satisfies his RICO "injury to business or property" requirement. However, a close examination of Bridge, supra, shows that the discussion that Plaintiff relies upon actually addresses the *mail fraud* issue, with a summary conclusion that the loss of the opportunity to acquire valuable liens in that case constituted a RICO "injury":

> "They allege that petitioners devised a scheme to defraud when they agreed to submit false attestations of compliance with the Single, Simultaneous Bidder Rule to the county. In furtherance of this scheme, petitioners used the mail on numerous occasions to send the requisite notices to property owners. Each of these mailings was an "act which is indictable" as mail fraud, and together they constituted a "pattern of racketeering activity." By conducting the affairs of their enterprise through this pattern of racketeering activity, petitioners violated § 1962(c). As a result, respondents lost the opportunity to acquire valuable liens."

Furthermore, it is worth noting that the business opportunity that was lost in Bridge was very precisely identified:

> "Each year the Cook County, Illinois, Treasurer's Office holds a public auction at which it sells tax liens it has acquired on the property of delinquent taxpayers. Prospective buyers bid on the liens, but not in cash amounts. Instead, the bids are stated as percentage penalties the property owner must pay the winning bidder in order to clear the lien. The bidder willing to accept the lowest penalty wins the auction and obtains the right to purchase the lien in exchange for paying the outstanding taxes on the property. The property owner may then redeem the property by paying the lienholder the delinquent taxes, plus the penalty established at the auction and an additional 12% penalty on any taxes subsequently paid by the lienholder. If the property owner does not redeem the property within the statutory redemption period, the lienholder may obtain a tax deed for the property, thereby in effect purchasing the property for the value of the delinquent taxes."

Id. at 642. In contrast to Bridge, Plaintiff alleges lost opportunity to acquire valuable rights in the most vague and conclusory terms. Bridge does not stand for the proposition for which Plaintiff claims it stands – namely, that any vague allegation of lost opportunity to acquire valuable rights satisfies the pleading requirements for a valid RICO claim.

Next, Plaintiff relies upon Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1168 (9th Cir. 2002) for his new assertion that a lost legal entitlement to unhampered business relations satisfies his RICO "injury to business or property" requirement.  (See ECF 42 at 3-4).  As with

3

*Bridge*, Plaintiff's reliance on Mendoza is misplaced.  First, Mendoza, supra at 1169, reaffirms that alleged RICO damages cannot be "too remote," relying on the following 3-part test:

> (1) whether there are more direct victims of the alleged wrongful conduct who can be counted on to vindicate the law as private attorneys general; (2) whether it will be difficult to ascertain the amount of the plaintiff's damages attributable to defendant's wrongful conduct; and (3) whether the courts will have to adopt complicated rules apportioning damages to obviate the risk of multiple recoveries.

On the first question, the Court in Mendoza found that the Plaintiffs were directly affected, because the defendants' hiring of undocumented immigrants directly suppressed their wages as documented workers.  Id. at 1170.  Here, Mark Hunt cannot possibly make such a claim, having directly negotiated his earnings with Zuffa.  On the second question – the speculative nature of the harm – the Court found that the damages were not overly speculative because "the employees allege that the growers singularly have the ability to define wages in this labor market, akin to monopsony or oligopsony power."  Id. at 1171.  In contrast, Mr. Hunt's claimed injury is swimming in a sea of speculation, for reasons set forth in the original Motion that will not be repeated herein.  On the third and final question - whether the courts will have to adopt complicated rules apportioning damages to obviate the risk of multiple recoveries – the Court in Mendoza stated that "no other potential plaintiffs emerge with clarity." Id.  The same cannot be said for Mr. Hunt, who is one of many fighters under contract with Zuffa.

Furthermore, as extensively explained in Zuffa LLC. and Dana White's Reply (See ECF 38 at pp. 1-6), these allegations are expansions on Plaintiff's alleged injuries and were not pled in Plaintiff's Complaint. Therefore, this Court should disregard any amplified or new allegations made by Plaintiff in that vein.

### 2. Plaintiff Still Fails to Adequately Plead the Intent Necessary for Allegations of Fraud.

Plaintiff assails Mr. Lesnar's reliance upon a plethora of case law which sets out the pleading standards for fraud under Fed.R.Civ.P. 9, then repeats incoherent claims of Mr.

Lesnar's alleged intentional doping and the UFC's alleged knowledge and purported reckless indifference. Mr. Lesnar respectfully reminds this Court that, in order to plead fraud, a plaintiff must plead "facts giving rise to a strong showing of scienter," and the scienter required is fraudulent intent. See United States v. Guadagna, 183 F.3d 122, 129 (2d Cir. 1999); United States v. Cusino, 694 F.2d 185, 187 (9th Cir. 1982) This Court should not mistake Plaintiff's mere conclusory claims as a sufficient allegation of intent. ECF No 42 at 6:20.

Even if this Court could stretch the boundaries of common sense and *infer* that Mr. Lesnar had a motive to commit fraud (See Atlantic Gypsum Co. v. Lloyds Int'l Corp., 753 F. Supp. 505, 513 (S.D.N.Y. 1990), as Mr. Hunt suggests to make a "boatload of money," the facts upon which he relies remain shaky, at best. It goes without saying that MMA fighters are motivated at least in part by money; they simply would not risk sacrificing their well-being otherwise. ECF No. 42 at 7:4. This still does not show the intent necessary to defraud Plaintiff. See United States v. Hubbard, 96 F.3d 1223 (9th Cir. 1996); Virden v. Graphics One, 632 F.Supp. 1417, 1422 (C.D. Cal. 1985). Furthermore, if this Court is to consider Mr. Lesnar's statements made on ESPN, then it surely must equally consider Mr. Hunt's statements about Mr. Lesnar's alleged pre-fight doping, as discussed in further detail below.

### 3. **Plaintiff is Required to Plead Specific False Pretenses Allegations.**

The predicate act of false pretenses under NRS 205.380 must be evident in Plaintiff's RICO claim. Hale v. Burkhardt, 764 P.2d 866, 870 (Nev. 1988). As explained in further detail below, no matter which manner Plaintiff cares to paint the facts, it remains that other than Mr. Lesnar's alleged omission of using Clomiphene, Mr. Hunt cannot identify a single statement upon which he relied, nor can he demonstrate that he suffered any actionable loss under either federal or state law. Any failure by Mr. Hunt to specifically plead false pretenses must therefore result in dismissal of his claim.

/ / /

/ / /

### 4. **Plaintiff Remains Unable to Adequately Plead Racketeering or a Conspiracy to do So**

In spite of attempts in his Opposition to amend his claims against Mr. Lesnar, Plaintiff remains unable to allege a violation of 18 U.S.C. § 1962 (c), a "pattern of racketeering activity." See 18 U.S.C. § 1962 (c). It is undisputed that the United States Code defines "pattern of racketeering activity" as requiring "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." See 18 U.S.C. § 1961 (5). This requirement refers "either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with the threat of repetition." See H.J., Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 240-41 (1989). Plaintiff incorrectly states that the additional wire fraud acts lie in the advertisement during UFC 199, broadcast by television and on the internet, and Mr. Lesnar's participation in UFC 200. ECF No. 42 at 9:11-20. Mr. Lesnar fought pursuant to a contract with Zuffa, similar to Mr. Hunt. That contract required Mr. Lesnar to participate in promotions and advertisement, just as Mr. Hunt's contract required. Mr. Lesnar cannot be subject to allegations of wire fraud for events over which he had no ability to personally control media coverage.

### 5. **Plaintiff's "Closed-Ended" Continuity is Not Applicable to Mr. Lesnar.**

Absent any "bright line" requirement for continuity, as Plaintiff suggests he is entitled to under Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1527 (9th Circ. 1995), the closed ended continuity which Mr. Hunt identifies in his Opposition [ECF No. 42 at 10:16] remains inapplicable to Mr. Lesnar for the duration beyond that which is relevant to UFC 200. Neither the UFC's alleged long-term scheme to pit doping athletes against Mark Hunt (even if true), nor Lesnar's retirement purportedly affording him the ability to absolve himself of the consequences of his positive test (which it does not, as Mr. Lesnar has already explained), are a valid basis for Mr. Hunt's arbitrary assertion that his allegation of closed-ended continuity "exceeding five-years" applies to Mr. Lesnar. See ECF No. 42 at 10:25-26.

6

Furthermore, there is no "open-ended" continuity applicable to Mr. Lesnar because his sanction does not run during the period of his UFC retirement, as Mr. Hunt incorrectly seems to suggest. See ECF No. 42 at 11. There is therefore no "continuing threat" that Mr. Lesnar will return to fight in the UFC because his suspension will not start to run unless and until he "unretires."

### 6. Plaintiff is Unable to Allege a RICO Enterprise or Conspiracy against Brock Lesnar.

In order to claim a RICO violation, Plaintiff must adequately allege the existence of an "enterprise." A RICO "enterprise" is defined as either: (1) "any individual, partnership, corporation, association, or other legal entity;" or (2) "any union or group of individuals associated in fact although not a legal entity." See 18 U.S.C. § 1961 (4). In order to adequately plead an association-in-fact enterprise, Plaintiff must establish "a group of persons associated together for a common purpose of engaging in a course of conduct." United States v. Turkette, 452 U.S. 576, 583 (1981). As an alternative to pleading the requisite acts, Mark Hunt alleges a RICO conspiracy. As exhaustively stated in his Motion, Mr. Lesnar submits that Mr. Hunt still cannot show "conspiratorial agreement" even where it "need not be express so long as its existence can plausibly be inferred from the defendants' words and actions and the independence of activities and persons involved." United States v. Concemi, 957 F.2d 942, 950 (1st Cir. 1992). There remains no **plausible inference** that Mr. Lensar was either part of a RICO Enterprise or conspired to be a part of a RICO Enterprise.

### B. PLAINTIFF REMAINS UNABLE TO ESTABLISH PROXIMATE CAUSE

Even if Plaintiff is granted leave to amend his complaint, the chain of causation is simply too attenuated in this case to be actionable. In order to meet the causation requirement in a RICO action, in general, direct relationship must be shown between the injuries asserted by plaintiff and the injurious conduct alleged. See Anza v. Ideal Steel Supply Corp, 547 U.S. 451 (2006). In order to overcome the proximate causation "hurdle," Mr. Hunt may not merely eschew repetitious allegations of a scheme devised by Defendants of which he allegedly had no

7

knowledge of prior to his fight against Mr. Lesnar.[2]  There must be a clear and actual chain of causation.  Hemi Group, LLC v. City of New York, 559 U.S. 1, 9 (2010); Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1149 (2007); see also Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n, 298 F.3d 768 (2002) [Provision of RICO allowing recovery of damages by one injured in his business or property as a result of RICO violation contains a causation requirement; plaintiff must show that defendant's RICO violation was not only a "but for" cause of his injury, but that it was a proximate cause as well].

Even if this Court somehow finds that Mr. Hunt, in theory, could allege proximate causation, the fact remains that he (1) engaged in physical combat knowing the risks involved with such an inherently dangerous activity and (2) boasted that he assumed Mr. Lesnar was a doper and nevertheless wanted to fight him. Finally, Mr. Hunt still fails to explain how the trace amounts of a banned substance in Mr. Lesnar's system caused his loss to Defendant.

### C.  PLAINTIFF'S STATUTORY CLAIMS AGAINST BROCK LESNAR REMAIN DEFICIENT

Mr. Lesnar reiterates and maintains that Mr. Hunt's statutory RICO claim must fail absent a substantive RICO violation.  While Plaintiff suggests that this argument is invalid [ECF No. 42 at 12-13], the fact remains that, even under the 9th Circuit precedent offered by Plaintiff, his statutory claims still fail: "Proof of an agreement the objective of which is a substantive violation of RICO (such as conducting the affairs of an enterprise through a pattern of racketeering) is sufficient to establish a violation of section 1962(d).  It is **only when proof of such an objective is lacking that the evidence must establish the defendant's participation or agreement to participate in two predicate offenses.**"  United States v. Tille, 729 F.2d 615, 619 (9th Cir. 1984).

---

[2] Plaintiff's facts and allegations are moving targets that change from his Complaint to his Opposition.  It is unclear what he knew, when he knew it, what he relied upon, and how his reliance caused his alleged damages.  On one hand, he asserts that Mr. Lesnar's interview with ESPN (which took place before the fight) constituted a RICO violation and that he relied upon assertion made, but provided no evidence as to how, and attributed his damages to the results of the fight.  However, in Plaintiff's Opposition to Zuffa, LLC and Mr. White's Reply Brief [ECF No. 19 at 11:20-23] he claimed his injury "occurred prior to the beginning of the fight," see id. at 11:17-19.

8

The only "proof" that Plaintiff offers comes by way of bombastic claims that the Co-Defendants were so desperate for flash and cash amidst dwindling ratings that they conspired with Brock Lesnar to bring him out of retirement to fight Mark Hunt [all while they purportedly knew he was doping].  Evidently, despite his frequent participation in UFC events, Plaintiff was unaware of the $4 Billion sale of the UFC to private investors led by WME-IMG, which was *announced the very same weekend* that he fought Brock Lesnar, in addition to the fact that the UFC has seen an average growth rate of 14.6% over the past ten years.[3]  Or more likely, Mr. Hunt knows that his allegations are false, knows that the UFC is doing extraordinarily well, and simply wants a bigger piece of the pie than that which he negotiated.

### D.     PLAINTIFF'S CLAIM OF FRAUD IS NOT SUFFICIENTLY PLED

Plaintiff's arguments in favor of a "well-pled" fraud claim are difficult to follow, but are nonetheless addressed as follows.

First, Plaintiff seems to suggest that the specificity requirement for pleading fraud applies to a federal fraud claim but not to a state-law fraud claim.   There is no basis whatsoever for such a suggestion.

Second, Plaintiff suggests that his fraud claims are well-pled because he alleged omission of material facts under his state-law fraud claim.  He then summarized the alleged fraudulent omissions, as follows:

> 1)     That Lesnar should have disclosed that he was using prohibited Clomiphene performance enhancing substances or "Post Cycle Therapy drugs," citing to *49 consecutive paragraphs of the Complaint.* Interestingly, the phrase "Post Cycle Therapy drugs" does not even appear in any of the 49 different paragraphs of the Complaint to which Plaintiff cites.  Furthermore, within paragraphs 39-88 of the Complaint, paragraphs 39-65, 67-68, 71-75, 78-85, and 88 are unrelated these allegations.  The remaining few paragraphs (55, 69-70, 76-77 and 86-87) allege that Lesnar used banned substances and tested positive for clomiphene;

---

[3] See https://www.forbes.com/sites/chrissmith/2016/07/12/ufc-vs-wwe-how-much-more-is-real-fighting-worth/#716a01d850f0, Ex. N to Second Request for Judicial Notice, filed concurrently herewith.

9

conspicuously, they do not allege that he should have disclosed to Plaintiff that he "was using prohibited performance enhancing substances or Post Cycle Therapy drugs," nor is there any allegation that he had an obligation to make such a disclosure to Plaintiff.

      2)      That Lesnar and the remaining defendants should have disclosed to Plaintiff "that Defendants were conspiring in the RICO scheme," citing to the same *49 consecutive paragraphs of the Complaint.* However, close examination of the Complaint will reveal that there is no allegation of such a "failure to disclose," nor is there any allegation that Mr. Lesnar had an obligation to make such a disclosure to Plaintiff.

      3)      That "Lesnar, UFC and White each wrongfully failed to disclose information in violation of Nevada Revised Statutes, section 205.377," citing to par. 122-126 of the Complaint. However, close examination of the Complaint will reveal that there is no allegation of such a "failure to disclose" (with the exception of the two words (or omitted" at par. 123, which fails the particularity requirement), nor is there any allegation that Mr. Lesnar had an obligation to make such a disclosure to Plaintiff.

      4)      That "the information should have been disclosed to him prior to the UFC 200 bout. It was not disclosed and was actively concealed." This cites to the same paragraphs 39-88 of the Complaint that are discussed above, and the same deficiencies noted above apply here with equal force.

Furthermore, even if Mr. Lesnar intentionally violated the UFC Anti-Doping Rules, which he did not [as evidenced from the NSAC public records that Plaintiff somehow objects to despite the fact that this litigation is in direct response to Mr. Lesnar's adjudication for his positive test], Plaintiff still fails to coherently explain how this affected Plaintiff's "business, brand, sponsorship opportunities, and professional record. If anything, it was Mr. Lesnar's reputation that was under siege following UFC 200, and Mr. Hunt who received a plethora of additional publicity (much of it self-generated by this lawsuit).

10

### E. PLAINTIFF'S CLAIM OF FALSE REPRESENTATIONS IS NOT SUFFICIENTLY PLED

The "factual basis" of the false pretense claim, given its similarity to the other fraud claims, must be "set out with particularity." Hale at 869. Mr. Hunt must show that he relied upon false representations (See Bridge, 553 U.S. at 661). Though Plaintiff need not identify that he relied upon a false representation in order to plead mail or wire fraud under a RICO claim, he still must do so in pursuit of independent statutory actions. See Hale at 869 ["In reading each of the three supposedly criminal schemes set forth in the complaint, we are unable to determine just what, if any, untrue representations Burkhardt is charged with having criminally made to Hale. Even where conclusory statements hint at what might relate to some kind of misrepresentation, the statements are so lacking in content as to render them unintelligible as accusatory averments."].

Mr. Hunt then argues that this Court should not consider Mr. Hunt's pre-fight statement that Brock Lesnar was allegedly "juiced to the gills." ECF 30 at 17:23-24. The reason, Plaintiff states, is that the website Mr. Lesnar cites and the content therein is not subject to judicial notice. See ECF No 42 at 18:17. Plaintiff cannot use media statements as a sword on the one hand and then as a shield on the other. Simply stated, Mark Hunt's statement proves that he did not rely on any representations made by Mr. Lesnar on his doping form or otherwise[4], his false statements to this Court notwithstanding. Nelson v. Heer, 123 Nev. 217, 224 (Nev. 2007) ["With respect to the false representation element, the suppression or omission of a material fact which a party is bound in good faith to disclose is equivalent to a false representation, since it constitutes an indirect representation that such fact did not exist…With respect to the damage element, this court has concluded that the damages alleged must be **proximately caused** by reliance on the original misrepresentation or omission."] Proximate cause limits liability to foreseeable consequences that are reasonably connected to both the defendant's

---

[4] Furthermore, fighters do not review one another's pre-bout questionnaires or Doping Control Forms submitted by USADA. Therefore, Mr. Hunt would have no false representation to rely upon (aside from the fact that he cannot escape his pre-fight statement about Mr. Lesnar's supposed doping habits).

11

misrepresentation or omission and the harm the misrepresentation or omission created. Plaintiff is therefore unable to meet any of these basic requirements to show Mr. Lesnar (1) made a false representation and (2) that a false representation caused Plaintiff harm.

As exhaustively explained in Defendant's Motion, and incorporating the above arguments, Plaintiff has failed to plead his allegations of false pretenses with required specificity. Furthermore, Plaintiff offers no meaningful response to the fact that he fails to allege or identify any cognizable damages, an element required in statutory pleadings of both "Fraud" and "False Pretenses."

### F.   PLAINTIFF'S CLAIM OF UNJUST ENRICHMENT IS NOT SUFFICIENTLY PLED

Nevada law establishes a cause of action for unjust enrichment if a Defendant received property "against the fundamental principles of justice or equity and good conscience." In re Wal-Mart, 490 F. Supp. 2d at 1125 (D. Nev. 2007). However, this law is of no use to Plaintiff, for all of the reasons previously stated. Mr. Hunt attempts to make an equity claim against Mr. Lesnar, yet Mr. Hunt is the one who negotiated a deal with defendant Zuffa; he has not established an entitlement to extra-contractual claims, on a theory of unjust enrichment or any other for that matter. Futhermore, Mr. Hunt fails to consider any relevant facts dispositive to this claim, including that (1) Mr. Lesnar was already sanctioned and fined by the NSAC, who thoroughly reviewed the circumstances of this matter and found no reason to order Mr. Lesnar to forfeit any of his purse, and (2) provisions under UFC guidelines (and referenced in the contract signed by both athletes) allow *Zuffa, LLC* to recover money from Mr. Lesnar's purse in light of his positive test, but does not provide for Mr. Hunt to do so[5]. Kennedy v. Carriage Cemetery Services, Inc., 727 F.Supp.2d 925, 932 (D. Nev. 2010) citing Topaz Mut. Co., Inc. v. Marsh, 839 P.2d 606, 613 (Nev. 1992) (unjust enrichment is an equitable substitute for a contract, and an action for unjust enrichment therefore cannot lie where there is an express written agreement). Furthermore, as Mr. Lesnar has already pointed but Mr. Hunt ignores, any

---

[5] See Lesnar's Amended Motion to Dismiss [ECF No. 30].

indirect benefit from the fight was conferred upon Mr. Hunt, not Mr. Lesnar, through the form of media attention, sympathy, and significant fight purses from his UFC events after-the-fact. Marsh. at 613.

### III.  CONCLUSION

For all the above reasons, Defendant Brock Lesnar respectfully requests that the instant Amended Motion to Dismiss be granted in its entirety.

RESPECTFULLY SUBMITTED this 26th day of April, 2017.

CHRISTIANSEN LAW OFFICES

By_____
PETER S. CHRISTIANSEN, ESQ.
KENDELEE L. WORKS, ESQ.

-and-

HOWARD L JACOBS, ESQ.
THE LAW OFFICES
OF HOWARD L. JACOBS
*Attorneys for Defendant Brock Lesnar*

13

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5 and the Court's Local Rules, the undersigned hereby certifies that on this day, April 26, 2017, a copy of the foregoing document ***DEFENDANT BROCK LESNAR'S REPLY IN SUPPORT OF AMENDED MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) [ECF No. 30]*** was filed and served through the Court's electronic filing system (CM/ECF) upon all registered parties and their counsel.

/s/ [signature]
An employee of Christiansen Law Offices