PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 240-7979
Fax: (866) 412-6992
-and-
HOWARD L. JACOBS, ESQ.
howard.jacobs@athleteslawyer.com
Law Offices of Howard L. Jacobs
2815 Townsgate Road, Suite 200
Westlake Village, California 91361
Tel: (805) 418-9892
Fax: (805) 418-9899
*Attorneys for Defendant Brock Lesnar*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARK HUNT, an individual, | Case No. 2:17-cv-00085-JAD-CWH |
| Plaintiff, | |
| vs. | **DEFENDANT BROCK LESNAR'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE [ECF NO. 24]** |
| ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, a Nevada limited liability Company; BROCK LESNAR, an individual; and DANA WHITE, an individual; and DOES 1-50, inclusive, | |
| Defendants. | |

Plaintiff Mark Hunt opposes or otherwise seeks to limit the scope of the Court's consideration and/or judicial notice of certain documents submitted as part of Defendant Brock Lesnar's Motion to Dismiss. In particular, Hunt argues (i) the subject documents are not integral to his Complaint and, thus, were not incorporated by reference, and/or (ii) the content

1

of the documents are highly disputed and thus not subject to judicial notice. Mr. Lesnar therefore addresses Mr. Hunt's opposition [ECF No. 43] below.

I. **ARGUMENT**

    A. **Governing Law**

It is well-accepted that courts may "[t]ake judicial notices of '*undisputed* matters of public record,' but generally may not take judicial notice of '*disputed* facts stated in public records.'" Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original). Facts subject to judicial notice may be considered on a motion to dismiss. Mullis v. U.S. Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987)." Gammel v. Hewlett-Packard Co., 905 F.Supp. 2d 1012, 1061-62 (C.D. Cal. 2012) (emphasis in original).

Because Plaintiff disputes Co-Defendants Zuffa LLC and Dana White's Request for Judicial Notice on the same grounds, Mr. Lesnar concurs that the doctrine of incorporation by reference is distinct from judicial notice. The Ninth Circuit has stated:

> In evaluating the context in which the statement appeared, we must take into account all parts of the communication that are ordinarily heard or read with it. In doing so, we deviate from the general rule that courts, when ruling on a motion to dismiss, must disregard facts that are not alleged on the face of the complaint. Our approach is permissible under the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading. We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the content of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.

Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal quotations and citations omitted). Both doctrines, therefore, allow the Court to consider the documents at issue herein.

    B. **Documents Related to Brock Lesnar's Adjudication for this Anti-Doping Violation (Exhibits A, C, D, E, F, G, H)**

The fact that Mr. Hunt attempts to suggest that legal documents do "not meet the requirements for judicial notice" and that they are not "generally known" or from an "accurate

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

1  and reliable source that is not subject to reasonable dispute" is an insult to this Court, and
2  frankly, to common sense.  See Opp. to RJN at 4:4-11 [ECF No. 43].  Hunt may try to argue
3  that he did not incorporate by reference any NSAC documents, but he certainly does not dispute
4  their existence.  See Opp. to RJN at 4:8-9 [ECF No. 43] ("Moreover, mere reference in the
5  complaint is not enough for this Court to consider the exhibit.").  The entirety of Mr. Hunt's
6  Complaint against Mr. Lesnar relies upon the fact that Mr. Lesnar was cited for an anti-doping
7  rule violation and therefore any government records on the matter should thus, be subject to
8  judicial notice.  See Northstar Fin. Advisors Inc. v. Shwab Investments, 779 F.3d 1036, 1043
9  (9th Cir. 2015) (taking judicial notice of SEC filings where the information was made publicly
10 available by the SEC and neither party disputed the "authenticity of the [documents] or the
11 accuracy of the information displayed therein.").

12     Furthermore, the UFC Anti-Doping Rules and Press Release that were drafted by, and in
13 coordination with, the United States Anti-Doping Agency are subject to judicial notice on the
14 same grounds.  USADA is the national anti-doping organization (NADO) in the United States
15 for Olympic, Paralympic, Pan American, and Parapan American sport.  The organization
16 operates independently and is charged with managing the anti-doping program, including in-
17 competition and out-of-competition testing, results management processes, drug reference
18 resources, and athlete education for all United States Olympic Committee (USOC) recognized
19 sport national governing bodies, their athletes and events.  Any dispute as to the authenticity of
20 these documents contents (Exhibits A and H), are a dispute to the entire authority of USADA.

   **C.** **Articles Published on Publicly Available and Well-Known Websites (Exhibits B, I, J, L, M)**

23 Throughout Mr. Hunt's Complaint, he incorporates by reference and submits articles
24 and interviews published by various sports-related journalism sites as a basis for his RICO
25 claim, yet disputes Mr. Lesnar's capability to do the same.  See Comp.  Mr. Lesnar does not
26 dispute that reports in online newspapers, by themselves, are insufficient for judicial notice of a
27 fact which is "capable of accurate and ready determination by resort to sources whose accuracy

cannot reasonably be questioned." FRE 201(b)(2). However, this Court may take judicial notice of publications introduced to "indicate what was in the public realm at the time." Heliotrope Gen. Inc. v. Ford Motor Co., 189 F.3d 971, 981 (9th Cir. 1999). These publications meet the standards for admissibility under the Federal Rules of Evidence, and this Court may appropriately take judicial notice as an indication of what information existed and was before the general public at the time Mr. Hunt's claims arose against Mr. Lesnar. See Von Saher v. Norton Simon Museum of Art at Pasadena, 578 F.3d 1016 (9th Cir. 2009).

### D. Mark Hunt's Fight Record (Exhibit K)

Also submitted by Co-Defendants Zuffa, LLC and Dana White (Exhibit 3) and challenged by Plaintiff, is the fight record of Mark Hunt. See Defendant Zuffa LLC and Dana White's Reply in Opposition to Plaintiff's Opposition to Request for Judicial Notice (ECF No. 39). Plaintiff acknowledges that he incorporated his own fight record into his Complaint by referring to the "no contest" result in his bout against Mr. Lesnar who later tested positive for a banned substance. Plaintiff nevertheless attempts to mitigate its significance despite that it is generally known and not subject to dispute by any party in this case. This Court may and should take notice of Mr. Hunt's fight record in light of the fact that he himself alleges, "his record remains stagnant and he is deprived of the opportunity to earn a win." *See* Comp. ¶ 87; see also Op. to Mot. To Dismiss [ECF No. 19] at 4:11-13 ("losing bouts is bad for business.").

Because the outcome(s) of Mr. Hunt's fights are the basis for his RICO claim, it follows that his conclusory allegations regarding his fight record against Mr. Lesnar and two other athletes should not be taken at face-value without consideration of his UFC fight record as a whole. See Steckman v. Hart Brewing Inc., 143 F.3d 1293, 1295 (9th Cir. 1998) (when the "conclusory allegations" of a complaint are "contradicted by documents referred to in the complaint," the court is "not required to accept [the allegations] as true"); see also Shwartz v. United States, 234 F.3d 428, 435 (9th Cir. 2000) (articulating same principle when allegations in complaint "contradict facts that may be judicially noticed by the court[.]").

4

## II. **CONCLUSION**

In light of the foregoing facts, law and analysis, Defendant Brock Lesnar respectfully requests that the Court consider the exhibits attached to both the first Request for Judicial Notice [ECF No. 24] as part of Mr. Lesnar's Motion to Dismiss and his second Request for Judicial Notice filed concurrently with his Reply brief [ECF No. 49].

DATED this 26th day of April, 2017.

          CHRISTIANSEN LAW OFFICES

By_____
    PETER S. CHRISTIANSEN, ESQ.
    KENDELEE L. WORKS, ESQ.

-and-

    HOWARD L JACOBS, ESQ.
    THE LAW OFFICES
    OF HOWARD L. JACOBS
    *Attorneys for Defendant Brock Lesnar*

**CHRISTIANSEN LAW OFFICES**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5 and the Court's Local Rules, the undersigned hereby certifies that on this day, April 26, 2017, a copy of the foregoing document ***DEFENDANT BROCK LESNAR'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE [ECF NO. 24]*** was filed and served through the Court's electronic filing system (CM/ECF) upon all registered parties and their counsel.

_____
An employee of Christiansen Law Offices