Nevada Athletic Commission – Official Bout Agreement Instructions

The bout agreement must be completed and by the promoter or their matchmaker then signed by all licensed parties. A contestant does not have to have a licensed manager to sign a Nevada Bout Agreement.

GREEN highlighted portions need to be completed with the Promoter's information, initials and signature.

BLUE highlighted portions need to be completed with the Contestant's information, initials and signature.

YELLOW highlighted portions need to be completed with the Manager's information, initials and signature.

PURPLE highlighted portions need to be completed with the details of the actual bout; opponent, place, date, number of rounds, weight and amount the contestant is to paid.

# Nevada Athletic Commission
## OFFICIAL BOUT AGREEMENT

THIS AGREEMENT, Made this _____ day of _____, by and between _____ of (city) _____, (state) _____, a promoter of unarmed combat, duly licensed under the laws of the State of Nevada, (whether one or more, individually, or as an association, hereinafter referred to as the "Promoter"), and _____ of (city) _____, (state) _____, a professional unarmed combatant ("Contestant"), and _____ of (city) _____, (state) _____, a duly licensed manager (license no. _____) under the laws of the State of Nevada (whether one or more, hereinafter referred to as the "Manager").

**WITNESSETH:**   In consideration of the mutual covenants and agreements hereinafter contained, the parties hereto agree to and with each other as follows:

1. **Definitions.** In this agreement, the words and terms used herein, unless the context otherwise requires, shall have the meanings ascribed to them in Nevada Revised Statutes ("NRS") and Nevada Administrative Code ("NAC") Chapter 467.
2. **Appearance of Contestant.** The Contestant will appear and enter into a contest of unarmed combat at the site location of _____, Nevada on the _____ day of _____, _____, or on a date to be hereafter agreed upon, for _____ rounds to a decision with _____ of _____, as his or her opponent, at a weight of not over _____ pounds, said weight to be taken on the certified scales of the Promoter (this contest is hereinafter referred to as the "Bout").
3. **Compensation of Contestant.** The Promoter will pay the Contestant for the Bout, and the Contestant agrees to accept in full of all claims and demands for his services and the performance by him or her of the Bout, the sum of _____ Dollars ($_____) (the "Compensation").
4. **The Bout.** The Bout shall be conducted in all respects in conformity with the laws of the State of Nevada, and the rules and regulations of the Nevada Athletic Commission (the "Commission"), which are hereby made a part of this agreement. The referee of the Bout shall be licensed to act as such by the State of Nevada, and selected and assigned to act as a referee of the Bout by the Commission.
5. **Reporting Time.** The Contestant shall personally report at the above-named site location for weighing and medical examination, in accordance with the rules and regulations of the Commission, and shall report at the site to the Executive Director two (2) hours before the time set for the contest.
6. **Publicity.** The Contestant agrees to appear when and as directed by the Promoter at all reasonable times for publicity purposes.
7. **Payment of Manager's Share.** Should the Contestant desire the Manager to be paid directly by the Promoter, deducting such amount from the Contestant's share of the purse: (a) the Manager must be licensed by the Commission, (b) a valid contract between the Contestant and the Manager must be on file with the Commission, (c) the amount to be paid to the Manager must not exceed one-third of the compensation, and (d) the Contestant must specify and initial any such amount below.
   **MANAGER'S SHARE: $**_____ / _____% **INITIALS OF CONTESTANT: $**_____
8. **Breaches of this Agreement.** The following acts or omissions constitute a breach of this agreement if the Commission shall decide that (a) The Contestant and the Manager, or either of them, did not enter into this agreement in good faith; (b) The Contestant and the Manager, or either of them, had any collusive understanding or agreement regarding the termination of the Bout other than that the same should be on an honest exhibition of skill on the part of the contestants; (c) The Contestant is not honestly competing or did not give an honest exhibition of his or her skill; or (d) The Contestant, the Manager and the Promoter, or any of them, is guilty of an act detrimental to the interest of unarmed combat or is guilty of violating any provision of NRS/NAC Chapter 467.
9. **Agreements in the event of a Breach.** The parties agree that if the Commission or its Executive Director determines that the possibility of a breach of this agreement exists, as set forth in section 8 of this agreement, the Commission or its Executive Director, in their discretion, may order that the Promoter or any person holding the Compensation, to pay the Compensation directly to the Commission. The parties hereby waive any right or claim to a hearing on this matter. The Commission shall thereupon, in its sole discretion, make such a disposition of the Compensation as it deems to be in the best interest of unarmed combat, subject to the provisions of NRS/NAC Chapter 467. The parties agree and understand that if the Commission or its Executive Director determines that the possibility of a breach exists, as set forth in section 5 of this agreement, that no part of the Compensation shall be distributed unless so ordered by the Commission after a hearing held in accordance with NRS/NAC Chapter 467.
   **INITIALS OF PARTIES:**   (P) _____   (M) _____   (C) _____
10. **Applicable Law.** It is understood and agreed that the rights and obligations of the parties hereto shall be governed by, and construed according to the laws of the State of Nevada. The terms of this agreement shall in all respects be in conformity with the laws of the State of Nevada, and the rules and Regulations now or hereafter adopted by the Commission, which laws and rules are hereby made a part of and incorporated into this agreement. It is agreed by all of the parties that any action arising out of this agreement, shall be commenced in the State of Nevada.
11. **Assumption of the Risk.** The Contestant understands that by participating in a contest or exhibition of unarmed combat, that the Contestant is engaging in an abnormally dangerous activity. The Contestant further understands that this participation subjects the Contestant to a risk of severe injury or death. The Contestant, with full knowledge of this risk, nonetheless, agrees to enter into this agreement and hereby waives any claim that the Contestant or Contestant's heirs may have against the Commission and/or the State of Nevada as the result of any injury the Contestant may suffer as a result of Contestant's participation in any contest or exhibition of unarmed combat in the State of Nevada.
   **INITIALS OF CONTESTANT:** _____
12. **Release.** The parties, for themselves, their heirs, executors, administrators, successors, and assigns, hereby release and forever discharge the State of Nevada and the Commission, and each of their members, agents, and employees in their individual, personal and representative capacities, from any and all actions, causes of action, suits, debts, judgements, executions, claims, and demands whatsoever known or unknown, in law or equity, that the parties ever had, now have, may have, or claim to have against any and all of the persons or entities named in this paragraph arising out of, or by reason of this agreement, or any other matter.
13. **Indemnification.** The parties, jointly and severally hereby indemnify and hold harmless the State of Nevada and the Commission, and each of their members, agents, and employees in their individual, personal and representative capacities against any and all claims, suits and actions, brought against the persons named in this paragraph by reason of this agreement and all other matters relating thereto, and against any and all expenses, damages, charges and costs, including court costs and attorney fees which may be incurred by the persons and entities named in this paragraph as a result of said claims, suits and actions.
14. **Entire Agreement and Modification.** This agreement constitutes the entire agreement of the parties and as such is intended as a complete and exclusive statement of the promises, representations, negotiations, discussions, and other agreements that may have been made in connection with the specific subject matter hereof. Unless otherwise expressly authorized by the terms of this agreement, no modification or amendment to this agreement shall be binding upon the parties unless the same is in writing, signed by the respective parties hereto, and filed with the Commission.
15. **Proper authority.** The parties hereto represent and warrant that the person executing this agreement on behalf of another party, if applicable, has the full power and authority to enter into this agreement.
16. **Severability.** If any provision in this agreement is held to be unenforceable by a court of law or equity, this agreement shall be construed as if such provision did not exist and the non-enforceability of such provision shall not be held to render any other provision or provisions of this agreement unenforceable.
17. **Notices.** All notices or other communications required or permitted to be given under this agreement shall be in writing and shall be deemed to have been duly given if delivered personally in hand, by telephonic facsimile or mailed regular or certified mail to the appropriate party at the last known address on record with the Commission. It is understood by the parties that it is the responsibility of each party to notify the Commission of any change of address.
18. **Waiver of Breach.** Failure to declare a breach or the actual waiver of any particular breach of the agreement or its material or nonmaterial terms by either party shall not operate as a waiver by such party of any of its rights or remedies as to any other breach.
19. **Assignment.** Neither party shall assign, transfer nor delegate any rights, obligations or duties under this agreement without the prior verbal or written consent of the Commission or the Executive Director of the Commission.

*IN WITNESSETH WHEREOF,* the parties hereto affix their signatures on the date indicated.

**PROMOTER**   Company Name
   **By (Signature)**   Officer of Promotional Company or Licensed matchmaker   Date: _____

**CONTESTANT** _____   Date: _____

**MANAGER** _____   Date: _____

NOTICE TO MATCHMAKER: Each contestant MUST BE SIGNED on this Official Bout Agreement. The original Bout Agreement MUST be submitted by weigh in time to the Commission.

Managers handling contestants under so-called "verbal agreements" cannot sign contracts for contestant's appearance, as "verbal agreements" are not recognized by the Commission.