1  CHRISTINA M. DENNING, ESQ. (CA Bar No. 211137)
2  denningc@higgslaw.com
   SCOTT J. INGOLD, ESQ. (NV Bar No. 11818)
3  ingolds@higgslaw.com
   Higgs Fletcher & Mack LLP
4  401 West "A" Street, Suite 2600
5  San Diego, CA  92101-7913
   T:  619.236.1551
6  F:  619.696.1410
7
   JAMES F. HOLTZ, ESQ. (NV Bar No. 8119)
8  james.holtz@holtzapc.com
   LAW OFFICE OF JAMES F. HOLTZ
9  1120 Town Center Drive, Suite 200
10 Las Vegas, NV 89144
   T: 702.304.1803
11 F: 702.304.1822
12
   Attorneys for Plaintiff
13 MARK HUNT
14

15             **UNITED STATES DISTRICT COURT**

16                **DISTRICT OF NEVADA**

| | |
|---|---|
| 17  MARK HUNT, an individual, | **Case No.: 2:17-cv-00085-JAD-CWH** |
| 18                Plaintiff, | **MARK HUNT'S POINTS AND** |
| 19  v. | **AUTHORITIES IN OPPOSITION TO** |
|    | **DEFENDANT BROCK LESNAR'S** |
| 20  ZUFFA, LLC d/b/a ULTIMATE | **THIRD REQUEST FOR JUDICIAL** |
| 21  FIGHTING CHAMPIONSHIP, a | **NOTICE PURSUANT TO FEDERAL** |
|    Nevada limited liability company; | **RULES OF EVIDENCE RULE 201** |
| 22  BROCK LESNAR, an individual; | |
| 23  DANA WHITE, an individual; and | |
|    DOES 1-50, inclusive, | |
| 24 | |
| 25                Defendants. | |

26  / / /

27  / / /

28  / / /

HIGGS FLETCHER &
  MACK LLP
ATTORNEYS AT LAW
  SAN DIEGO

112567-00001
8039767.1

1    Plaintiff, Mark Hunt ("Hunt"), respectfully requests that this Court deny Brock Lesnar's

2  ("Lesnar") Third Request for Judicial Notice of Exhibit "B" (Nevada State Athletic Commission

3  Sample Bout Agreement).  This Court should exclude Lesnar's extrinsic evidence because the

4  exhibit was not incorporated by reference, is not directly related to Hunt's amended complaint,

5  and is neither publicly available nor capable of accurate and ready determination. This Court's

6  consideration of Lesnar's motion to dismiss Hunt's complaint should be limited to the pleadings.

7    Hunt has no objection to the consideration of Exhibit A, the hearing transcript from May

8  22, 2017, on Defendants' first motion to dismiss, for the limited purpose of convenience to the

9  Court and parties' reference.  However, the hearing constituted only the argument of the parties

10  and the Court's determinations regarding the original complaint.  Clearly, Exhibit A does not

11  affect the outcome of Lesnar's motion to dismiss Hunt's first amended complaint.  In fact, Exhibit

12  A tends to show that any prior deficiency has been cured.

13    Finally, Hunt notes Lesnar's request for judicial notice is futile, regardless of the Court's

14  consideration of Exhibit B.  The plain language of the document establishes that the State of

15  Nevada, and not Lesnar, may raise the express assumption of the risk defense.

16                                         **I.**

17                              **LEGAL STANDARD**

18     "[A] district court may not consider any material beyond the pleadings in ruling on a Rule

19  12(b)(6) motion."  *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) (citing *Branch v.*

20  *Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)); *see Cervantes v. City of San Diego*, 5 F.3d 1273, 1274

21  (9th Cir. 1993) (holding when the legal sufficiency of a complaint's allegation is tested by a

22  12(b)(6) motion, "review is limited to the complaint.").  An exception to this general rule is the

23  doctrine of judicial notice pursuant to Federal Rule of Evidence 201.  A court may take judicial

24  notice of "matters of public record" without converting a motion to dismiss into a motion for

25  summary judgment, but may not take judicial notice of a fact that is "subject to reasonable

26  dispute." Fed. R. Evid. 201(b); *Lee*, 250 F.3d at 689 (citing *MGIC Indem. Corp. v. Weisman*, 803

27  F.2d 500, 204 (9th Cir. 1986)).

28  / / /

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8039767.1

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**II.**

**ARGUMENT**

**Judicial Notice of Exhibit B Should be Denied or Extremely Limited**

Lesnar asks the Court to go beyond the pleadings to a bout agreement not contained or even referenced in Hunt's complaint.   Exhibit B purports to be a Nevada State Athletic Commission Sample Bout Agreement.   The title alone is instructive here.   It is a "sample" agreement.  It is not executed by Hunt, UFC, or Lesnar.  However, Lesnar not only asks the Court to acknowledge the existence of the Sample Bout Agreement, he asks the Court to pretend it is a fully executed copy, and then pretend Lesnar would be a party to even an executed copy of the agreement.   That is, Lesnar asks the Court to consider one document for purposes of taking judicial notice (a sample bout agreement), but consider another document for its substantive analysis (a fully executed bout agreement).    Indeed, if the agreement were "publicly available and capable of accurate and ready determination," then Lesnar would have attached an executed copy.

Notably, the bout agreement Lesnar seeks to introduce is the Nevada State Athletic Commission's Official Bout Agreement.  This is *not* referenced in any manner in Hunt's complaint, which refers and incorporates only the UFC 200 Bout agreement.  To clarify any potential confusion, both documents are coincidentally titled "Exhibit B."  Exhibit B to Hunt's complaint is the UFC 200 Bout Agreement; Lesnar's Exhibit B is a different document, which was neither incorporated, referenced or relied upon in Hunt's complaint.  Therefore, the Court should decline to consider the Sample Bout Agreement.

This Court should deny Lesnar's request for judicial notice of Exhibit B, however, to the extent the Court takes judicial notice of Exhibit B, it should be limited to the mere fact that the document exists, because the contents and interpretation of the document is highly disputed.  *See Montana Dep't of Revenue v. Blixseth*, No. 2:13-CV-01324-JAD, 2016 WL 1183084, at *2 (D. Nev. Mar. 28, 2016) (denying request for judicial notice to the extent it seeks judicial notice of the truth of its contents); *see also Carrillo v. Gillespie,* No. 2:12-CV-02165-JAD, 2014 WL 1307454, at *7 (D. Nev. Mar. 28, 2014) (holding Court could not take judicial notice of the truth

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8039767.1

3

Case No.: 2:17-cv-00085--JAD-CWH
MARK HUNT'S OPPOSITION TO LESNAR'S
THIRD REQUEST FOR JUDICIAL NOTICE

1  or perjury regarding contents of police officer's sworn statement, because it was "subject to

2  reasonable dispute" (interpreting Fed. R. Evid. 201)).

3                                       **III.**

4                                  **<u>CONCLUSION</u>**

5          For the above reasons, Hunt respectfully requests that the Court deny Lesnar's request for

6  judicial notice of Exhibit B.

8  DATED:  June 30, 2017                    HIGGS FLETCHER & MACK LLP

10                                          By: s:/CHRISTINA M. DENNING
                                               CHRISTINA M. DENNING, ESQ.
11                                             SCOTT J. INGOLD, ESQ.
                                               Attorneys for Plaintiff
12                                             MARK HUNT

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8039767.1

4

Case No.: 2:17-cv-00085--JAD-CWH
MARK HUNT'S OPPOSITION TO LESNAR'S
THIRD REQUEST FOR JUDICIAL NOTICE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5 and the Court's Local Rules, the undersigned hereby certifies that on this day, June 30, 2017, a copy of the foregoing document entitled **MARK HUNT'S POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT BROCK LESNAR'S THIRD REQUEST FOR JUDICIAL NOTICE PURSUANT TO FEDERAL RULES OF EVIDENCE RULE 201** was filed and served through the Court's electronic filing system (CM/ECF) upon all registered parties and their counsel.

/s/ Melodee Lutjens
Melodee Lutjens
An employee of Higgs Fletcher & Mack LLP

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8039767.1

5

Case No.: 2:17-cv-00085--JAD-CWH
MARK HUNT'S OPPOSITION TO LESNAR'S
THIRD REQUEST FOR JUDICIAL NOTICE