PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 240-7979
Fax: (866) 412-6992
-and-
HOWARD L. JACOBS, ESQ.
howard.jacobs@athleteslawyer.com
Law Offices of Howard L. Jacobs
2815 Townsgate Road, Suite 200
Westlake Village, California 91361
Tel: (805) 418-9892
Fax: (805) 418-9899
*Attorneys for Defendant Brock Lesnar*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK HUNT, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, a Nevada limited liability Company; BROCK LESNAR, an individual; and DANA WHITE, an individual; and DOES 1-50, inclusive, <br><br> Defendants. | Case No. 2:17-cv-00085-JAD-CWH <br><br> **DEFENDANT BROCK LESNAR'S REPLY IN SUPPORT OF REQUEST FOR JUDICAL NOTICE [ECF NO. 70]** |

Plaintiff Mark Hunt opposes or otherwise seeks to limit the scope of the Court's consideration and/or judicial notice of one of the documents submitted as part of Defendant Brock Lesnar's Motion to Dismiss Plaintiff's First Amended Complaint. In particular, Plaintiff

argues that the Nevada State Athletic Commission ("NASC") Sample Bout Agreement (Exhibit B), is not incorporated by reference, is not directly related to the amended complaint, and is neither publicly available nor capable of accurate and ready determination. To the contrary, the Sample Bout Agreement is an official document, published on the NASC website and terms of the agreement are specifically referenced in Plaintiff's Amended Complaint.[1]

## I. ARGUMENT

### A. Governing Law

Courts have well established that they may "[t]ake judicial notices of '*undisputed* matters of public record,' but generally may not take judicial notice of '*disputed* facts stated in public records.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original). Facts subject to judicial notice may be considered on a motion to dismiss. *Mulls v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)." See also *Gammel v. Hewlett-Packard Co.*, 905 F.Supp. 2d 1012, 1061-62 (C.D. Cal. 2012) (emphasis in original).

Plaintiff disputes Mr. Lesnar's Request for Judicial Notice on the grounds that it was not incorporated by reference; however, the Sample Bout Agreement need not be specifically incorporated by reference to be subject to judicial notice, which is a distinct doctrine:

> "In evaluating the context in which the statement appeared, we must take into account all parts of the communication that are ordinarily heard or read with it. In doing so, we deviate from the general rule that courts, when ruling on a motion to dismiss, must disregard facts that are not alleged on the face of the complaint. Our approach is permissible under the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading. We have extended the 'incorporation by reference' doctrine to situations in

---

[1] Hunt also attached and filed under seal, his Bout Agreement to his Amended Complaint as Exhibit B.

[2] The Bout Agreement was not judicially noticed because the copy was unsigned; however, this Court took notice of the Ancillary Rights Agreement [submitted under seal], which would have provided in part, that the Fighter shall execute and comply with the terms of a Bout Agreement set forth by Nevada State Athletic Commission Law.

2

which the plaintiff's claim depends on the content of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."

*Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal quotations and citations omitted). Therefore, this Court is allowed to consider the Sample Bout Agreement (Brock Lesnar's Exhibit "B").

**B. Judicial Notice of Exhibit B Should Not be Denied or Extremely Limited**

Plaintiff challenges the Request for Judicial Notice of Exhibit "B", a true and correct copy of the Nevada State Athletic Commission's Official Bout Agreement.

The Sample Bout Agreement is an official document, published on the NSAC website, that incorporates provisions identical or similar to those that would have been included in the UFC Bout Agreement signed by Mr. Hunt, an unsigned copy of which was provided to this Court [ECF No. 12][2]. Furthermore, in order for a Professional Promoter to hold an event such as UFC 200, the NSAC requires that the Promoter have the contestants sign these bout agreements for submission to the NSAC office at least 5 working days before the event (for title fight contestants). The Bout Agreement should be a familiar document to all parties involved in this matter, and would be readily identifiable by Hunt, a seasoned UFC athlete, as well as Zuffa, LLC itself.

Because the bout agreement is required by NSAC, as stated in Plaintiff's Exhibit "A," and contains essential contract terms that are dispositive of Plaintiff's claims in his First Amended Complaint, Mr. Lesnar submits that this Court may appropriately take judicial notice

---

[2] The Bout Agreement was not judicially noticed because the copy was unsigned; however, this Court took notice of the Ancillary Rights Agreement [submitted under seal], which would have provided in part, that the Fighter shall execute and comply with the terms of a Bout Agreement set forth by Nevada State Athletic Commission Law. [Hunt's Ex. A].

3

of the document. *Northstar Fin. Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1043 (9th Cir. 2015) (taking judicial notice of SEC filings where the information was made publicly available and neither party disputed the authenticity of the documents or the accuracy of the information displayed therein).

## II. CONCLUSION

In light of the foregoing facts, law and analysis, Defendant Brock Lesnar respectfully requests that the Court consider the Sample Bout Agreement, attached as Exhibit B to his third Request for Judicial Notice [ECF No. 70] as part of Mr. Lesnar's Motion to Dismiss Plaintiff's First Amended Complaint.

DATED this 7th day of July, 2017.

CHRISTIANSEN LAW OFFICES

By_____
PETER S. CHRISTIANSEN, ESQ.
KENDELEE L. WORKS, ESQ.

-and-

HOWARD L JACOBS, ESQ.
THE LAW OFFICES
OF HOWARD L. JACOBS
*Attorneys for Defendant Brock Lesnar*

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

4

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5 and the Court's Local Rules, the undersigned hereby certifies that on July 7, 2017, a copy of the foregoing document entitled **DEFENDANT BROCK LESNAR'S REPLY IN SUPPORT OF REQUEST FOR JUDICAL NOTICE [ECF NO. 70]** was filed and served through the Court's electronic filing system (CM/ECF) upon all registered parties and their counsel.

_____
An employee of Christiansen Law Offices