CHRISTINA M. DENNING, ESQ. (CA Bar No. 211137)
denningc@higgslaw.com
SCOTT J. INGOLD, ESQ. (NV Bar No. 11818)
ingolds@higgslaw.com
JOSEPH A. GONNELLA (CA Bar No. 306619)
gonnellaj@higgslaw.com
Higgs Fletcher & Mack LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
T: 619.236.1551
F: 619.696.1410

JAMES F. HOLTZ, ESQ. (NV Bar No. 8119)
james.holtz@holtzapc.com
LAW OFFICE OF JAMES F. HOLTZ
1120 Town Center Drive, Suite 200
Las Vegas, NV 89144
T: 702.304.1803
F: 702.304.1822

Attorneys for Plaintiff
MARK HUNT

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK HUNT, an individual,<br><br>                        Plaintiff,<br>v.<br><br>ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, a Nevada limited liability company; BROCK LESNAR, an individual; DANA WHITE, an individual; and DOES 1-50, inclusive,<br><br>                        Defendants. | **Case No.: 2:17-cv-00085-JAD-CWH**<br><br>**PLAINTIFF MARK HUNT'S OPPOSITION TO LESNAR, WHITE AND ZUFFA, LLC'S MOTION TO STAY DISCOVERY** |

/ / /

/ / /

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No.: 2:17-cv-00085-JAD-CWH
Opposition to Lesnar, White and Zuffa LLC
Motion to Stay Discovery

112567-00001

# I.

# **INTRODUCTION**

Plaintiff Mark Hunt's ("Hunt") First Amended Complaint alleged ten (10) claims, including seven (7) claims against Defendant Brock Lesnar ("Lesnar"). Only two of those seven claims are Racketeer Influenced and Corrupt Organizations ("RICO") claims. Lesnar's motion, however, focuses only on the two RICO claims and ignores the other five claims. Those claims are common law fraud, civil aiding and abetting fraud, unjust enrichment, battery, and civil conspiracy. None of those five claims are dependent upon the disposition of the RICO claims. As such, the vast majority of Lesnar's motion provides analysis based on the false premise that this is strictly a RICO case. Because Lesnar's motion relies on this false premise, it reaches the wrong conclusion.

While Lesnar's legal analysis is misguided, he does not even come to this Court to resolve a good faith dispute. Again, nearly the entirety of Lesnar's motion decries the purported injustice of being subjected to sweeping and abusive RICO discovery prior to the case being at issue. <u>Hunt has already offered to forego RICO-related discovery until after the pleadings are settled</u>. (Ingold Dec. at ¶ 2.)

For the foregoing reasons, the Court should exercise its discretion to decline Lesnar's request to further needlessly delay advancing this case to trial. Hunt has already agreed to defer RICO discovery in favor of exchanging initial disclosures and conducting targeted discovery related to the UFC 200 event that underlies the majority of Hunt's amended complaint. Thus, Lesnar's overblown concern regarding the purportedly extensive RICO discovery in which he will be required to engage if this Court denies his motion is pretextual. Even absent Hunt's offer to limit discovery to matters directly relating to UFC 200, however, Hunt has five non-RICO claims for which Lesnar has provided no basis for delaying discovery.

///

///

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

112567-00001
7953106.1

2

Case No.: 2:17-cv-00085-JAD-CWH
Opposition to Lesnar, White and Zuffa LLC Motion to Stay Discovery

## II.

## DISCUSSION

Hunt submits that the Court's consideration of the operative First Amended Complaint, ECF No. 64, is more instructive than Lesnar's summary of the original complaint. *See* ECF No. 74 at Part II. *Procedural Background*, 3:7-20. This action arises primarily (although by no means exclusively) out of events surrounding a mixed martial arts bout between Hunt and Lesnar at UFC 200. After defeating Hunt at UFC 200, Lesnar tested positive for a banned substance. Hunt alleges, generally, that the Defendants conspired to knowingly pit the cheating Lesnar against a clean Hunt. Hunt's First Amended Complaint states seven claims against Lesnar:

- RICO (federal);
- RICO (Nevada);
- Common Law Fraud;
- Civil Aiding and Abetting;
- Unjust Enrichment;
- Battery;
- Civil Conspiracy.

ECF No. 64. Considered in its context, it becomes clear RICO is one of many claims asserted by Hunt. Lesnar ignores and provides no authority supporting a discovery stay as to five of Hunt's claims.

### A. Lesnar's Motion Must be Denied Because he Failed to Meet and Confer in Good Faith as Required by FRCP, Rule 26(c)

FRCP rule 26(c) requires a movant to confer or attempt to confer in good faith in an effort to resolve the dispute without Court action. Fed. R. Civ. P. 26(c). This requirement is *mandatory*. See *Id.* From June 10, 2017 through June 13, 2017, in a series of e-mails to counsel for all parties, Hunt, UFC and White agreed to exchange certain limited discovery, excluding RICO-related discovery. Ingold

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
7953106.1

3

Case No.: 2:17-cv-00085-JAD-CWH
Opposition to Lesnar, White and Zuffa LLC Motion to Stay Discovery

Dec., at ¶ 3. This is consistent with UFC and White's limited joinder in Lesnar's motion. See ECF No. 77. In contrast, Lesnar advised he would file a motion to stay discovery if Hunt did not agree to stay discovery in its entirety. Ingold Dec., at ¶ 4. This type of unilateral demand is not the type of good faith meet and confer attempt required by FRCP rule 26(c). This is especially true considering the likelihood that most, if not all, of Hunt's amended claims against Lesnar will survive the renewed motion to dismiss (as discussed below). Lesnar's motion should be summarily denied for failing to satisfy the prefiling requirement of FRCP rule 26(c).

### B. Lesnar's Citation to RICO Case Law is Irrelevant Considering Hunt's Offer to Limit Discovery and the Remaining Five Non-RICO Claims

Hunt has already offered to stipulate to stay discovery as to the RICO issues until the resolution of the pending motions to dismiss. For that reason alone, Lesnar's RICO arguments are misleading. Additionally, they are unpersuasive because the majority of Hunt's claims against Lesnar (five of the seven) are not RICO claims and the elements of those claims are not dependent upon or affected by the resolution of the RICO claims.[1]

Despite the nature of Hunt's complaint, the cases Lesnar cites to each allege a RICO (or antitrust) claim as one of few, if not the sole claim in the complaint. (See ECF No. 75 at Part III.A.) *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, was solely a discussion of a claim under the Sherman Act for antitrust violations. *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 799 (7th Cir. 2008), involved only RICO and equal protection claims. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 732 (9th Cir. 1987), only concerned price discrimination and antitrust claims. Also, any implication that Hunt's discovery tactics are or will be harassing or unduly expensive are unfounded. *See* ECF No. 75 at 4:16-18 (citation omitted).) Hunt has not yet propounded any discovery and has

---

[1] Hunt does not concede, and refutes, the validity of Lesnar's RICO arguments in favor of staying discovery.

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
7953106.1

4

Case No.: 2:17-cv-00085-JAD-CWH
Opposition to Lesnar, White and Zuffa LLC Motion to Stay Discovery

offered to coordinate with defense counsel to limit discovery until the pleadings are settled. Indeed, Hunt has already reached an agreement with UFC and White to limit certain discovery (primarily, the RICO discovery) pending the outcome of the motions to dismiss. Ingold Dec., ¶ 3. Additionally, any suggestion that Hunt seeks "bogus" federal jurisdiction is inapplicable because this Court has both federal question and diversity jurisdiction. *See* ECF No. 75 at 5:4-9 (citing *Major, Lindsey & Afric, LLC v. Mahn*, 2010 WL 3959609).

### C. Lesnar's Motion Fails to Demonstrate Good Cause Required by FRCP Rule 26(c)

For the same reasons discussed immediately above, good cause does not exist to stay discovery. In fact, Hunt has not yet propounded a single set of written discovery, nor has he noticed a single deposition. Further, Hunt has already agreed to defer RICO-related discovery. It is entirely unclear what legitimate outcome Lesnar seeks by this motion. Hunt declines to speculate, but Lesnar has failed to demonstrate good cause.

### D. Lesnar's Motion Also Fails on the Merits

Hunt agrees with Lesnar that the determination of this motion is within the sound discretion of the Court. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013), citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). Nevertheless, Lesnar's analysis belabors RICO and antitrust case law that has no application in consideration of Hunt's offer to stay RICO-related discovery. While Lesnar's motion is therefore unusual in that respect, the RICO analysis has no bearing on whether discovery should proceed on the remaining claims.

"It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Id.* at 600. "[A] pending

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
7953106.1

5

Case No.: 2:17-cv-00085-JAD-CWH
Opposition to Lesnar, White and Zuffa LLC Motion to Stay Discovery

Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery. Common examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (citation omitted). "[M]otions to dismiss are a frequent part of federal practice and '[a]n overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary delay in many cases.'" *Kor Media Grp., LLC, supra*, 294 F.R.D. at 583. "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citation omitted).

"A stay of all discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief. *Tradebay, LLC, supra*, 278 F.R.D. at 603 (quotation in original). "That standard is not easily met. 'Generally, there must be no question in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort. Absent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed." *Kor Media Grp., LLC, supra*, 294 F.R.D. at 583.

Lesnar has once again moved to dismiss each of the claims in Hunt's First Amended Complaint. A "preliminary peek," however, reveals that Lesnar's motion to dismiss will fail on most, if not all claims. Hunt will not belabor the briefing in his opposition to Lesnar's motion to dismiss. Notably, however, the Court specifically identified a series of issues with the original complaint. Based on the Court's comments, Hunt amended his complaint to cure any perceived deficiencies. For example, the Court suggested the fraud claim be pleaded by its common law elements rather than by Nevada statute, which Hunt did in his amended complaint. This example alone demonstrates that by the Court's own reasoning, the fraud claim has now been sufficiently pleaded. This "preliminary peek" defeats Lesnar's motion. Like the fraud claim, Hunt cured any other remaining defects consistent with this Court's prior ruling. In addition, Hunt added additional claims, including

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
7953106.1

6

Case No.: 2:17-cv-00085-JAD-CWH
Opposition to Lesnar, White and Zuffa LLC Motion to Stay Discovery

battery, which will almost certainly survive Lesnar's motion to dismiss. Unlike the RICO claims, the battery claim hinges on the factual issue regarding the scope of Hunt's consent. For these reasons, Lesnar cannot carry his heavy burden on this motion. He will be a Defendant in this case moving forward - the only question is whether some or all of the claims against him will remain. The Court should exercise its discretion to decline Lesnar's extreme request to deny Hunt discovery.

### E. Hunt's Suggested Resolution

Hunt contends that Lesnar's motion to stay should be denied in its entirety outright. However, if the Court is inclined to grant Lesnar's motion in any respect, Hunt suggests that the Court craft a discovery order that permits discovery of the non-RICO causes of action. This resolution will adequately address Lesnar's concern regarding the RICO discovery, while still avoiding needless delay, and will permit the parties to begin obtaining basic discovery that will be fundamental to their claims and defenses. Hunt further suggests and requests the Court's guidance regarding the exchange of initial disclosures.

## III.
## CONCLUSION

Hunt respectfully requests the Court to deny Lesnar's motion in its entirety. If the Court grants Lesnar's motion in any respect, it should be limited to staying discovery as to the RICO claims only, to which Hunt has already agreed until Defendants' pending motions to dismiss are heard.

DATED: July 11, 2017            HIGGS FLETCHER & MACK LLP

By: /s/ SCOTT J. INGOLD
CHRISTINA M. DENNING, ESQ.
SCOTT J. INGOLD, ESQ.
Attorneys for Plaintiff
MARK HUNT

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
7953106.1

7

Case No.: 2:17-cv-00085-JAD-CWH
Opposition to Lesnar, White and Zuffa LLC Motion to Stay Discovery

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5 and the Court's Local Rules, the undersigned hereby certifies that on this day, July 11, 2017, a copy of the foregoing document entitled **PLAINTIFF MARK HUNT'S OPPOSITION TO LESNAR, WHITE AND ZUFFA, LLC'S MOTION TO STAY DISCOVERY** was filed and served through the Court's electronic filing system (CM/ECF) upon all registered parties and their counsel.

_/s/ Melodee Lutjens_
Melodee Lutjens
An employee of Higgs Fletcher & Mack LLP

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

Case No.: 2:17-cv-00085-JAD-CWH
Joint Opposition to Lesnar, White and Zuffa LLC Motion to Stay Discovery

112567-00001
7953106.1