CHRISTINA M. DENNING, ESQ. (CA Bar No. 211137)
denningc@higgslaw.com
SCOTT J. INGOLD, ESQ. (NV Bar No. 11818)
ingolds@higgslaw.com
JOSEPH A. GONNELLA, ESQ. (CA Bar No. 306619)
gonnellaj@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
T: 619.236.1551
F: 619.696.1410

JAMES F. HOLTZ, ESQ. (NV Bar No. 8119)
james.holtz@holtzapc.com
LAW OFFICE OF JAMES F. HOLTZ
1120 Town Center Drive, Suite 200
Las Vegas, NV 89144
T: 702.304.1803
F: 702.304.1822

Attorneys for Plaintiff
MARK HUNT

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARK HUNT, an individual,<br><br>　　　　　Plaintiff,<br>v.<br><br>ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, a Nevada limited liability company; BROCK LESNAR, an individual; DANA WHITE, an individual; and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:17-cv-00085-JAD-CWH<br><br>**MARK HUNT'S OPPOSITION TO DEFENDANTS ZUFFA, LLC'S AND DANA WHITE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

/ / /

/ / /

/ / /

/ / /

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8060065.1

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL STANDARD ......................................................................................................... 2

III. HUNT'S RICO CLAIMS ARE ADEQUATELY PLEADED
(CLAIM NOS. 1 &2) ........................................................................................................... 3

    A. Hunt Has Alleged Loss to "Business or Property" ................................................... 3
    B. Hunt Alleged Proximate Causation............................................................................ 4
    C. The Amended Complaint Alleges White's Direction of the RICO
       Enterprise ................................................................................................................... 7

IV. HUNT'S AMENDED FRAUD CLAIM CURES THE DEFECT IDENTIFIED BY
THE COURT (CLAIM NO. 3) ........................................................................................... 8

V. CIVIL AIDING AND ABETTING FRAUD (CLAIM NO. 4) ........................................ 10

VI. BREACH OF CONTRACT (CLAIM NO. 5: AGAINST UFC ONLY) ........................... 10

VII. UNJUST ENRICHMENT (CLAIM NO. 7) ..................................................................... 11

VIII. CIVIL AIDING AND ABETTING BATTERY (CLAIM NO. 9) ................................... 12

IX. CIVIL CONSPIRACY TO COMMIT FRAUD AND BATTERY ................................... 13
(CLAIM NO. 10) ............................................................................................................... 13

X. CONCLUSION .................................................................................................................. 14

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8060065.1

i

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Page

**Cases**

*Bridge v. Phoenix Bond & Indem. Co.*
  553 U.S. 639, 654 (2008) .................................................................................................. 3, 4
*Canyon Cty. v. Syngenta Seeds, Inc.*
  519 F.3d 969, 976 (9th Cir. 2008) ........................................................................................ 3
*Cedric Kushner Promotions, LTD v. King*
  533 U.S. 158, 164-65 (2001) ................................................................................................ 7
*Certified Fire Prot. Inc. v. Precision Constr.*
  283 P.3d 250, 257 (Nev. 2012) ..................................................................................... 11, 12
*Diaz v. Gates*
  420 F.3d 897, 898 (9th Cir. 2005) ........................................................................................ 4
*Dow Chemical Co. v. Mahlum*
  970 P.2d 98, 112 (Nev. 1998) ............................................................................................. 10
*Eikelberger v. Tolotti*
  611 P.2d 1086, 1088 (1980) ................................................................................................ 13
*G.K. Las Vegas Limited Partnership v. Simon Property Group, Inc.*
  460 F.Supp.2d 1246, 1261 (D. Nev. 2006) ......................................................................... 10
*Gagnon v. State of Nevada*
  No. 2:13-CV-00528 (JAD) (PAL), 2016 WL 2993599, at *1 (D. Nev. May 23, 2016) ............ 14
*GES, Inc. v. Corbitt*
  21 P.3d 11 (Nev. 2001) ....................................................................................................... 10
*Graham v. City of N. Las Vegas*
  No. 213CV01815KJDVCF, 2015 WL 13237298, at *8 (D. Nev. Nov. 20, 2015) ................... 13
*Harmon v. Tanner Motor Tours of Nev., Ltd.*
  79 Nev. 4, 20, 377 P.2d 622, 630 (1963) ............................................................................ 12
*Holmes v. Security Protection Investor Corp.*
  503 U.S. 258, 269 (1992) ...................................................................................................... 4
*In re Gilead Scis. Sec. Litig.*
  536 F.3d 1049, 1057 (9th Cir. 2008) .................................................................................... 6
*Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*
  74, 110 P.3d 30, 51 (2005) .................................................................................................. 13
*Knevelbaard Dairies v. Kraft Foods, Inc.*
  232 F.3d 979, 989-90 (9th Cir. 2000) ............................................................................ 2, 6, 7
*Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.*
  182 P.3d 764, 767, n. 14 (2008) .......................................................................................... 12
*Mainor v. Nault*
  101 P.3d 308, 317 (2004) .................................................................................................... 12
*Mendoza v. Zirkle Fruit Co.*
  301 F.3d 1163, 1168 n.4 (9th Cir. 2002) ................................................................... 3, 4, 5, 6, 7
*Nevada Indus. Dev., Inc. v. Benedetti*
  741 P.2d 802, 804 (Nev. 1987) ........................................................................................... 11
*NOW v. Scheidler*
  510 U.S. 249, 256 ................................................................................................................. 3
*Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*
  298 F.3d 768, 773 (9th Cir. 2002) ........................................................................................ 5
*South Peninsula Hospital v. Xerox State Healthcare, LLC*
  2016 WL 9244971 at *1 (D.Alaska) ...................................................................................... 2
*State Farm Mut. Auto. Ins. Co. v. Jafbros Inc.*
  860 P.2d 176, 178 (1993) .................................................................................................... 12

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

ii

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES
## (continued)

Page

*Ungaro v. Desert Palace, Inc.*
  732 F. Supp. 1522, 1532 (D. Nev. 1989) .................................................................................. 13

**Statutes**
15 U.S.C. § 15(a) ........................................................................................................................... 6
18 U.S.C. § 1962 ........................................................................................................................... 7

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

iii

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiff, MARK HUNT ("Hunt"), submits this memorandum of points and authorities in opposition to the Motion to Dismiss Hunt's First Amended Complaint filed by Defendants, ZUFFA, LLC ("UFC"), and DANA WHITE ("White").

# I.

# **INTRODUCTION**

This Court granted leave to amend as to six causes of action contained within Hunt's initial complaint, identifying the deficiencies that the Court found with each. Hunt's Amended Complaint addresses each of the Court's concerns, using additional factual allegations combined with a careful analysis of the legal bases for the claims asserted. For example, Hunt set forth concrete financial harm sufficient to constitute RICO damages, and pleaded White's specific text messages that indicated his personal involvement in the illegal scheme. Despite Hunt curing each of the deficiencies this Court found, UFC and White have once again sought to dismiss each of Hunt's remaining claims.

Zuffa and White's motion should be denied as to each of the requests therein. As indicated above, not only has Hunt alleged RICO damages and White's involvement in the RICO scheme, but he has pleaded facts sufficient to establish the plausibility that Defendants' actions were the proximate cause of Hunt's damages. Moreover, UFC scrambles to explain away White's assertions that Lesnar would be rigorously tested on the grounds that those statements are not actionable fraud, but under *Iqbal/Twombley*'s plausibility standard, it is clearly plausible that White was making false assertions to Hunt regarding Lesnar's testing for the purposes of inducing Hunt into fighting Lesnar. As to breach of contract, this Court previously indicated that Hunt need only articulate the specific provisions of the Promotional and Ancillary Rights Agreement ("PARA") that UFC breached, which he did. UFC now argues, incorrectly, that its *only* obligation under the PARA was to pay Hunt, ignoring the myriad of other ways it could (and did) breach its agreement. As to unjust enrichment, UFC's motion misses the mark entirely; Hunt's amended complaint demonstrates that he has set forth a viable claim for unjust enrichment, as Nevada law permits an unjust enrichment claim where a plaintiff has provided services beneficial to defendants, and it would be inequitable for defendants to retain the benefits received from those services, which he did.

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8060065.1

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

Fundamentally, Defendants are seeking to have this Court absolve them of wrong for their fraudulent scheme, rather than permit a fact-finder to fairly hear the evidence and determine Defendants' culpability. At this stage, it is improper for the Court to dismiss any of the challenged causes of action where the facts alleged may just *plausibly* support them. As the facts pleaded in the Amended Complaint more than plausibly give rise to each of the claims therein, this Court should Deny defendants' motion and permit Hunt to move forward with this action without further delay.[1]

## II.

## LEGAL STANDARD

The standard on this motion is undisputed. UFC and White, however, continue their campaign to pervert the legal standard by improperly and inaccurately attempting to supplement and explain away Hunt's factual allegations. "[D]efendants are bound by 'what the complaint says' and may not simply recast plaintiffs' allegations to fit a different non-plausible theory." *South Peninsula Hospital v. Xerox State Healthcare, LLC,* 2016 WL 9244971 at *1 (D.Alaska) (citing *Knevelbaard Dairies v. Kraft Foods, Inc*., 232 F.3d 979, 989-90 (9th Cir. 2000)). "Here, Defendants' Motion ignores this uncontroversial standard and repeatedly attempts to refute the factual allegations set forth in the FAC by improperly introducing [Defendants'] own version of the facts." *Id.* "Plaintiffs must be permitted to prove their case, based on the facts they have alleged in their FAC (and not those asserted by [Defendants] in its Motion to refute Plaintiffs' facts)." *Id.* This tactic is a recurring defect in Defendants' analysis, most prevalent in their causation arguments. Defendants cannot substitute their factual theories, including causation, for Hunt's factual allegations. "These disputed claims of causation and injury cannot be decided on a Rule 12(b)(6) motion." *Knevelbaard*, 232 F.3d at 989.

/ / /

/ / /

/ / /

---

[1] Hunt hereby incorporates by this reference his opposition to Defendants' first motions to dismiss, ECF Nos. 19 and 42, and Hunt's opposition to Lesnar's second motion to dismiss, ECF No. 78.

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

112567-00001
8060065.1

2

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

# III.

# HUNT'S RICO CLAIMS ARE ADEQUATELY PLEADED

# (CLAIM NOS. 1 &2)

This Court dismissed Hunt's RICO claims against UFC and White with leave to amend for three reasons: (1) standing (injury to a business or property interest); (2) causation; and (3) as to White, for want of specific allegations against him.

**A. Hunt Has Alleged Loss to "Business or Property"**

Hunt's First Amended Complaint identifies concrete financial losses to his business and property, including losses in: advertising revenue; lost appearance fees; lost title fight compensation; book sales revenue; depressed wages; decreased brand valuation; "lost opportunity to acquire valuable rights" (*Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 654 (2008)); and loss of the right to "unhampered business relations" (*Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1168 n.4 (9th Cir. 2002))" ECF No. 64 at ¶¶ 113, 111, 29, 116, 121, 64, 29, 99, 126-152. These concrete, tangible, financial injuries remedy any prior deficiency regarding standing. While Hunt contends each is independently sufficient to satisfy the standing requirement, two such categories confer standing as a matter of law. "In the RICO context, '[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Mendoza,* 301 F.3d at 1168 (citing *NOW v. Scheidler*, 510 U.S. 249, 256).

First, the First Amended Complaint lists actual, professional, appearances by Hunt that were cancelled constituting lost fees in excess of $90,000.00. ECF No. 64 at ¶ 112 (containing a table demonstrating six (6) appearance fees lost). Even *Canyon County,* cited by Defendants, recognizes that money is property. *Canyon Cty. v. Syngenta Seeds, Inc*., 519 F.3d 969, 976 (9th Cir. 2008). (As discussed, *infra*, causation is also satisfied because Hunt alleges the appearances were cancelled because of Defendants' RICO scheme.) Thus, this category of damages alone perfects Hunt's statutory standing.

Second, Hunt's First Amended Complaint details how Defendants' doping scheme depressed Hunt's wages, bringing Hunt's complaint squarely within *Mendoza's* standing holding.

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8060065.1

3

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Mendoza,* 301 F.3d at 1168; ECF No. 64 at 27, 101, 121 (alleging "UFC's wrongful doping scheme artificially increases the fighter pool and allows inferior competitors to succeed who would otherwise be incapable of becoming professional mixed martial artists. This illegitimate surplus of fighters in the heavyweight division depressed and continues to depress wages of HUNT.") This allegation is directly on point with *Mendoza* defendants' wrongful manipulation in the work force by knowingly hiring undocumented agricultural workers, resulting in depressed wages. Here, UFC and White wrongfully manipulated the MMA work force by knowingly hiring doping fighters (and assisting in the concealment of their doping), resulting in depressed wages to clean fighters by inflating the fighter pool. Like *Mendoza*, Hunt has also alleged market power. *Mendoza*, *supra,* at 1171; ECF No. 64 at ¶ 12.

Pre-*Mendoza*, courts required a showing of "concrete financial loss," whereas the Ninth Circuit in *Mendoza* expanded the damages that give RICO standing to a plaintiff to include "legal entitlement to business relations unhampered by schemes prohibited by the RICO predicate statutes." *See discussion*, *Diaz v. Gates*, 420 F.3d 897, 898 (9th Cir. 2005). Hunt has alleged both concrete financial loss, as well as an entitlement to business relations unhampered by the Defendant's illegal schemes. Hunt's amended complaint demonstrates "concrete financial loss" by specifying lost advertising and appearance, reduced book sales, and related brand devaluation. As such, Hunt has alleged damages of the category that are sufficient to confer RICO standing.

## B. Hunt Alleged Proximate Causation

Hunt has cured any prior deficiency as to causation. To the extent any dispute over causation exists, Hunt's causation allegation, if plausible, *must* be accepted as true. All that is required, as set forth in Hunt's opposition to Lesnar's motion to dismiss, is a plausible allegation of "some direct relation" between Defendants' wrongful conduct and Hunt's damages. *Bridge v. Phoenix Bond & Indem. Co.*, 533 U.S. 639, 654 (2008) quoting *Holmes v. Security Protection Investor Corp.*, 503 U.S. 258, 269 (1992).[2] Hunt's Amended Complaint shows "some direct

---

[2] As Hunt has explained in his opposition to Lesnar's Motion to Dismiss, the Ninth Circuit has adopted a three-factor analysis to evaluate standing that focuses on the "most direct victim" test. *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1055 (9th Cir. 2008). For the sake of avoiding repetition, Hunt will not repeat the same arguments as to why he satisfies the three-factor analysis, but submits that he satisfies all three factors.

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

112567-00001
8060065.1

4

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

relation," providing him with RICO standing.

Injury to Hunt's business and property interests is set forth immediately above. His First Amended Complaint alleges that he would have avoided these injuries had he known of Defendants' doping scheme. ECF No. 64 at ¶ 117. ("Had HUNT known of WHITE, UFC and LESNAR's doping scheme, HUNT would have declined the fight, negotiated a far more lucrative agreement contemplating a clean fighter being subjected to hand-to-hand combat with a doping fighter, or otherwise protected his interests.")[3] Thus, the lone remaining inquiry is whether Hunt's factual allegation is plausible. It is. Had Defendants not engaged in their illegal RICO predicate, Lesnar would have been forced to either a) admit that he was doping; b) tested positive for doping or c) ceased doping sufficient time before UFC 200 to be a clean fighter. Under any of the possible scenarios, Hunt, based on the allegations of his Amended Complaint, would have avoided fighting a cheating fighter. And fighting a cheating fighter is precisely what caused Hunt's damages. At this point, Hunt intends to introduce expert testimony at trial describing the advantages a doping fighter has over a clean fighter, which will demonstrate to the jury the impact Lesnar's cheating had on the UFC 200 fight, and, as a result, on Hunt's business and property interests.[4] As there is a plausible causal connection between Defendants' conduct and Hunt's damages, it would be improper for this Court to dismiss this claim at this juncture.

Additionally, it is irrelevant whether Defendants can conceive of other plausible causation theories. "A proximate cause is not the same thing as the sole cause. [Citation omitted.] Instead, the proximate cause of an injury is 'a substantial factor in the sequence of responsible causation.'" *Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*, 298 F.3d 768, 773 (9th Cir. 2002). The *Mendoza* court found that, although "factors other than the scheme coupled with the growers' power in the relevant labor market could account for the plaintiffs' depressed wages," it was improper for the district court to dismiss the RICO claims on that basis. *Mendoza*, *supra*, 301 F.3d at 1171.

---

[3] The addition of this allegation precludes any finding of attenuation or speculation, because absent Defendants' doping scheme, Hunt could have made an informed decision to protect his interests— decisions within Hunt's exclusive control cannot be said to be speculative. He was wrongfully deprived of making that decision.

[4] Hunt has alleged on information and belief, for example, that organizers from his six (6) canceled appearances, will testify under penalty of perjury that Hunt's appearance was canceled because of the UFC 200 loss (including the lopsided manner of the loss).

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8060065.1

5

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Hunt's detailed factual allegations describe a comprehensive doping scheme culminating in UFC 200. Lesnar, White, and UFC profited handsomely as a result of this scheme. Lesnar was permitted to fight, and the UFC 200 card had the benefit of his star power and resultant monetary success of the event. Hunt, on the other hand, as alleged, suffered concrete financial losses as a result of Defendants' conduct. *Mendoza*'s analysis, as discussed in Hunt' opposition to Lesnar's motion to dismiss, is not disturbed by *Iqbal* or *Twombly*. See ECF No. 78 at Part II.A. *Iqbal/Twombly* address only a "plausibility" standard; notably, whether prophetic or coincidental, the Ninth Circuit opinion in *Mendoza* stated plaintiff's causation allegations were "at least plausible enough to survive a motion to dismiss." *Mendoza,* 301 F.3d at 1171. As such, *Iqbal/Twombly*'s "plausibility" standard does not detract from *Mendoza*'s causation holding.

The *Mendoza* court borrowed liberally from its *Knevelbaard* opinion, an antitrust case, noting: "[t]his statute is quite similar to the antitrust statute granting standing to 'any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws,' 15 U.S.C. § 15(a), and consequently the two have been interpreted in tandem." *Mendoza,* 301 F.3d at 1168. The point of *Mendoza,* like *Knevelbaard* is clear— unless there is *no* plausible connection between the defendant's conduct and plaintiff's damages, "*disputed claims of causation and injury cannot be decided on a Rule 12(b)(6) motion*." *Knevelbaard*, 232 F.3d at 989 (emphasis added); *see also*, *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1057 (9th Cir. 2008) ("[S]o long as the plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary grounds . . . . So long as the complaint alleges facts that, if taken as true, plausibly establish loss causation, a Rule 12(b)(6) dismissal is inappropriate.").

As set forth above, there are more than merely plausible connections between Defendants' actions and Hunt's damages. Beyond the direct harm to Hunt's business and property, *Knevelbaard* and *Mendoza* found actions that caused a deflated market for products or labor to satisfy RICO causation requirements. Indeed, as set forth above, Hunt has alleged that Defendants artificially inflated the fighter pool, or simply made it more difficult for clean fighters to earn wins against cheating opponents. These direct one and two-step causal chains are far less attenuated than the

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8060065.1

6

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

complex causation theories of *Knevelbaard*. Even there, the court noted "[w]hether experts will be able to measure the difference between the allegedly restrained price for milk and the price that would have prevailed but for the antitrust violation remains to be seen; in deciding a Rule 12(b)(6) motion we are dealing only with the complaint's allegations, which in this instance do not make the claim speculative." *Mendoza*, 301 F.3d at 1171 (citing *Knevelbaard*, 232 F.3d at 991). Because Hunt has alleged a more than plausible causal relationship between Defendants' actions and his RICO-compensable damages, this Court should not dismiss Hunt's RICO claims on the basis of causation.

**C. The Amended Complaint Alleges White's Direction of the RICO Enterprise**

This Court previously ruled Hunt's original complaint lacked sufficient allegations against White as to his racketeering conduct and operation of the RICO enterprise. ECF No. 65 at 41:14-25 (referring to 18 U.S.C. § 1962, making it unlawful through a pattern of racketeering activity to acquire or maintain, directly or indirectly, any interest or control of a RICO enterprise, or to conduct or participate, directly or indirectly, the enterprise's affairs). The Court properly gave Hunt leave to amend, not knowing "what facts [Hunt] left on the cutting room floor." *Id.* at 48:15-18. Hunt's First Amended Complaint reveals those facts and supplements the allegations against White, demonstrating his orchestration of the RICO enterprise.

The Supreme Court has held that "[a] corporate employee who conducts the corporation's affairs through an unlawful RICO 'pattern . . . of activity'" can be personally liable as a RICO defendant. *Cedric Kushner Promotions, LTD v. King*, 533 U.S. 158, 164-65 (2001). White is distinct from UFC in that he "conduct[ed] the [LLC's] affairs in a RICO-forbidden way." *Id*. White *personally* engaged Hunt in the negotiations over UFC 200. Thus, regardless of Defendants' attempt to misinterpret Hunt's the factual allegations, Hunt has adequately alleged that the enterprise was used by White as a "vehicle" for unlawful activity. *Id.* at 164. White's written messages were fraudulent representations and omissions in furtherance of Defendants' RICO conduct.[5] ECF No. 64 at ¶¶ 29, 57, 62, 63, 72. White was not a passive bystander in the scheme,

---

[5] The representation constituting wire fraud need not be false because Hunt has alleged White's representations, false or not, were for the purpose of executing the fraudulent scheme and artifice. 18 U.S.C. § 1343.

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

112567-00001
8060065.1

7

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

but actively participated and directed the enterprise, benefitting not just Lesnar and UFC, but White personally.

## IV.

## HUNT'S AMENDED FRAUD CLAIM
## CURES THE DEFECT IDENTIFIED BY THE COURT
## (CLAIM NO. 3)

As discussed in Hunt's opposition to Lesnar's motion to dismiss, Hunt's First Amended Complaint cures the previous deficiencies identified by the Court. ECF No. 78. Specifically, the Court identified two defects as to Hunt's fraud and false pretenses claims. First, the Court noted there is no statutory private right of action, and invited Hunt to "reassert these claims under the common law elements and common law claims." ECF No. 65, 43:4-5. Second, the Court noted that, as to Defendant White only, "there's nothing pled against White to satisfy or to form a basis for the fraud claim . . . ." The Court did not find the claim lacked specificity in any respect, aside from allegations against White.

Again, as to the first issue, Hunt's Amended Complaint consolidated fraud and false pretenses claims and reasserted them as a consolidated common law fraud claim, adhering to the Court's guidance on curing a mislabeled claim. Aside from this technical defect, the Court summarily rejected Defendants' arguments, noting that their contention was that *evidence* would "cut[] strongly against reliance." ECF No. 65 at 44:9-15. The Court then correctly declined to accept Defendants' proffered version of the facts, adhering to Hunt's well pleaded factual allegations in "the four corners of the Complaint." ECF No. 65 at 44:12-14.

As to the second issue, Hunt's amended complaint directly addresses the Court's requirement of alleging more facts as to White. Specifically, Hunt sets forth direct quotes from a series of messages between White (who was acting not only for his own pecuniary benefit but also as UFC's spokesperson) and Hunt. Those conversations demonstrate that, notwithstanding any public showmanship, Hunt relied on White's statement that White and UFC would rigorously test Lesnar to ensure he was a clean fighter. At the time White made these statements, however, Defendants were engaged in a scheme to delay Lesnar's entry into the testing pool and conceal his

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8060065.1

8

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

doping. Thus, Hunt has cured any pleading deficiency as to the fraud claim.

Despite having addressed all issues previously identified by the Court, Hunt addresses a few additional issues raised by UFC and White. First, they contend the written messages included in the First Amended Complaint are not false representations made "***by the defendant***." ECF No. 71 at 16:19-20 (bold and italics in original). That assertion is demonstrably false. Hunt specifically alleges false representations (and omissions), which include the written messages made by White. *See* e.g. ECF No. 64 at ¶¶ 57, 61, 62, 63. White was a substantial owner of Defendant UFC; his statements were for his own pecuniary benefit and were made as an agent for UFC, and his statements can and should be taken against both Defendants.

Second, UFC and White raise a "straw man" argument in their discussion of the 2016 Promotional and Ancillary Rights Agreement. ECF No. 71 at 16:25-17:13. The fraud alleged concerns, primarily, UFC 200 (Hunt alleges the fraud was and is a part of a larger RICO pattern), entirely distinct from Hunt's contract claim.

Third, Defendants attempt to characterize White's representations[6] as non-actionable, non-quantifiable opinions. Defendants offer a misguided analysis, suggesting it is impossible to quantify what "testing the s—t" out of someone means. See ECF No. 71 at 17:22-27. Defendants' argument in this regard seems disingenuous. Clearly, White was communicating, not just diligence, but a false good faith, in ensuring Lesnar was not a cheating fighter; it is a simple question for the fact-finder as to whether White communicated information regarding Lesnar's testing that was inaccurate. White's use of profanity does not render his assertion unintelligible. Moreover, Hunt has alleged an unqualified sham doping scheme. The exact number of times Defendants colluded to manipulate test results leading up to UFC 200 is immaterial.

Hunt's fraud claim is adequately pleaded, and specifically remedied the two issues identified in this Court's prior ruling. Hunt has adequately put Defendants on notice that Lesnar was doping, Defendants colluded and concealed it by false representation and omission, Hunt relied on the representations and omissions, and was harmed.

---

[6] Defendants do not appear to challenge Hunt's allegation of fraudulent omissions.

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8060065.1

9

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

V.

**CIVIL AIDING AND ABETTING FRAUD**

**(CLAIM NO. 4)**

Civil aiding and abetting has three elements: (1) the substantive tort was committed; (2) defendant was aware of its role in promoting the tort; and (3) that defendant knowingly and substantially assisted in the commission of the tort. *Dow Chemical Co. v. Mahlum*, 970 P.2d 98, 112 (Nev. 1998), disapproved on other grounds in *GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001); *G.K. Las Vegas Limited Partnership v. Simon Property Group, Inc.*, 460 F.Supp.2d 1246, 1261 (D. Nev. 2006). Hunt alleges each defendant committed a fraud, that each other defendant was aware of its role in promoting the fraud, and knowingly and substantially assisted in its commission. ECF No. 64, ¶¶ 161-176. Thus, Hunt has sufficiently pleaded that *all* Defendants were aiding and abetting *in every other defendant's* fraud. ECF No. 64, ¶¶ 161-176. Thus, for example, if the Court finds fraud has been properly pleaded against one or two defendants, then the aiding and abetting claim is properly pleaded *as to all defendants*. Because fraud has been properly pleaded against all Defendants (although a claim against any *one* would suffice), aiding and abetting is properly pleaded against all Defendants, including White and UFC.

VI.

**BREACH OF CONTRACT**

**(CLAIM NO. 5: AGAINST UFC ONLY)**

This Court identified a single deficiency in Hunt's breach of contract claim at the initial motion to dismiss hearing. The lone issue was a failure to specifically identify the breached contractual provision: *". . . you didn't identify what party of what agreement got breached."* ECF No. 65 at 45:13-14. Hunt's amended complaint identifies the provision breached. Hunt's First Amended Complaint alleges at paragraph 180: "Specifically, UFC agreed under the PARA at section 3.1 and UFC 200 Bout Agreement (incorporating the PARA) that 'ZUFFA shall comply with and be bound by the rules and regulations of the Athletic Commission.'" Hunt further identified four such rule violations. ECF No. 64 at ¶ 182.

Defendants' breach of contract argument largely suffers from the same misguided analysis

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8060065.1

10

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

as the other non-RICO claims. Defendants seemingly attempt to apply certain heightened RICO pleading standards to the remaining claims where those standards do not actually exist. Here, it is the element of damages. Hunt alleged financial harm. ECF No. 64 at ¶¶ 177, 185. No heightened pleading standard for damages in breach of contract exists. Defendants' hollow recitation that Hunt was paid what he was owed under the agreement ignores the allegations of the complaint alleging damages. *Id.* Failure to pay a contract sum is not the only way to breach a contractual performance obligation. Hunt agreed to the PARA, not just because of the fight purse amounts, but because of the prospects of improving his brand, and promotional and business opportunities by competing in the UFC against clean fighters (the UFC publicly declares it has "the best anti-doping program in all of professional sport" in its anti-doping policy). Hunt has generally alleged financial damage in excess of the purse amounts. Nothing more is required.

## VII.

## UNJUST ENRICHMENT

## (CLAIM NO. 7)

This Court dismissed this claim in the original complaint for only one reason, concluding Hunt had not sufficiently identified a right belonging to him. ECF No. 65 at 47:14-25. Hunt's amended complaint clarifies his claim sounds in *quasi-contract,* which is set forth fully in Hunt's opposition to Lesnar's motion to dismiss. ECF No. 78 at Part V. The majority of UFC and White's argument, however, raises contract defenses already rejected by the Court when it noted that, even if Defendants had a viable argument, ". . . you could also at this point allege inconsistent theories. And so I'm not going to dismiss it on that basis . . . ." ECF No. 65 at 47:8-10.

Hunt incorporates his discussion raised in his opposition to Lesnar's motion to dismiss, ECF No. 78 at Part V. As to Hunt's amended unjust enrichment claim, **Nevada law does not require Hunt to show a legal entitlement to recover in unjust enrichment**. Hunt need only show that he provided services beneficial to Defendants and that it would be unjust for Defendants to retain the benefits they received from those services. *Certified Fire Prot. Inc. v. Precision Constr.,* 283 P.3d 250, 257 (Nev. 2012) (hereafter "*Certified Fire*"); see also *Nevada Indus. Dev., Inc. v. Benedetti,* 741 P.2d 802, 804, n. 2 (Nev. 1987) (holding "[u]njust enrichment is the unjust retention

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8060065.1

11

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

of a benefit to the loss of another, <u>or</u> the retention of money or property of another against the fundamental principles of justice or equity and good conscience").[7] This is inherent in equitable claims, which provide recovery *regardless of a legal entitlement*. Indeed, equity is often invoked *because of* an insufficient remedy at law. *See e.g. Harmon v. Tanner Motor Tours of Nev., Ltd*., 79 Nev. 4, 20, 377 P.2d 622, 630 (1963); *Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc*., 182 P.3d 764, 767, n. 14 (2008); *State Farm Mut. Auto. Ins. Co. v. Jafbros Inc*., 860 P.2d 176, 178 (1993).

Hunt has alleged an unjust enrichment claim to "**strip a wrongdoer [UFC, White, and Lesnar] of all profits gained** . . . ." *Certified Fire*, *supra*, 283 P.3d at 257 (emphasis added); ECF NO. 64 at ¶¶ 204, 208. <u>Hunt need not prove an entitlement to the benefits conferred on Defendants</u>. *See Certified Fire*, *supra*, 283 P.3d at 258. Plaintiff is only required to demonstrate he conferred "**services beneficial to** or at the request of another" and that it "is unjust for him to retain [the benefit]…" *Id.* at 257-58 (emphasis added).

For the foregoing reasons, Hunt has amended his complaint to cure the lone defect as to all Defendants. Hunt's complaint alleges that he provided services that were beneficial to Lesnar, White, and UFC, in circumstances under which it would be inequitable for the Defendants to retain their ill-gotten gains. Indeed, the entirety of the complaint describes a clean fighter, Hunt, was deceived and cheated by the conspiring Defendants, who profited through their scheme. Here, again, Defendants may plead their innocence, but the factual allegations of Hunt's amended complaint must control over Defendants' claims of being blameless bystanders. Hunt's allegations, which will be proven but are now assumed true, pray for equity. As such, Hunt has properly alleged a claim for disgorgement based on unjust enrichment.

## VIII.
## CIVIL AIDING AND ABETTING BATTERY
## (CLAIM NO. 9)

Hunt hereby incorporates his discussion, *supra,* regarding Civil Aiding and Abetting Fraud.

---

[7] Defendants' citation to *Mainor v. Nault*, 101 P.3d 308, 317 (2004) does not disturb the continuing validity of *Certified Fire,* which *Mainor* predates.

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8060065.1

12

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

The same analysis applies. Here, however, battery has been pleaded against Lesnar only. ECF No. 64 at ¶¶ 209-213. Thus, because battery is properly pleaded against Lesnar, Civil Aiding and Abetting is properly pleaded against UFC and White.

IX.

**CIVIL CONSPIRACY TO COMMIT FRAUD AND BATTERY**

**(CLAIM NO. 10)**

"An actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Ungaro v. Desert Palace, Inc.*, 732 F. Supp. 1522, 1532 (D. Nev. 1989). *Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 74, 110 P.3d 30, 51 (2005), cited by Lesnar, parses the elements of a civil conspiracy as: (1) a conspiracy (an agreement to do something illegal, e.g. commit a battery), (2) an overt act in furtherance of the conspiracy, and (3) damages. Hunt has alleged each. First, he alleges a conspiracy to do something illegal (battery and fraud), ECF No. 64 at ¶¶ 219-222. Second, Hunt alleged overt acts in furtherance of the conspiracy (the factual allegations of the wrongful doping scheme, which are incorporated at paragraph 219). Third, Hunt alleges damages. ECF No. 64 ¶ 223. Notably, the damages need not be alleged with specificity, nor is there a requirement that they qualify as a business or property interest.

UFC and White's analysis is misguided for the same reason as Lesnar's. It attempts to create the additional element that the underlying tort be completed. See ECF No. 71 at 21:8-16. As set forth above, no such fourth element exists requiring the target offense to be completed. Defendants' citation to *Graham v. City of N. Las Vegas*, No. 213CV01815KJDVCF, 2015 WL 13237298, at *8 (D. Nev. Nov. 20, 2015) is unpersuasive insofar as *Graham* explicitly indicates that conspiracy can be predicated on "some injurious act by lawful means." *Ibid.* Moreover, *Graham* is expressly premised on *Eikelberger v. Tolotti*, 611 P.2d 1086, 1088 (1980), which held that "an act lawful when done, may become wrongful when done by many acting in concert taking on the form of a conspiracy which may be prohibited if the result be hurtful to the individual against whom the concerted action is taken." In other words, even if the underlying act is not actionable, the conspiracy may be.

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8060065.1

13

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

Because Hunt has pleaded that Defendants engaged in a conspiracy to commit fraud and battery, completed overt acts in furtherance of the conspiracy, and that he suffered damages, he has adequately pleaded every element of civil conspiracy.

## X.

## CONCLUSION

Hunt respectfully requests this Court to deny Defendants' motion in its entirety. If the Court is inclined to grant Defendants' motion as to any claim, Hunt requests the Court to make such an order *without prejudice* and *with leave to amend*. See Gagnon v. State of Nevada, No. 2:13-CV-00528 (JAD) (PAL), 2016 WL 2993599, at *1 (D. Nev. May 23, 2016). Further, because Hunt has not had the opportunity to conduct discovery with respect to his claims, Hunt requests the opportunity to conduct discovery prior to any claim being dismissed with prejudice.

DATED: July 17, 2017

HIGGS FLETCHER & MACK LLP

By: */s/ Christina M. Denning*
CHRISTINA M. DENNING, ESQ.
SCOTT J. INGOLD, ESQ.
Attorneys for Plaintiff
MARK HUNT

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8060065.1

14

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

# **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5 and the Court's Local Rules, the undersigned hereby certifies that on this day, July 17, 2017, a copy of the foregoing document entitled **MARK HUNT'S OPPOSITION TO DEFENDANTS ZUFFA, LLC'S AND DANA WHITE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** was filed and served through the Court's electronic filing system (CM/ECF) upon all registered parties and their counsel.

                                          */s/ Barbara Lodovice*
                                          Barbara Lodovice
                                          An employee of Higgs Fletcher & Mack LLP

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8060065.1

15

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT