CHRISTINA M. DENNING, ESQ. (CA Bar No. 211137)
denningc@higgslaw.com
SCOTT J. INGOLD, ESQ. (NV Bar No. 11818)
ingolds@higgslaw.com
JOSEPH A. GONNELLA, ESQ. (CA Bar No. 306619)
gonnellaj@higgslaw.com
Higgs Fletcher & Mack LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
T: 619.236.1551
F: 619.696.1410

JAMES F. HOLTZ, ESQ. (NV Bar No. 8119)
james.holtz@holtzapc.com
LAW OFFICE OF JAMES F. HOLTZ
1120 Town Center Drive, Suite 200
Las Vegas, NV 89144
T: 702.304.1803
F: 702.304.1822

Attorneys for Plaintiff
MARK HUNT

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK HUNT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, a Nevada limited liability company; BROCK LESNAR, an individual; DANA WHITE, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | **Case No.: 2:17-cv-00085-JAD-CWH**<br><br>**MARK HUNT'S POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS ZUFFA, LLC'S AND DANA WHITE'S REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. CIV. P. 12(B)(6)** |

/ / /

/ / /

/ / /

/ / /

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8056566.1

Case No.: 2:17-cv-00085-JAD-CWH
OPPOSITION TO ZUFFA AND WHITE RJN

Plaintiff, Mark Hunt ("Hunt"), respectfully requests that this Court deny Zuffa, LLC's and Dana White's ("Defendants") Request for Judicial Notice of Exhibits 2 through 11. This Court should exclude Defendant's extrinsic evidence because the exhibits were not incorporated by reference into Hunt's complaint, are not properly considered as public records, and this Court's consideration of Defendants' Motion to Dismiss should be limited to the pleadings.

## I.
## LEGAL STANDARD

"[A] district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)); *see Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (holding when the legal sufficiency of a complaint's allegation is tested by a 12(b)(6) motion, "review is limited to the complaint."). An exception to this general rule is the doctrine of judicial notice pursuant to Federal Rule of Evidence 201. A court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment, but may not take judicial notice of a fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b); *Lee*, 250 F.3d at 689 (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 204 (9th Cir. 1986)). Further, a court may consider material incorporated by reference in a complaint, provided such material is "necessarily relie[d]" upon and of uncontested authenticity. *Lee*, 250 F.3d at 688 (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998)).

## II.
## ARGUMENT

This Court should deny each of Defendants' requests for judicial notice, as discussed fully below. However, to the extent the Court takes judicial notice of any such documents, it should be limited to the mere fact that the documents exist, because the contents of the documents are highly disputed. *See Lee*, 250 F.3d at 690 (noting that a court may judicially notice another court's opinion, but "not for the truth of the facts recited therein"); *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964 974-976 (E.D. Cal. 2004) (denying judicial notice of the "veracity or

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8056566.1

2

Case No.: 2:17-cv-00085-JAD-CWH
OPPOSITION TO ZUFFA AND WHITE RJN

1 authenticity of any arguments or conclusions of fact or law"); *see also Montana Dep't of Revenue*
2 *v. Blixseth*, No. 2:13-CV-01324-JAD, 2016 WL 1183084, at *2 (D. Nev. Mar. 28, 2016) (denying
3 request for judicial notice to the extent it seeks judicial notice of the truth of its contents); *see also*
4 *Carrillo v. Gillespie,* No. 2:12-CV-02165-JAD, 2014 WL 1307454, at *7 (D. Nev. Mar. 28,
5 2014) (holding Court could not take judicial notice of the truth or perjury regarding contents of
6 police officer's sworn statement, because it was "subject to reasonable dispute" (interpreting Fed.
7 R. Evid. 201)).

**A. This Court Should Deny Defendants' Motion as to Exhibits 2-8, 10, and 11 Because They Were Not Incorporated by Reference and Are Not Judicially Noticeable**

10 Hunt did not incorporate Exhibits 2-8, 10, and 11 by reference, because Hunt's complaint
11 in no way relies on those Exhibits. "[A] district court ruling on a motion to dismiss may consider
12 a document . . . upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146
13 F.3d 699, 706 (9th. Cir. 1998) (citing to *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 146
14 F.3d 699, *superseded in part by statute as stated in Abrego v. Dow Chemical Co.*, 443 F.3d 676,
15 681-82 (9th Cir. 2006). In *Parrino*, the plaintiff sued his healthcare provider for violating the
16 terms of his HMO. *Parrino,* 146 F.3d at 702. Ruling on the defendants' motion to dismiss, the
17 trial court considered the Master Group Application (i.e. the contract detailing the terms and
18 conditions of plaintiff's HMO). *Id.* at 706. Because the plaintiff's claim rested on his membership
19 in the health plan, and "documents governing plan membership, coverage, and administration
20 [were] essential to his complaint," the trial court properly considered the Master Group
21 Application. *Id.*; *see also Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (where Evel
22 Knievel alleged defamation by publishing a photograph of him, his wife, and an unidentified
23 female fan, Knievel had incorporated by reference the entire online photo gallery where the photo
24 appeared, because no viewer could ever have seen the photograph and its "defamatory" caption in
25 isolation, and the relevant law required a threshold showing of defamation in context); *Or.*
26 *Catholic Press v. Ambrosetti*, 218 F. Supp. 3d, 1158, 1162 n.1 (D. Or. 2016) (deciding a 12(b)(6)
27 motion and declining to consider an email that defendants claimed worked a waiver of plaintiff's
28 claims); *Lenhardt v. Sysco Corp*, CV 16-153-BLG-SPW, 2017 U.S. Dist. LEXIS 45833, at *9-12

(March 28, 2017) (where terminated employee seeks release from a severance plan, defendant may attach that severance plan to the Motion to Dismiss, because the plan necessarily establishes the parties' respective rights and duties at issue).

Here, none of the documents in Exhibits 2-8, 10, or 11 are "essential" to Hunt's complaint. Exhibits 2 and 3 together compose a Promotional and Ancillary Rights Agreement (PARA) from 2014. Exhibits 4-8, 10, and 11 are all extraneous UFC Bout Agreements other than the Bout Agreement for UFC 200. Hunt's claim for breach of contract expressly incorporates the documents controlling the contractual relationship between Hunt and Defendants at the time of breach; namely, the UFC 200 Bout Agreement and the 2016 PARA that detailed relevant rights and duties surrounding UFC 200. (ECF No. 64 at ¶¶ 178, 179.) Unlike *Parrino*, where the plaintiff expressly omitted the controlling contract, Hunt has attached the relevant contracts. Defendants' use of *Parrino* stands for the sensible proposition that a plaintiff may not come before the court, alleging injury, and then refuse to say what the injury is or how it was sustained. It does <u>not</u> mean that a defendant may circumvent Rule 12(b)(6) standards and introduce evidence at the motion to dismiss stage. The facts here also differ markedly from the facts in *Knievel*. There, the defendant sought to have the court notice the actual statement (as defined under the appropriate law) at issue in the action, rather than permit the plaintiff to edit the defendant's publication in a manner that would create a cause of action. Here, Defendants cannot and do not cite to any *law* that indicates Hunt's allegations must include such extraneous documents. Hunt has attached the relevant contract, the breach of which entitles him to damages, and this Court's inquiry should end there at the motion to dismiss stage.

Defendants would also have this Court notice half-a-dozen other extraneous documents, none of which are judicially noticeable or incorporated by reference. If Defendants sought to admit, say, the UFC 200 Bout Agreement because Hunt had not expressly incorporated it, then Defendants' reliance on *Parrino* would be well-placed. Instead, Defendants would have this Court impermissibly weigh extrinsic evidence from outside the complaint by claiming that the mere existence of a contract from August, 2014, somehow negates Hunt's inability to fight between December, 2013 and August, 2014; and that Hunt's other, separate agreements to

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8056566.1

4

Case No.: 2:17-cv-00085-JAD-CWH
OPPOSITION TO ZUFFA AND WHITE RJN

compete in UFC events eradicate his claims regarding Defendants' conduct surrounding UFC 200. To the extent that Defendants wish to contest Hunt's measure of damages, challenge the contractual relationship between Hunt and Defendants, or otherwise dispute any of Hunt's other claims on the merits, they will have ample opportunity to do so at trial or by motion for summary judgment. Such conclusions of fact and law are inappropriate here. *See S. Cal. Edison*, *supra*; *Blixseth*, *supra*. Other than this wholly improper purpose, Defendants claim no other reason that this Court should grant Defendants' request.

Further, Exhibit 7 (the UFC 193 Bout Agreement) is unreadable due to its poor quality, and Defendants' request that this Court notice such a document should be denied on that ground alone. Because Defendants ask this Court to exceed the scope of material of which a court may take judicial notice, and Defendants' request rests solely on improper grounds, this Court should deny Defendants' Request for Judicial Notice as to Exhibits 2-8, 10, and 11.

**B. This Court Should Deny Defendants' Motion as to Exhibit 9 Because it is Beyond the Scope of Judicially Cognizable Public Records, and Because Defendants Seek to Introduce Exhibit 9 For an Improper Purpose**

Defendants would have this Court take judicial notice of a "public record" (a putative entry from the National Library of New Zealand's catalogue) that is anything but subject to judicial notice, and would do so to have this Court summarily adjudicate Hunt's claim for damages by considering evidence outside the complaint. Defendants cite *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) to reqeust this Court to notice an entry in a foreign library's card catalogue. (ECF No. 73 at 5, n. 1) This court should deny Defendants' request for two reasons:

First, *Mack* stands for the rule that "a court may take judicial notice of 'records and reports of administrative bodies.'" *Id.* (quoting *Interstate Nat. Gas. Co. v. S. Cal. Gas Co.*, 209 F.3d 380, 385 (9th Cir. 1953). Exhibit 9, a record of contested authenticity from a foreign library, is simply not of a kind with the state administrative records at issue in the court's collateral estoppel decision in *Mack*, or any other law regarding judicial notice that Defendants may cite. *See id.*

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8056566.1

5

Case No.: 2:17-cv-00085-JAD-CWH
OPPOSITION TO ZUFFA AND WHITE RJN

Second, Defendants claim that the publication date of *Born to Fight* in and of itself defeats Hunt's claim for damages. Defendants ask this court to weigh a single piece of evidence, and reach a dispositive "conclusion of fact or law," despite the fact that Hunt has had no opportunity to introduce evidence of his own. Even assuming that Exhibit 9 could be noticed as a matter of public record—which it clearly may not—this would be improper. *See S. Cal Edison*, *supra*, at 974 ("A court may not take judicial notice of one party's opinion of how a matter of public record should be interpreted.").

Because Exhibit 9 is not subject to judicial notice, and would be introduced for an improper purpose even if it were, this Court should deny Defendants' Request for Judicial Notice as to Exhibit 9.

## III.

## CONCLUSION

For the above reasons, Hunt respectfully requests that this Court deny Defendants' Request for Judicial Notice of Exhibits 2 through 11.

DATED: July 17, 2017                           HIGGS FLETCHER & MACK LLP


By: */s/ Christina M. Denning*
CHRISTINA M. DENNING, ESQ.
SCOTT J. INGOLD, ESQ.
JOSEPH A. GONNELLA, ESQ.
Attorneys for Plaintiff
MARK HUNT

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

112567-00001
8056566.1

6

Case No.: 2:17-cv-00085-JAD-CWH
OPPOSITION TO ZUFFA AND WHITE RJN

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5 and the Court's Local Rules, the undersigned hereby certifies that on this day, July 17, 2017, a copy of the foregoing document entitled **MARK HUNT'S POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS ZUFFA, LLC'S AND DANA WHITE'S REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. CIV. P. 12(B)(6)** was filed and served through the Court's electronic filing system (CM/ECF) upon all registered parties and their counsel.

        */s/ Barbara Lodovice*
Barbara Lodovice
An employee of Higgs Fletcher & Mack LLP

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8056566.1

7

Case No.: 2:17-cv-00085-JAD-CWH
OPPOSITION TO ZUFFA AND WHITE RJN