PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 240-7979
Fax: (866) 412-6992
-and-
HOWARD L. JACOBS, ESQ.
howard.jacobs@athleteslawyer.com
Law Offices of Howard L. Jacobs
2815 Townsgate Road, Suite 200
Westlake Village, California 91361
Tel: (805) 418-9892
Fax: (805) 418-9899
*Attorneys for Defendant Brock Lesnar*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK HUNT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, a Nevada limited liability Company; BROCK LESNAR, an individual; and DANA WHITE, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:17-cv-00085-JAD-CWH<br><br>**DEFENDANT BROCK LESNAR'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PEDNING RULING ON MOTION TO DISMISS MARK HUNT'S FIRST AMENDED COMPLAINT [ECF NO. 68]** |

Plaintiff incorrectly asserts that Defendants are only concerned about RICO discovery, and argues that Plaintiff already agreed to stay that portion of Discovery. (ECF 86 at Par. 2). However, Brock Lesnar's Motion to Stay is not based solely upon Plaintiff's RICO claims. *See*

ECF No. 75 at 7-10. To be clear, Mr. Lesnar is requesting a stay of discovery as to *all* of Plaintiff's Claims and provided supporting authorities for a complete stay pending resolution of Mr. Lesnar's Motion to Dismiss Plaintiff's First Amended Complaint.  Despite Plaintiff's assertions to the contrary, Plaintiff did so only after properly meeting and conferring regarding these issues (on more than one occasion).

I.  **ARGUMENT**

 A. **Defendant Appropriately Met and Conferred in Good Faith Pursuant FRCP Rule 26**

Plaintiff mischaracterizes his agreement with Defendants Zuffa LLC and Dana White to exchange "certain limited discovery, excluding RICO-related discovery." ECF No. 85 at 3:28. It is Mr. Lesnar's counsel's understanding that this is not what was agreed upon. Counsel for Defendants Zuffa LLC and Dana White agreed only to make initial disclosures and to produce Mr. Hunt's fighter file; not the full-scale discovery (excluding RICO claims) that Plaintiff asserts. *See* June 12, 2017 e-mail correspondence between counsel, attached hereto as Exhibit "A."

Next, counsel for Hunt e-mailed all counsel (also on June 12), stating (*inter alia*) "We would expect Lesnar's attorneys to agree to the same production as Hunt's. I would appreciate confirmation from Lesnar's counsel."[1] This e-mail, in the context of the prior email to which it was responding, was nonsensical. Was Plaintiff requesting that Brock Lesnar produce his UFC Fighter file, which would not even be in his possession? Because that was all that Defendants Zuffa and White agreed to produce. Furthermore, what production had Hunt agreed to that it expected Lesnar to agree to produce the same category of documents? This is also not stated in this email exchange or anywhere. In effect, Plaintiff's "meet and confer" on the initial Rule 26 Disclosure issue was that he had agreed to Defendants Zuffa and White's limited production of documents, but demanded that Brock Lesnar agree to a production of documents that was ambiguously described as "the same production as Hunt's."

---

[1] See *Id.*

Unable to produce the same category of documents that Plaintiff had agreed would be acceptable for Defendants Zuffa and White, and unable to agree to the unexplained "same production as Hunt's," Counsel for Lesnar advised (also on June 12) that Mr. Lesnar intended to file a motion to stay based on the proceedings of the May 22, 2017 hearing.[2] There was no "unilateral demand" made by Lesnar, as Plaintiff alleges. ECF 85 at 4:2-5. In any event, the June 12, 2017 email from counsel for Lesnar was not the end of the parties' discussions regarding this discovery issue: on June 26, 2017, Ms. Kendelee Works (co-counsel for Lesnar) spoke with counsel for Plaintiff (Scott Ingold), who stated that he did not believe Plaintiff would stipulate to a stay, but wanted to confirm with co-counsel.[3] On June 27, 2017, Ms. Works attempted to confirm with Plaintiff's counsel once again and followed up by email "to confirm that Plaintiff [would] not agree to a stay of discovery with respect to Mr. Lesnar," and reiterated that assuming that was the case, Mr. Lesnar intended to file a motion to that end. *See* Declaration of Counsel attached hereto as Exhibit "B." *See also* email correspondence between counsel attached hereto as Exhibit "C." In response, Plaintiff's counsel replied, "I haven't been able to confirm that we *can* agree to a stay, so for now you are correct that we have not agreed to a stay of discovery with Mr. Lesnar." *Id.* On that basis, Mr. Lesnar's counsel believed in good faith that they had complied with all meet and confer requirements.

**B.    There is a Strong Likelihood that the Pending Motions to Dismiss Will Be Dispositive as to Defendant Lesnar**

A discovery stay is appropriate pending the resolution of a potentially dispositive motion, where the motion articulates substantial grounds for dismissal. Plaintiff seems to suggest that Defendant Lesnar's Motion to Dismiss only addresses the RICO claims. This is patently false: Defendant Lesnar's Motion to Dismiss the First Amended Complaint sets forth multiple and independent grounds for dismissal of the Amended Complaint in its entirety (as to Defendant Lesnar); and those grounds are summarized in the Motion to Stay. *See* ECF Nos. 68, 71 and 83.

---

[2] See *Id.*

3

      Defendant Lesnar has not merely offered stereotyped or conclusory statements; rather he has shown particular and specific need for the protective order.  F.R.C.P. 26(c).  *See also* Wright & Miller, Federal Practice and Procedure, § 2035.  In this case, Defendant Lesnar has not merely argued that his Motion to Dismiss will succeed; he has adequately argued to this court that Plaintiff has failed to amend his complaint in a fashion that would survive a second motion to dismiss.  [Compare, *Skellerup Industries Ltd. V. City of Los Angeles*, 163 F.R.D. 598, 589 (1995) (defendant City's motion to stay discovery was denied because it was merely conclusory in arguing that its motion to dismiss would succeed).  It is *Plaintiff* who has made conclusory arguments that his Amended Complaint will succeed based on the "preliminary peek, not Defendant Lesnar".  ECF No. 86 at 6:23.

      **C.**    **The Motion to Stay is Warranted**

      A "stay of discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (2011).  With the exception of the addition of a meritless battery claim, much of Plaintiff's amended complaint as to Mr. Lesnar remains unchanged, and therefore unlikely to produce a claim for relief based on this Court's prior hearing on the motions to dismiss.  ECF No. 65. Defendant Lesnar again notes this Court's skepticism as to Plaintiff's claims, and that the First Amended Complaint failed to address any of the most serious concerns raised by this Court on May 22, 2017.

      As Plaintiff concedes, the Court's determination of whether to stay discovery depends only on whether Defendant Lesnar has articulated substantial grounds for dismissal.  The Court has ample briefing on the Motion to Dismiss, and can decide from that briefing whether the requested stay of discovery is warranted, pending the Court's ruling on the Motion to Dismiss.

      **D.**    **The Motion to Stay is Further Warranted Due to the Scope and Burden of Potential Discovery in this Case**

      Presumably, the Court will set a hearing date on the Motion to Dismiss in short order, at which time (based on the prior hearing transcript alone), there is a good cause to believe that Plaintiff's claims against Mr. Lesnar will be dismissed.  Under those circumstances, it is

4

submitted that the Court should not hesitate to find a motion to stay appropriate.  See, *In re Graphics Processing Units Antitrust Litigation*, 2007 WL 1217577 (Dist. Ct. N.D. Cal. July 2007) at *5 ["After full ventilation of the viability *vel non* of the complaint, we will all be in a much better position to evaluate how much, if any, discovery to allow."].

While Plaintiff has agreed to limit the scope of discovery to exclude the RICO claims, he has not similarly agreed to exclude discovery related to the fraud claims.  Given that the RICO claims are based on the exact same facts as the fraud claims, it is clear that this offer would limit discovery in name only, and not in scope.

II. **CONCLUSION**

For all the above reasons, defendant Brock Lesnar respectfully requests that this Court stay discovery until after the Court issues a decision on his Motion to Dismiss.

DATED this 18th day of July, 2017.

CHRISTIANSEN LAW OFFICES

By_____
PETER S. CHRISTIANSEN, ESQ.
KENDELEE L. WORKS, ESQ.

-and-

HOWARD L JACOBS, ESQ.
THE LAW OFFICES
 OF HOWARD L. JACOBS
*Attorneys for Defendant Brock Lesnar*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5 and the Court's Local Rules, the undersigned hereby certifies that on this day, July 18, 2017, a copy of the foregoing document entitled **DEFENDANT BROCK LESNAR'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PEDNING RULING ON MOTION TO DISMISS MARK HUNT'S FIRST AMENDED COMPLAINT [ECF NO. 68]** was filed and served through the Court's electronic filing system (CM/ECF) upon all registered parties and their counsel.

_____
An employee of Christiansen Law Offices

# Exhibit "A"

June 12, 2017 e-mail correspondence between counsel

# Exhibit "A"

**From:** Colby Williams jcw@cw aw v.com
**Subject:** Re: Hunt v. Zuffa; St pu at on to Extend Oppo to Mot on to Stay [IWOV-WORKSITE.FID807856]
**Date:** June 12, 2017 at 12:35 PM
**To:** Ingo d, Scott Ingo ds@h ggs aw.com, Kende ee Works kworks@chr st ansen aw.com
**Cc:** Pete Chr st ansen pete@chr st ansen aw.com, Denn ng, Chr st na Denn ngc@h ggs aw.com, Lodov ce, Barbara A. odov ceb@h ggs aw.com, Lutjens, Me odee L. utjensm@h ggs aw.com, Howard Jacobs howard.jacobs@ath etes awyer.com, Jonathan Cra n jcra n@chr st ansen aw.com, Gonne a, Joseph Gonne aj@h ggs aw.com

Scott,

Thank you for the response and the willingness to grant our request for an extension in light of my deposition schedule the rest of the week. I'll prepare a draft stipulation for your consideration.

Regarding your desire to begin at least limited written discovery, here is what I would propose on behalf of Zuffa and White: We are willing to prepare and serve initial disclosures as well as produce Mark Hunt's fighter file to you (this will first require us to collect the file, load it on to our review platform, and review for privilege). The fighter files normally contain communications between Zuffa and the fighter (though this would not necessarily encompass broader company communications regarding UFC 200). Until the pleadings are settled and we know the scope of the claims that will actually be going forward, I don't think it's productive or cost efficient to begin doing the full scale collection, review, and production that would otherwise be required for this case. When the pleadings are settled, I envision meeting with you and your team to discuss the scope of discovery, a potential ESI protocol, agreed upon custodians to search, etc. I just don't think it makes sense for any party to engage in that process yet until we all know where we stand.

Let me know if this is an acceptable approach. Of course, I do not speak for Mr. Lesnar's counsel who are copied on this e-mail, and I will let them weigh in with their position on the matter.

Thanks,
Colby


J. Colby Williams, Esq.
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101
T: 702.382.5222
F: 702.382.0540
E: jcw@cwlawlv.com

** This message is intended for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this information in error, please notify us immediately by telephone, and return the original message to us at the above address via U.S. Postal Service. Thank You.**

**From:** "Ingold, Scott" <Ingolds@higgslaw.com>
**Date:** Saturday, June 10, 2017 at 9:22 AM
**To:** "jcw@cwlawlv.com" <jcw@cwlawlv.com>, 'Kendelee Works' <kworks@christiansenlaw.com>
**Cc:** Pete Christiansen <pete@christiansenlaw.com>, "Denning, Christina" <Denningc@higgslaw.com>, "Lodovice, Barbara A." <lodoviceb@higgslaw.com>, "Lutjens, Melodee L." <lutjensm@higgslaw.com>, Howard Jacobs <howard.jacobs@athleteslawyer.com>, "jcrain@christiansenlaw.com" <jcrain@christiansenlaw.com>, "Gonnella, Joseph" <Gonnellaj@higgslaw.com>
**Subject:** Re: Hunt v. Zuffa; Stipulation to Extend Oppo to Motion to Stay [IWOV-WORKSITE.FID807856]

Hi Colby,
We're not opposed to an extension. However, we'd also like to get moving on some discovery on the claims we know are going to survive (for now, breach of ICGFFD, but likely others). What do you think about proceeding with some limited written discovery with respect to the UFC 200 (and related communications, circumstances, etc.)? This would mean submission of a discovery scheduling order and initial disclosures. Once the pleading are settled, we can adjust the scope of discovery as appropriate.

Thanks,
Scott

Scott Ingold | Attorney At Law

Phone   (619) 236.1551
Fax     (619) 696.1410
Email   Ingolds@higgslaw.com

# Exhibit "B"

Declaration of Kendelee Works

# Exhibit "B"

PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 240-7979
Fax: (866) 412-6992
-and-
HOWARD L. JACOBS, ESQ.
howard.jacobs@athleteslawyer.com
Law Offices of Howard L. Jacobs
2815 Townsgate Road, Suite 200
Westlake Village, California 91361
Tel: (805) 418-9892
Fax: (805) 418-9899
*Attorneys for Defendant Brock Lesnar*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK HUNT, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, a Nevada limited liability Company; BROCK LESNAR, an individual; and DANA WHITE, an individual; and DOES 1-50, inclusive,<br><br>   Defendants. | Case No. 2:17-cv-00085-JAD-CWH<br><br>**DECLARATION OF KENDELEE L. WORKS IN SUPPORT OF DEFENDANT BROCK LESNAR'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY** |

I, KENDELEE L. WORKS, declare as follow:

1. I am an attorney duly licensed and admitted to practice before the courts of the state of Nevada. I represent Defendant Brock Lesnar in the above-captioned matter.

2. I make this declaration in support of Defendant Brock Lesnar's Reply in Support

of Motion to Stay Discovery.  Based on my review of the files and records in this case, I have personal knowledge of the contents of this declaration and could testify thereto if called upon.

3.   On June 26, 2017, I held a telephone conference with Scott Ingold, counsel for Plaintiff Mark Hunt, to comply with meet and confer requirements.  At that time, I informed him that Plaintiff believes discovery should be stayed entirely as to Mr. Lesnar pending resolution of Defendant Brock Lesnar's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 68].  Mr. Ingold stated that he did not believe Plaintiff would stipulate to a stay, but wanted to confirm with co-counsel.

4.   On June 27, 2017, I followed up with Plaintiff's counsel by email "to confirm that Plaintiff [would] not agree to a stay of discovery with respect to Mr. Lesnar," and reiterated that assuming that was the case, Mr. Lesnar intended to file a motion to that end.  In a responsive email, Plaintiff's counsel replied, "I haven't been able to confirm that we *can* agree to a stay, so for now you are correct that we have not agreed to a stay of discovery with Mr. Lesnar."

5.   Attached as Exhibit A to Mr. Lesnar's Reply is a true and accurate copy of the June 12, 2017 email correspondence between all counsel in this matter.

6.   Attached as Exhibit C to Mr. Lesnar's Reply is a true and accurate copy of the email correspondence between Mr. Ingold and me.

7.   On the basis of the aforementioned communications, counsel for Mr. Lesnar believed in good faith that we had complied with the meet and confer requirements attendant to a discovery motion in this jurisdiction.

8.   I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.

Executed this 18th day of July, 2017, in Las Vegas, Nevada.

_____
KENDELEE L. WORKS

2

# Exhibit "C"

Email correspondence between counsel

# Exhibit "C"

**From:** Ingold, Scott Ingolds@higgslaw.com
**Subject:** RE: Lesnar - stay of discovery? [IWOV-WORKSITE.FID807856]
**Date:** June 27, 2017 at 4:47 PM
**To:** Kendelee Works kworks@christiansenlaw.com
**Cc:** Pete Christiansen pete@christiansenlaw.com, lindsay brandon lindsay.brandon@athleteslawyer.com, Jonathan Crain jcrain@christiansenlaw.com

Hi Kendelee,

I haven't been able to confirm that we *can* agree to a stay, so for now you are correct that we have not agreed to a stay of discovery with Mr. Lesnar.

Thanks,
Scott





**Scott Ingold** | Attorney At Law

Phone   (619) 236.1551
Fax      (619) 696.1410
Email   Ingolds@higgslaw.com

401 West A Street, Suite 2600, San Diego, CA 92101

www.higgslaw.com

Please read the legal disclaimers that govern this e-mail and any attachments.

*TAX ADVICE: Any federal tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing, or recommending any transaction or matter discussed herein.*

**From:** Kendelee Works [mailto:kworks@christiansenlaw.com]
**Sent:** Tuesday, June 27, 2017 4:26 PM
**To:** Ingold, Scott <Ingolds@higgslaw.com>
**Cc:** Pete Christiansen <pete@christiansenlaw.com>; lindsay brandon <lindsay.brandon@athleteslawyer.com>; Jonathan Crain <jcrain@christiansenlaw.com>
**Subject:** Lesnar - stay of discovery?

Hi Scott,

Just following up on our conversation yesterday to confirm that Plaintiff will not agree to a stay of discovery with respect to Mr. Lesnar.  Assuming thats the case, we would like to get our motion for stay filed asap.

Thanks!
KLW

Kendelee L. Works, Esq.
Christiansen Law Offices

810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
Phone (702) 240-7979
Fax (866) 412-6992
klw@christiansenlaw.com