CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
J. COLBY WILLIAMS, ESQ. (5549)
jcw@cwlawlv.com
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

*Attorneys for Defendants*
*Zuffa, LLC and Dana White*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK HUNT, an individual, | Case No. 2:17-cv-00085-JAD-CWH |
| Plaintiffs, | **DEFENDANTS ZUFFA, LLC'S AND DANA WHITE'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE (ECF NO. 73)** |
| vs. | |
| ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, a Nevada limited liability company; BROCK LESNAR, an individual; and DANA WHITE, an individual; and DOES 1-50, inclusive, | |
| Defendants. | |

## INTRODUCTION

Plaintiff Hunt acknowledges that he has expressly incorporated two of the parties' contracts into his FAC: (i) the April 2016 Promotional Agreement (previously filed under seal as part of ECF Nos. 1-7 and 2); and (ii) the UFC 200 Bout Agreement (the fully-executed version of which is attached as Exhibit 1 to the Williams Declaration filed under seal in support of Zuffa's RJN (ECF Nos. 72-73)). *See* Opp. to RJN (ECF No. 89) at 4:7-10. Accordingly, all parties agree the Court may properly consider these documents as part of Defendants' Motion to Dismiss (ECF No. 71).

Hunt, however, opposes the Court's consideration of several other promotional agreements and bout agreements between Hunt and Zuffa (*i.e.*, Exhibits 2-8 and 10-11 to the Williams Decl.) on grounds they were not incorporated by reference into the FAC and that the contents of the documents are "highly disputed." Opp. at 2:23-26. Hunt never explains the basis of the purported dispute. Nor does Hunt contest the authenticity of the contracts, that he signed them, that he performed under them, or that he was paid under them—all of which can be confirmed by numerous public records. While Hunt may wish to dispute the impact the subject records have on the viability of his FAC, he cannot genuinely dispute the Court's ability to consider them when deciding Defendants' Motion to Dismiss.

The other document Hunt challenges (Exhibit 9 to the Williams Decl.) is a public record from New Zealand that simply identifies that Hunt's autobiography was published in 2015. *See* Opp. at 6:1-7. Again, while Hunt may dispute the impact this has on the allegations in the FAC, he cannot seriously dispute the publication date of his own book or that this Court may judicially notice the same.

## ARGUMENT

### A. Governing Principles

One court has aptly explained the doctrine of judicial notice in the context of a motion to dismiss as follows: "[c]ourts may take judicial notice of '*undisputed* matters of public record,' but generally may not take judicial notice of '*disputed* facts stated in public records.' *Lee v. City of Los Angeles,* 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original). Facts subject to judicial notice may be considered on a motion to dismiss. *Mullis v. U.S. Bankr. Ct.,* 828 F.2d 1385, 1388 (9th Cir. 1987)." *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061-62 (C.D. Cal. 2012) (emphasis in original).

Explaining the doctrine of incorporation by reference, which is distinct from judicial notice, the Ninth Circuit has stated:

> In evaluating the context in which the statement appeared, we must take into account all parts of the communication that are ordinarily heard or read with it. In doing so, we deviate from the general rule that courts, when ruling on a motion to dismiss, must disregard facts that are not alleged on the face of the complaint. Our approach is permissible under the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading. We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the content of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.

*Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal quotations and citations omitted). Both doctrines allow the Court to consider the documents at issue herein.

**B.    The Promotional Rights and Bout Agreements (Exhibits 2-8 and 10-11 to the Williams Decl. (ECF No. 72)).**

Hunt argues that the FAC does not incorporate by reference the parties' additional promotional agreements and bout agreements because they are not "essential" to his claims. *See* Opp. at 4:4-5:7. But "essentialness" is not the *sine qua non* of the incorporation by reference doctrine. As the *Knievel* court explains, the doctrine has been "extended . . . to situations in which the plaintiff's claim *depends* on the content of a document[.]" 393 F.3d at 1076 (emphasis added). There is no question that certain of Hunt's damages allegations depend on the subject contracts.

Insofar as Hunt claims he suffered past damages in the form of three "lost fights" and corresponding contractual income under the parties' 2013 Promotional Agreement, *see* FAC ¶ 102(e)-(j), this portion of his claim obviously depends on the continuing existence of the subject contract. Where that contract was superseded during the relevant period by a new agreement

between the parties, Hunt's claimed damages would necessarily depend on the terms of the parties' new contracts. *See* RJN at 4:5-5:13. The same is true insofar as Hunt claims he has been damaged after UFC 200 in the form of "lost opportunities" for career advancement, to further his earning potential, and related harm because of Defendants' alleged conduct. *See, e.g.*, FAC ¶¶ 99; 125; 177-185. These allegations depend on the terms of the parties' 2016 Promotional Agreement (which Hunt admits is incorporated into the FAC) and the bout agreements integrated therein. *See* RJN at 6:1-21. Again, Hunt's counsel admitted at oral argument that Hunt continues to fight under the 2016 Promotional Agreement, and the Court has already taken judicial notice of public records surrounding Hunt's March 4, 2017 bout reflected in Exhibit 10 to the Williams Declaration. *See* Hr'g Tr. at 26:2-6; 27:18; 39:17-19.

As much as Hunt may dislike it, the reality is that he is not permitted to say whatever he wants in a pleading and expect that the Court is inflexibly bound to accept it as gospel under the standards governing a Rule 12(b)(6) motion to dismiss. Where, as here, the allegations of the complaint are contradicted by documents incorporated by reference into the pleading, the Court is not required to accept those allegations as true. *See Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998).

**B.    National Library of New Zealand Card Catalogue (Exhibit 9).**

Hunt seeks damages premised on alleged decreased sales of his foreign-published autobiography, *Born to Fight*, but chastises Defendants for asking the Court to take judicial notice of the date the book was published, claiming the card catalogue from the National Library of New Zealand is "of contested authenticity from a foreign country." Opp. at 5:25-26. That Hunt would contest the publication date of his own book is puzzling and only underscores the apparent lengths to which he will go to perpetuate the incomplete and self-serving narrative advanced in the FAC. In any event, there is no reason why a document from a foreign country

may not be judicially noticed so long as it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* FRE 201(b)(2); *see also In re Ex Parte Application of Jommi*, 2013 WL 6058201, at *2 (N.D. Cal. Nov. 15, 2013) (taking judicial notice of "foreign court documents" and "pages from government websites"). Defendants submit that a card catalogue from the National Library of New Zealand is one such source.

## CONCLUSION

Defendants Zuffa and White respectfully request that the Court grant their Request for Judicial Notice.

DATED this 27th day of July, 2017.

CAMPBELL & WILLIAMS

By      /s/ *J. Colby Williams*
DONALD J. CAMPBELL, ESQ. (1216)
J. COLBY WILLIAMS, ESQ. (5549)
700 South Seventh Street
Las Vegas, Nevada 89101

*Attorneys for Defendants
Zuffa, LLC and Dana White*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing **Defendants Zuffa, LLC's and Dana White's Reply in Support of Request for Judicial Notice (ECF No. 73)** was served on the 27th day of July, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

　　　　　　　　　　　　　　　　　　　　　　/s/ *J. Colby Williams*
　　　　　　　　　　　　　　　　　　　　　An employee of Campbell & Williams