**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARK HUNT,

    Plaintiff,

    v.

ZUFFA, LLC, et al.,

    Defendants.

Case No. 2:17-cv-00085-JAD-CWH

**ORDER**

    Presently before the Court is Defendant Brock Lesnar's motion to stay discovery (ECF No. 75), filed on June 27, 2017. Plaintiff Mark Hunt filed a response (ECF No. 85) on July 11, 2017, and Defendant filed a reply (ECF No. 90) on July 18, 2017. On June 28, 2017, Defendants Dana White and Zuffa, LLC submitted a notice of joinder (ECF No. 77) to the motion to stay.

    Plaintiff is a competitor in "mixed martial arts" ("MMA") who participated in a number of competitions sanctioned by Defendant Zuffa, LLC, operating under the name Ultimate Fighting Championship ("UFC"), against Defendants Brock Lesnar and other unnamed defendants. Defendant Brock Lesnar moves to stay discovery pending a decision on his motion to dismiss Plaintiff's first amended complaint (ECF No. 68). In support of a stay of discovery, Defendant argues that his motion to dismiss, if granted, would dispose of all claims against him, that the motion is likely to be granted, and that no discovery is necessary for the Court to adjudicate the motion. Plaintiff opposes a stay, arguing that Defendant fails to show that the motion to dismiss will be granted and dismiss all claims against Mr. Lesnar.

    It is within the Court's broad discretion over discovery to determine whether a stay of discovery is appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In determining whether to stay discovery pending resolution of a dispositive motion, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). In order to determine if a

stay is appropriate, the court considers whether (1) the pending motion is potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013).  Further, "a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief." *Tradebay LLC V. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).  Courts considering stays in this district have found that meeting this standard is not easily met (*Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013)).  The default assumption is that discovery should go forward while a dispositive motion is pending.  "Absent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed." *Id.* (quoting *Trzaska v. Int'l Game Tech.*, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011)).

To determine whether a stay of a potentially dispositive motion is appropriate, courts in this district take a "preliminary peek" at the motion. *See Tradebay*, 278 F.R.D. 602-603.  This inquiry is not meant to prejudge the motion, but rather to determine whether a stay would help the court to secure the "just, speedy, and inexpensive determination" of the action as required by Rule 1 of the Federal Rules of Civil Procedure. *Id.*

Here, Defendant's motion to dismiss seeks dismissal of each claim from the first amended complaint, so the motion is dispositive as to Mr. Lesnar.  Further, Plaintiff does not argue that any discovery is required in order for the Court to adjudicate the motion to dismiss.  Therefore, the only question remaining is whether the Court is convinced that Plaintiff will be unable to state a claim for relief for any of the claims against Mr. Lesnar (Claims 1, 2, 3, 4, 7, 8, and 10).

In his response, Plaintiff has agreed to stay discovery of his RICO claims (Claims 1 and 2) until after the pending motions to dismiss have been resolved.  The Court will therefore grant the motion to stay discovery related to these claims.  As to the other claims against Mr. Lesnar, Defendant argues that most of the complaint is unchanged from the previous version that was dismissed by this Court, with leave to amend.  However, there are significant changes regarding Plaintiff's contract claims and a new claim for battery.  In his claim for battery, Mr. Hunt

acknowledges that he consented to the risks inherent in MMA competitions, but he argues that he did not consent to participate in a match against a "doping fighter." Mr. Hunt thus argues that the physical contact he experienced during his MMA competitions against Mr. Lesnar and the other unnamed defendants constitutes battery. Defendant argues that Mr. Hunt assumed such risk when he consented to the MMA competitions, and that such risks are inherent to MMA. Defendant's arguments may ultimately prevail. However, the Court is not convinced from its "preliminary peek" at the motion to dismiss that it will certainly be granted for all claims.

IT IS THEREFORE ORDERED that Defendants' motion (ECF No. 75) to stay discovery is GRANTED in part and DENIED in part. Discovery related to Claims 1 and 2 of Plaintiff's first amended complaint (ECF No. 64) is STAYED, pending the Court's resolution of Defendant Brock Lesnar's motion to dismiss (ECF No. 71). Discovery on all other claims may proceed.

IT IS FURTHER ORDERED that the parties must meet and confer and file a stipulated discovery plan and proposed scheduling order in accordance with Local Rule 26-1 no later than 21 days from the date of this order.

DATED: December 5, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge