CHRISTINA M. DENNING, ESQ. (CA Bar No. 211137)
denningc@higgslaw.com
SCOTT J. INGOLD, ESQ. (NV Bar No. 11818)
ingolds@higgslaw.com
JOSEPH A. GONNELLA, ESQ. (CA Bar No. 306619)
gonnellaj@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA  92101-7913
T:  619.236.1551
F:  619.696.1410

JAMES F. HOLTZ, ESQ. (NV Bar No. 8119)
james.holtz@holtzapc.com
LAW OFFICE OF JAMES F. HOLTZ
1120 Town Center Drive, Suite 200
Las Vegas, NV 89144
T: 702.304.1803
F: 702.304.1822

Attorneys for Plaintiff
MARK HUNT

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARK HUNT, an individual,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, a Nevada limited liability company; BROCK LESNAR, an individual; DANA WHITE, an individual; and DOES 1-50, inclusive,<br><br>　　　　　　　Defendants. | **Case No.: 2:17-cv-00085-JAD-CWH**<br><br>**REPLY IN SUPPORT OF MARK HUNT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT** |

Plaintiff Mark Hunt ("Hunt") submits this reply in support of his motion for leave of Court to file his proposed Supplemental Complaint.

## I.

## **SUMMARY OF REPLY**

Defendants' opposition to Hunt's motion for leave to file his Supplemental Complaint is divided into two distinct parts. "Part One" is an attempt to justify Defendants' wrongful removal of Hunt from UFC Fight Night 121. See ECF No. 103, at §§ I and II. This factual argument is entirely irrelevant to Hunt's motion, and should be entirely disregarded by the Court. "Part Two" contains Defendants' legal argument, mistakenly claiming that Hunt's Supplemental Complaint is futile because of Defendants' pending Motion to Dismiss.

Defendants' Part One is legally irrelevant to Hunt's motion for leave. Rather than discuss any factors set forth in Rule 15 or related case law, Defendants simply deny Hunt's supplemental factual allegations and attempt to explain away why the medically fit Hunt was removed for purported medical concerns. To support their claim that they acted in good faith, UFC and Dana White rely on Dana White's self-serving "open letter". See ECF No. 103-2, Exh. 2 [Dana White open letter]. Defendants further cite to a Yahoo.com online journalist, Kevin Iole, for the proposition that *"Mark Hunt Shouldn't be Mad at UFC or Dana White."* See ECF No. 103-2, Exh. 3. Hunt respectfully submits that the opinions of Mr. White and Mr. Iole have no bearing on the issue before the Court – whether the proposed Supplemental Complaint satisfies Rule 15.

Part Two of Defendants' opposition contends the Court should deny Hunt leave to file the proposed Supplemental Complaint because it would be legally futile, arguing it would not survive the pending Motion to Dismiss.[1] (ECF No. 103 at 5:14-17.) Hunt's supplemental allegations add factual support to existing claims and, more importantly, provides notice that Hunt seeks additional damages in

---

[1] Defendants also make sporadic reference to the supplemental allegations being unrelated or failing to "meaningfully tie" them to the existing claims. (See ECF No. 103 at 2:7-18.) While granting leave is left to the sound discretion of the court, Rule 15 contains no such relatedness consideration. Defendants correctly leave this argument out of their argument section. Therefore, it is not addressed further by Hunt.

connection with UFC Fight Night 121 in the form of fight camp expenses and a lost fight purse. Therefore, Hunt's new allegations easily satisfy the low bar of Rule 15 supplemental pleadings.

## II.
## DISCUSSION

The legal standard is worth restating here: "The purpose of a supplemental pleading is to provide complete relief in one action and 'to avoid the cost, delay, and waste of separate actions which must be separately tried and prosecuted.'" *Veneman v. J.P. Morgan Chase and Co.*, No. 3:10-CV-0394-LRH-VPC, 2011 WL 2183139, at *1–2 (D. Nev., June 3, 2011) (citing *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir.1988) (citations omitted). "[L]eave of court should be given when justice so requires and when there is no undue delay, bad faith, or dilatory motive on the part of the moving party." *Id.* (citations omitted). Hunt could file a separate complaint encompassing the new allegations in the proposed Supplemental Complaint for breach of contract, breach of the covenant of good faith and fair dealing, fraud, and related claims. Consistent with the plain language and intent of Rule 15, Hunt seeks to include these allegations in the same case pending before this Court. While there is little doubt Defendants have superior resources in this action, *Veneman*, for example, recognizes that parties and the Court do not have unlimited resources. Hunt's request for leave is a commonplace and common-sense request to prevent duplicative actions. For these reasons, Hunt's motion serves the intent of Rule 15. However, as discussed below, Defendants' futility argument is also unsound.

Defendants' sole legal argument contends that Hunt's supplemental allegations "add nothing to his defective claims for relief," and that "Hunt's proposed supplemental pleading would not survive the pending motion to dismiss." See ECF No. 103 at 5:14-19. Hunt's Amended Complaint cured deficiencies identified by the Court in his original complaint. See ECF No. 64. Defendants' Motion to Dismiss the Amended Compliant is fully briefed and pending. As it relates to Hunt's request

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8296578.1

2

CASE NO.: 2:17-CV-00085-JAD-CWH
REPLY IN SUPPORT OF MARK HUNT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

for leave, however, Defendants' argument is foreclosed by Rule 15, which provides: "The court may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d). Defendants attempt to sidestep the unfavorable legal standard of liberal amendments, and incorrectly conclude Hunt's proposed supplemental allegations are futile. See ECF No. 103 at 5:7-17.

Hunt's claim for breach of the implied covenant of good faith and fair dealing has already survived Defendants' motion to dismiss. Similarly, Hunt's breach of contract claim was cured by amendment, specifically naming the contract provision Defendants breached. For this reason alone, Defendants' futility argument fails. Hunt's supplemental allegations identify not only $100,000.00 in fight camp damages (which Defendants attempt to categorize as unrecoverable consequential damages, ECF No. 103 and fn. 6), but also allege a lost fight purse which constitutes direct damages on the contract. (See Hunt's proposed Supplemental Complaint at ¶ 125.) Defendants offer the misguided conclusion that Hunt has not suffered fight purse damages "assuming the fight goes forward as [rescheduled]." ECF No. 103 at 7:7-9. Defendants conclusion is wrong. Hunt has not, will not, and cannot recover the UFC Fight Night 121 fight purse. Fighters necessarily have a finite time period in which to compete and be compensated, which is inherent in all professional sports, and especially in professional mixed martial arts. But for Defendants' wrongful conduct, Hunt would have competed in, and been compensated for, UFC Fight Night 121 and a subsequent bout such as UFC 221 on February 10, 2018. Unlike athletes in some professional sports leagues where "guaranteed" contracts are awarded, Hunt is compensated only when he fights. Hunt suffers irreparable financial harm when his fights are wrongfully cancelled by Defendants. While Hunt maintains the proposed Supplemental Complaint provides factual support and damages for all claims, it *unequivocally* supports the contract-related claims. As indicated in Hunt's opposition to Defendants' motion to dismiss his Amended Complaint, Hunt's

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8296578.1

3

CASE NO.: 2:17-CV-00085-JAD-CWH
REPLY IN SUPPORT OF MARK HUNT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

Amended Complaint cured all deficiencies identified by the Court as to every claim. However, to the extent necessary to its decision, the Court may consider the Supplemental Complaint to decide the pending dispositive motion. *See e.g.*, *Caribe Candy Co. v. Mackenzie Candy Co.*, 78 F.Supp. 1021, 1022 (N.D. Ohio, 1942).

## III.
## CONCLUSION

For the foregoing reasons, Hunt requests the Court to grant leave of Court to file his proposed Supplemental Complaint.

DATED: January 5, 2018             HIGGS FLETCHER & MACK LLP


By: */s/ Joseph A. Gonnella*
   CHRISTINA M. DENNING, ESQ.
   SCOTT J. INGOLD, ESQ.
   JOSEPH A. GONNELLA, ESQ.
   Attorneys for Plaintiff
   MARK HUNT

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8296578.1

4

CASE NO.: 2:17-CV-00085-JAD-CWH
REPLY IN SUPPORT OF MARK HUNT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5 and the Court's Local Rules, the undersigned hereby certifies that on this day, January 5, 2018, a copy of the foregoing document entitled **MARK HUNT'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT** was filed and served through the Court's electronic filing system (CM/ECF) upon all registered parties and their counsel.

_____
Barbara Lodovice
An employee of Higgs Fletcher & Mack LLP

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8296578.1

5

CASE NO.: 2:17-CV-00085-JAD-CWH
REPLY IN SUPPORT OF MARK HUNT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT