CHRISTINA M. DENNING, ESQ. (CA Bar No. 211137)
denningc@higgslaw.com
SCOTT J. INGOLD, ESQ. (NV Bar No. 11818)
ingolds@higgslaw.com
Higgs Fletcher & Mack LLP
401 West "A" Street, Suite 2600
San Diego, CA  92101-7913
T:  619.236.1551
F:  619.696.1410

JAMES F. HOLTZ, ESQ. (NV Bar No. 8119)
james.holtz@holtzapc.com
LAW OFFICE OF JAMES F. HOLTZ
1120 Town Center Drive, Suite 200
Las Vegas, NV 89144
T: 702.304.1803
F: 702.304.1822

Attorneys for Plaintiff
MARK HUNT

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARK HUNT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, a Nevada limited liability company; BROCK LESNAR, an individual; DANA WHITE, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-00085-JAD-CWH<br><br>**MARK HUNT'S POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT BROCK LESNAR'S FOURTH REQUEST FOR JUDICIAL NOTICE PURSUANT TO FEDERAL RULES OF EVIDENCE RULE 201** |

Plaintiff, Mark Hunt ("Hunt"), respectfully requests that this Court deny Brock Lesnar's ("Lesnar") Fourth Request for Judicial Notice of Exhibit "B" (Nevada State Athletic Commission Sample Bout Agreement).  This Court should exclude Lesnar's extrinsic evidence because the

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No.: 2:17-cv-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO LESNAR'S
FOURTH REQUEST FOR JUDICIAL NOTICE

112567-00001
8418815.1

exhibit was not incorporated by reference, is not directly related to Hunt's Supplemental Complaint, and is neither publicly available nor capable of accurate and ready determination. This Court's consideration of Lesnar's motion to dismiss Hunt's complaint should be limited to the pleadings.

Hunt has no objection to the consideration of Exhibit A, the hearing transcript from May 22, 2017, on Defendants' first motion to dismiss, for the limited purpose of convenience to the Court and parties' reference. However, the hearing constituted only the argument of the parties and the Court's determinations regarding the original complaint. Clearly, Exhibit A does not affect the outcome of Lesnar's motion to dismiss Hunt's Supplemental Complaint. In fact, Exhibit A tends to show that any prior deficiency has been cured.

Finally, Hunt notes Lesnar's request for judicial notice is futile, regardless of the Court's consideration of Exhibit B. The plain language of the document states that the State of Nevada, and not Lesnar, may raise the express assumption of the risk defense. Thus, the document is not "directly related to Mr. Hunt's [Supplemental] Complaint" as Lesnar claims, ECF No. 116 at 3:11-12, rather, it is only related to a theoretical defense of a nonparty – the State of Nevada.

# I.

# **LEGAL STANDARD**

"[A] district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)); *see Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (holding when the legal sufficiency of a complaint's allegation is tested by a 12(b)(6) motion, "review is limited to the complaint."). An exception to this general rule is the doctrine of judicial notice pursuant to Federal Rule of Evidence 201. A court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment, but may not take judicial notice of a fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b); *Lee*, 250 F.3d at 689 (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 204 (9th Cir. 1986)).

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8418815.1

2

Case No.: 2:17-cv-00085--JAD-CWH
MARK HUNT'S OPPOSITION TO LESNAR'S
FOURTH REQUEST FOR JUDICIAL NOTICE

## II.

## COURT'S PREVIOUS DENIAL OF LESNAR'S REQUESTS FOR JUDICIAL NOTICE

At the hearing on Lesnar's first motion to dismiss, other than publicly filed records, the Court denied Lesnar's requests (12 total) for judicial notice of documents outside the four corners of the complaint. The Court explained:

> *"Although the parties have offered me a number of items outside the four corners of the Complaint, like affidavits, newspaper articles, emails, YouTube videos, UFC policy and press releases, and fight records, suggesting that I can take judicial notice of them, I Decline that request. I am not going to turn this into a motion for summary judgment at this time. I am keeping this within the four corners under 12(b)(6).*
>
> *These materials, first of all, are not properly the subject of judicial notice. Their meaning is disputed. There is not universal agreement on them.*

ECF No. 65 (May 22, 2017 hearing).

## III.

## ARGUMENT

### Judicial Notice of Exhibit B Should be Denied or Extremely Limited

Lesnar asks the Court to go beyond the pleadings to a bout agreement not contained or even referenced in Hunt's complaint. Exhibit B purports to be a Nevada State Athletic Commission Sample Bout Agreement. The title alone is instructive here. It is a "sample" agreement. It is not executed by Hunt, UFC, or Lesnar. However, Lesnar not only asks the Court to acknowledge the existence of the Sample Bout Agreement, he asks the Court to pretend it is a fully executed copy, and then pretend Lesnar would be a party to even an executed copy of the agreement. That is, Lesnar asks the Court to consider one document for purposes of taking judicial notice (a sample bout agreement), but consider another document for its substantive analysis (a fully executed bout agreement). Indeed, if the agreement were "publicly available and capable of accurate and ready determination," then Lesnar would have attached an executed copy.[1]

---

[1] Even ignoring the fact that evidentiary declarations are improper for substantive Rule 12(b)(6) motions, the

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

112567-00001
8418815.1

3

Case No.: 2:17-cv-00085--JAD-CWH
MARK HUNT'S OPPOSITION TO LESNAR'S
FOURTH REQUEST FOR JUDICIAL NOTICE

1    Notably, the bout agreement Lesnar seeks to introduce is the Nevada State Athletic Commission's Official Bout Agreement.  This is *not* referenced in any manner in Hunt's complaint, which refers and incorporates only the UFC 200 Bout agreement.  To clarify any potential confusion, both documents are coincidentally titled "Exhibit B."  Exhibit B to Hunt's complaint is the UFC 200 Bout Agreement; Lesnar's Exhibit B is a different document, which was neither incorporated, referenced or relied upon in Hunt's complaint.  Therefore, the Court should decline to consider the Sample Bout Agreement.

This Court should deny Lesnar's request for judicial notice of Exhibit B, however, to the extent the Court takes judicial notice of Exhibit B, it should be limited to the mere fact that the document exists, because the contents and interpretation of the document is highly disputed.  *See Montana Dep't of Revenue v. Blixseth*, No. 2:13-CV-01324-JAD, 2016 WL 1183084, at *2 (D. Nev. Mar. 28, 2016) (denying request for judicial notice to the extent it seeks judicial notice of the truth of its contents); *see also Carrillo v. Gillespie,* No. 2:12-CV-02165-JAD, 2014 WL 1307454, at *7 (D. Nev. Mar. 28, 2014) (holding the Court could not take judicial notice of the truth or perjury regarding contents of police officer's sworn statement, because it was "subject to reasonable dispute" (interpreting Fed. R. Evid. 201)).

### IV.

### **CONCLUSION**

For the above reasons, Hunt respectfully requests that the Court deny Lesnar's request for judicial notice of Exhibit B.

DATED:  April 6, 2018                                HIGGS FLETCHER & MACK LLP

                                                     By: */s/ Joseph A. Gonnella*
                                                         CHRISTINA M. DENNING, ESQ.
                                                         SCOTT J. INGOLD, ESQ.
                                                         JOSEPH A. GONNELLA, ESQ.
                                                         Attorneys for Plaintiff
                                                         MARK HUNT

---

supporting declaration of Kendelee L. Works lacks foundation regarding the contents and execution of an agreement between Hunt and the State of Nevada.

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8418815.1

4

Case No.: 2:17-cv-00085--JAD-CWH
MARK HUNT'S OPPOSITION TO LESNAR'S
FOURTH REQUEST FOR JUDICIAL NOTICE

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5 and the Court's Local Rules, the undersigned hereby certifies that on this day, April 6, 2018, a copy of the foregoing document entitled **MARK HUNT'S POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT BROCK LESNAR'S FOURTH REQUEST FOR JUDICIAL NOTICE PURSUANT TO FEDERAL RULES OF EVIDENCE RULE 201** was filed and served through the Court's electronic filing system (CM/ECF) upon all registered parties and their counsel.

/s/ Barbara Lodovice
Barbara Lodovice
An employee of Higgs Fletcher & Mack LLP

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

112567-00001
8418815.1

5

Case No.: 2:17-cv-00085--JAD-CWH
MARK HUNT'S OPPOSITION TO LESNAR'S
FOURTH REQUEST FOR JUDICIAL NOTICE