CHRISTINA M. DENNING, ESQ. (CA Bar No. 211137)
denningc@higgslaw.com
SCOTT J. INGOLD, ESQ. (NV Bar No. 11818)
ingolds@higgslaw.com
JOSEPH A. GONNELLA, ESQ. (CA Bar No. 306619)
gonnellaj@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA  92101-7913
T:  619.236.1551
F:  619.696.1410

JAMES F. HOLTZ, ESQ. (NV Bar No. 8119)
james.holtz@holtzapc.com
LAW OFFICE OF JAMES F. HOLTZ
1120 Town Center Drive, Suite 200
Las Vegas, NV 89144
T: 702.304.1803
F: 702.304.1822

Attorneys for Plaintiff
MARK HUNT

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK HUNT, an individual,<br><br>　　　　　　Plaintiff,<br>v.<br><br>ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, a Nevada limited liability company; BROCK LESNAR, an individual; DANA WHITE, an individual; and DOES 1-50, inclusive,<br><br>　　　　　　Defendants. | Case No.: **2:17-cv-00085-JAD-CWH**<br><br>**MARK HUNT'S OPPOSITION TO DEFENDANTS ZUFFA, LLC'S AND DANA WHITE'S MOTION TO DISMISS PLAINTIFF'S SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

/ / /

/ / /

/ / /

/ / /

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8418499.2

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   LEGAL STANDARD ......................................................................................... 3

III.  HUNT'S RICO CLAIMS ARE ADEQUATELY PLEADED
      (CLAIM NOS. 1 &2) ......................................................................................... 4

      A.    Hunt Has Alleged Loss to "Business or Property" ................................. 4
      B.    Hunt Alleged Proximate Causation ........................................................ 5
      C.    The Amended Complaint Alleges White's Direction of the RICO
            Enterprise ............................................................................................... 8
      D.    Allegations Raised for the First Time in the Supplemental Complaint:
            RICO Retaliation .................................................................................... 9

IV.   HUNT'S AMENDED FRAUD CLAIM CURES THE DEFECT IDENTIFIED BY
      THE COURT (CLAIM NO. 3) ........................................................................ 10

V.    CIVIL AIDING AND ABETTING FRAUD (CLAIM NO. 4) ...................... 12

VI.   BREACH OF CONTRACT (CLAIM NO. 5: AGAINST UFC ONLY) ......... 13

VII.  UNJUST ENRICHMENT (CLAIM NO. 7) ................................................... 14

VIII. CIVIL AIDING AND ABETTING BATTERY (CLAIM NO. 9) ................. 16

IX.   CIVIL CONSPIRACY TO COMMIT FRAUD AND BATTERY
      (CLAIM NO. 10) ............................................................................................. 17

X.    CONCLUSION ................................................................................................ 18

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

i

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Bridge v. Phoenix Bond & Indem. Co.
553 U.S. 639, 654 (2008) .................................................................................................. 4, 5

Canyon Cty. v. Syngenta Seeds, Inc.
519 F.3d 969, 976 (9th Cir. 2008) ........................................................................................ 4

Cedric Kushner Promotions, LTD v. King
533 U.S. 158, 164-65 (2001) ................................................................................................ 9

Certified Fire Prot. Inc. v. Precision Constr.
283 P.3d 250, 257 (Nev. 2012) ..................................................................................... 14, 15

DeFalco v. Dirie
923 F. Supp. 473, 479 (S.D.N.Y. 1996) ............................................................................. 10

Diaz v. Gates
420 F.3d 897, 898 (9th Cir. 2005) ........................................................................................ 5

Dow Chemical Co. v. Mahlum
970 P.2d 98, 112 (Nev. 1998) ............................................................................................. 12

Eikelberger v. Tolotti
611 P.2d 1086, 1088 (1980) ............................................................................................... 17

G.K. Las Vegas Limited Partnership v. Simon Property Group, Inc.
460 F.Supp.2d 1246, 1261 (D. Nev. 2006) ........................................................................ 12

Gagnon v. State of Nevada
No. 2:13-CV-00528 (JAD) (PAL), 2016 WL 2993599, at *1 (D. Nev. May 23, 2016) ........... 18

GES, Inc. v. Corbitt
21 P.3d 11 (Nev. 2001) ....................................................................................................... 12

Graham v. City of N. Las Vegas
No. 213CV01815KJDVCF, 2015 WL 13237298, at *8 (D. Nev. Nov. 20, 2015) ................... 17

Harmon v. Tanner Motor Tours of Nev., Ltd.
79 Nev. 4, 20, 377 P.2d 622, 630 (1963) .......................................................................... 15

H.J. Inc. v. Nw. Bell Tel. Co.
492 U.S. 229, 240, (1989) ................................................................................................... 10

Holmes v. Security Protection Investor Corp.
503 U.S. 258, 269 (1992) ...................................................................................................... 5

In re Gilead Scis. Sec. Litig.
536 F.3d 1049, 1057 (9th Cir. 2008) .................................................................................... 8

Jaross v. Phillips
No. 2:10-CV-01631-PMP, 2011 WL 3471865, at *9 (D. Nev. Aug. 9, 2011)) .................... 16

Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety
74, 110 P.3d 30, 51 (2005) ................................................................................................. 17

Knevelbaard Dairies v. Kraft Foods, Inc.
232 F.3d 979, 989-90 (9th Cir. 2000) ......................................................................... 3, 7, 8

Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.
182 P.3d 764, 767, n. 14 (2008) ......................................................................................... 15

Mainor v. Nault
101 P.3d 308, 317 (2004) ................................................................................................... 15

Mendoza v. Zirkle Fruit Co.
301 F.3d 1163, 1168 n.4 (9th Cir. 2002) ................................................................ 4, 5, 6, 7, 8

Nevada Indus. Dev., Inc. v. Benedetti
741 P.2d 802, 804 (Nev. 1987) ........................................................................................... 15

Newcal Indus., Inc. v. Ikon Office Sol.
513 F.3d 1038, 1055 (9th Cir. 2008) .................................................................................... 6

Higgs Fletcher &
Mack LLP
Attorneys At Law
San Diego

ii

CASE NO.: 2:17-cv-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

NOW v. Scheidler
    510 U.S. 249, 256.................................................................................. 4
Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n
    298 F.3d 768, 773 (9th Cir. 2002).......................................................... 6
South Peninsula Hospital v. Xerox State Healthcare, LLC
    2016 WL 9244971 at *1 (D.Alaska) ....................................................... 3
State Farm Mut. Auto. Ins. Co. v. Jafbros Inc.
    860 P.2d 176, 178 (1993)........................................................................ 15
Ungaro v. Desert Palace, Inc.
    732 F. Supp. 1522, 1532 (D. Nev. 1989) ................................................. 17
United States v. Burden
    600 F.3d 204, 219 (2d Cir. 2010) ............................................................ 10
United States v. Smith
    413 F.3d 1253, 1272 (10th Cir. 2005)..................................................... 10
Walters v. McMahen
    684 F.3d 435, 442 (4th Cir. 2012) ........................................................... 7

**Statutes**
15 U.S.C. § 15(a) ............................................................................................. 7
18 U.S.C. § 1962 .............................................................................................. 8
18 U.S.C. § 1343 .............................................................................................. 9
18 U.S.C.A. § 1513 .......................................................................................... 10

Higgs Fletcher &
Mack LLP
Attorneys At Law
San Diego

iii

CASE NO.

Plaintiff, MARK HUNT ("Hunt"), submits this memorandum of points and authorities in opposition to the Motion to Dismiss Hunt's Supplemental Complaint filed by Defendants, ZUFFA, LLC ("UFC"), and DANA WHITE ("White").

I.

**INTRODUCTION**

This Court granted leave to amend as to six causes of action contained within Hunt's initial complaint, identifying the deficiencies that the Court found with each.  Hunt's Amended Complaint addressed each of the Court's concerns, using additional factual allegations combined with a careful analysis of the legal bases for the claims asserted.  For example, Hunt set forth concrete financial harm sufficient to constitute RICO damages, and pleaded White's specific text messages that indicated his personal involvement in the illegal scheme.  Despite Hunt curing each of the deficiencies this Court found, UFC and White once again sought to dismiss each of Hunt's remaining claims in the Amended Complaint.

Hunt subsequently was granted leave to file a Supplemental Complaint to include damages suffered after the original and amended complaints were filed.  The Court then vacated the pending motions to dismiss the Amended Complaint in light of the new allegations in the Supplemental Complaint.  Hunt carefully heeded the Court's guidance at the prior motion to dismiss hearing, and addressed each deficiency in the Amended Complaint.  Given the procedural history (the motions to dismiss the Amended Complaint were fully briefed but not decided), however, the Amended and Supplemental Complaints contain significant changes from the original complaint that were not previously contemplated by this Court.  Thus, while Defendants rely heavily on this Court's initial evaluation of the original complaint by citing to the May 22, 2017 motion to dismiss hearing transcript, ECF No. 65, the Court necessarily did not consider the factual allegations of the Amended and Supplemental Complaint.

While Hunt's Amended Complaint already addressed all deficiencies raised at the prior motion to dismiss hearing,[1] the Supplemental Complaint alleges additional recoverable damages.

_____

[1] Indeed, in Hunt's motion for leave to file a supplemental complaint, Hunt took the position that notwithstanding the supplemental allegations the Amended Complaint cured already cured any pleading deficiencies and did not request

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8418499.2

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

1   Among these supplemental allegations are defendant UFC and White's retaliatory and pretextual

2   removal of Hunt from the November 2017 "UFC Fight Night 121" for purported medical reasons.

3   Defendants were aware that Hunt was medically cleared prior to removing him from UFC Fight

4   Night 121.   Defendants' purported medical reasons for removing Hunt were pretextual, and

5   Defendants routinely permit fighters with similar or more severe ailments to compete.   Hunt also

6   alleges that he incurred in excess of $100,000.00 in damages as a direct result of the wrongful

7   removal from UFC Fight Night 121, which was incurred after the filing of his original complaint

8   and Amended Complaint.   These supplemental allegations establish: (1) Defendants' further

9   intentional, bad faith conduct consistent with Hunt's existing claims; and (2) further damages

10  arising from Defendants' fraud, RICO scheme, and contractual breaches (which damages were

11  reasonably foreseeable at the time of contracting).

12          UFC and White's motion should be denied as to each claim.   As indicated above, not only

13  has Hunt alleged RICO damages and White's involvement in the RICO scheme, but he has pleaded

14  facts sufficient to establish the plausibility that Defendants' actions were the proximate cause of

15  Hunt's damages.   Moreover, UFC scrambles to explain away White's assertions that Lesnar would

16  be rigorously tested on the grounds that those statements are not actionable fraud, but under

17  *Iqbal/Twombly*'s plausibility standard, it is clearly plausible that White was making false assertions

18  to Hunt regarding Lesnar's testing for the purposes of inducing Hunt into fighting Lesnar.   As to

19  breach of contract, this Court previously indicated that Hunt need only articulate the specific

20  provisions of the Promotional and Ancillary Rights Agreement ("PARA") that UFC breached,

21  which he did.   UFC now argues, incorrectly, that its *only* obligation under the PARA was to pay

22  Hunt, ignoring the myriad of other ways it could (and did) breach its agreement.   As to unjust

23  enrichment, UFC's motion misses the mark entirely; Hunt's amended complaint demonstrates that

24  he has set forth a viable claim for unjust enrichment, as Nevada law permits an unjust enrichment

25  claim where a plaintiff has provided services beneficial to defendants, and it would be inequitable

26  for defendants to retain the benefits received from those services, which he did.

27

28  _____
    the opportunity for further briefing unless desired by the Court.

Higgs Fletcher &
Mack LLP
Attorneys At Law
San Diego

112567-00001
8418499.2

2

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

1   Fundamentally, Defendants are seeking to have this Court absolve them of wrong for their

2   fraudulent scheme, rather than permit a fact-finder to fairly hear the evidence and determine

3   Defendants' culpability.  At this stage, it is improper for the Court to dismiss any of the challenged

4   causes of action where the facts alleged may just *plausibly* support them.  As the facts pleaded in

5   the Supplemental Complaint more than plausibly give rise to each of the claims therein, this Court

6   should deny defendants' motion and permit Hunt to move forward with this action without further

7   delay.[2]

8   **II.**

9   **LEGAL STANDARD**

10   The standard on this motion is undisputed.  UFC and White, however, continue their

11   campaign to pervert the legal standard by improperly and inaccurately attempting to supplement

12   and explain away Hunt's factual allegations.  "[D]efendants are bound by 'what the complaint

13   says' and may not simply recast plaintiffs' allegations to fit a different non-plausible theory." *South

14   Peninsula Hospital v. Xerox State Healthcare, LLC,* 2016 WL 9244971 at *1 (D.Alaska) (citing

15   *Knevelbaard Dairies v. Kraft Foods, Inc.,* 232 F.3d 979, 989-90 (9th Cir. 2000)).  "Here,

16   Defendants' Motion ignores this uncontroversial standard and repeatedly attempts to refute the

17   factual allegations set forth in the Supplemental Complaint by improperly introducing

18   [Defendants'] own version of the facts." *Id.*  "Plaintiffs must be permitted to prove their case, based

19   on the facts they have alleged in their Supplemental Complaint (and not those asserted by

20   [Defendants] in its Motion to refute Plaintiffs' facts)." *Id.*  This tactic is a recurring defect in

21   Defendants' analysis, most prevalent in their causation arguments.  Defendants cannot substitute

22   their factual theories, including causation, for Hunt's factual allegations.  "These disputed claims

23   of causation and injury cannot be decided on a Rule 12(b)(6) motion." *Knevelbaard*, 232 F.3d at

24   989.

25   / / /

26   / / /

27

28   [2] Hunt hereby incorporates by this reference his opposition to all defendants' prior motions to dismiss the original and Amended Complaints.

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

112567-00001
8418499.2

3

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

### III.

### <u>HUNT'S RICO CLAIMS ARE ADEQUATELY PLEADED</u>

### <u>(CLAIM NOS. 1 &2)</u>

This Court dismissed Hunt's RICO claims against UFC and White with leave to amend for three reasons: (1) standing (injury to a business or property interest); (2) causation; and (3) as to White, for want of specific allegations against him.

**A. Hunt Has Alleged Loss to "Business or Property"**

Hunt's Supplemental Complaint identifies concrete financial losses to his business and property, including losses in: advertising revenue; lost appearance fees; lost title fight compensation; book sales revenue; depressed wages; decreased brand valuation; "lost opportunity to acquire valuable rights" (*Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 654 (2008)); loss of the right to "unhampered business relations" (*Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1168 n.4 (9th Cir. 2002)); and $100,000.00 in training camp expenses incurred  ECF No. 109 at ¶¶ 113, 111, 29, 116, 121, 64, 29, 99, 126-152, 125.  These concrete, tangible, financial injuries remedy any prior deficiency regarding standing.  While Hunt contends each is independently sufficient to satisfy the standing requirement, two such categories confer standing as a matter of law.   "In the RICO context, '[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim.'"  *Mendoza,* 301 F.3d at 1168 (citing *NOW v. Scheidler*, 510 U.S. 249, 256).

First, the Supplemental Complaint lists actual, professional, appearances by Hunt that were cancelled constituting lost fees in excess of $90,000.00.  ECF No. 109 at ¶ 112 (containing a table demonstrating six (6) appearance fees lost).  Even *Canyon County,* cited by Defendants, recognizes that money is property.  *Canyon Cty. v. Syngenta Seeds, Inc*., 519 F.3d 969, 976 (9th Cir. 2008). (As discussed, *infra*, causation is also satisfied because Hunt alleges the appearances were cancelled because of Defendants' RICO scheme.)  Defendants' attempt to mislabel these confirmed appearances as contingent future events improperly asks this Court to disregard Hunt's factual allegation to the contrary.  ECF No. 94 at 4:5-7.  Thus, this category of damages alone perfects

Higgs Fletcher &
Mack LLP
Attorneys At Law
San Diego

112567-00001
8418499.2

4

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

Hunt's statutory standing.

Second, Hunt's Supplemental Complaint details how Defendants' doping scheme depressed Hunt's wages, bringing Hunt's complaint squarely within *Mendoza's* standing holding. *Mendoza,* 301 F.3d at 1168; ECF No. 109 at 27, 101, 121 (alleging "UFC's wrongful doping scheme artificially increases the fighter pool and allows inferior competitors to succeed who would otherwise be incapable of becoming professional mixed martial artists. This illegitimate surplus of fighters in the heavyweight division depressed and continues to depress wages of HUNT.") This allegation is directly on point with *Mendoza* Defendants' wrongful manipulation in the work force by knowingly hiring undocumented agricultural workers, resulting in depressed wages. Here, UFC and White wrongfully manipulated its work force by knowingly hiring doping fighters (and assisting in the concealment of their doping), resulting in depressed wages to clean fighters by inflating the fighter pool. Like *Mendoza*, Hunt has also alleged market power. *Mendoza*, *supra,* at 1171; ECF No. 109 at ¶ 12.

Pre-*Mendoza*, courts required a showing of "concrete financial loss," whereas the Ninth Circuit in *Mendoza* expanded the damages that give RICO standing to a plaintiff to include "legal entitlement to business relations unhampered by schemes prohibited by the RICO predicate statutes." *See discussion*, *Diaz v. Gates*, 420 F.3d 897, 898 (9th Cir. 2005). Hunt has alleged both concrete financial loss, as well as an entitlement to business relations unhampered by the Defendant's illegal schemes. Hunt's amended complaint demonstrates "concrete financial loss" by specifying lost advertising and appearance, reduced book sales, and related brand devaluation. As such, Hunt has alleged damages of the category that are sufficient to confer RICO standing.

## B. Hunt Alleged Proximate Causation

Hunt has cured any prior deficiency as to causation. To the extent any dispute over causation exists, Hunt's causation allegation, if plausible, *must* be accepted as true. All that is required, as set forth in Hunt's opposition to Lesnar's motion to dismiss, is a plausible allegation of "some direct relation" between Defendants' wrongful conduct and Hunt's damages. *Bridge v. Phoenix Bond & Indem. Co.*, 533 U.S. 639, 654 (2008) (quoting *Holmes v. Security Protection*

Higgs Fletcher &
Mack LLP
Attorneys At Law
San Diego

112567-00001
8418499.2

5

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

1   *Investor Corp.*, 503 U.S. 258, 269 (1992)).[3]  Hunt's Supplemental Complaint shows "some direct

2   relation," providing him with RICO standing. Injury to Hunt's business and property interests is set

3   forth immediately above.  His Supplemental Complaint alleges that he would have avoided these

4   injuries had he known of Defendants' doping scheme.  ECF No. 109 at ¶ 117. ("Had HUNT known

5   of WHITE, UFC and LESNAR's doping scheme, HUNT would have declined the fight, negotiated

6   a far more lucrative agreement contemplating a clean fighter being subjected to hand-to-hand

7   combat with a doping fighter, or otherwise protected his interests.")[4]  Thus, the lone remaining

8   inquiry is whether Hunt's factual allegation is plausible.  It is.  Had Defendants not engaged in their

9   illegal RICO predicate, Lesnar would have either a) admit that he was doping; b) tested positive

10  for doping; or c) ceased doping sufficient time before UFC 200 to be a clean fighter.  Under any of

11  the possible scenarios, Hunt, based on the allegations of his Supplemental Complaint, would have

12  avoided fighting a cheating fighter.  And fighting a cheating fighter is precisely what caused Hunt's

13  damages.   At this point, Hunt intends to introduce expert testimony at trial describing the

14  advantages a doping fighter has over a clean fighter, which will demonstrate to the jury the impact

15  Lesnar's cheating had on the UFC 200 fight, and, as a result, on Hunt's business and property

16  interests.[5]  As there is a plausible causal connection between Defendants' conduct and Hunt's

17  damages, it would be improper for this Court to dismiss this claim at this juncture.

18          Additionally, it is irrelevant whether Defendants can conceive of other plausible causation

19  theories.  "A proximate cause is not the same thing as the sole cause.  [Citation omitted.]  Instead,

20  the proximate cause of an injury is 'a substantial factor in the sequence of responsible causation.'"

21  *Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*, 298 F.3d 768, 773 (9th Cir. 2002).  The

22  *Mendoza* court found that, although "factors other than the scheme coupled with the growers'

23

24  [3] As Hunt has explained in his opposition to Lesnar's Motion to Dismiss the Supplemental Complaint, the Ninth
    Circuit has adopted a three-factor analysis to evaluate standing that focuses on the "most direct victim" test. *Newcal*

25  *Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1055 (9th Cir. 2008).  Hunt will not repeat the same arguments as to
    why he satisfies the three-factor analysis, but submits that he satisfies all three factors.

26  [4] The addition of this allegation precludes any finding of attenuation or speculation, because absent Defendants'
    doping scheme, Hunt could have made an informed decision to protect his interests— decisions within Hunt's

27  exclusive control cannot be said to be speculative.  He was wrongfully deprived of making that decision.
    [5] Hunt has alleged on information and belief, for example, that organizers from his six (6) canceled appearances, will

28  testify under penalty of perjury that Hunt's appearance was canceled because of the UFC 200 loss (including the
    lopsided manner of the loss).

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8418499.2

6

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

1  power in the relevant labor market could account for the plaintiffs' depressed wages," it was

2  improper for the district court to dismiss the RICO claims on that basis. *Mendoza*, *supra*, 301 F.3d

3  at 1171.

4      Hunt's detailed factual allegations describe a comprehensive doping scheme culminating in

5  UFC 200.  Lesnar, White, and UFC profited handsomely as a result of this scheme.  Lesnar was

6  permitted to fight, and the UFC 200 card had the benefit of his star power and resultant monetary

7  success of the event.  Hunt, on the other hand, as alleged, suffered concrete financial losses as a

8  result of Defendants' conduct. *Mendoza*'s analysis, as discussed in Hunt's opposition to Lesnar's

9  motion to dismiss, is not disturbed by *Iqbal* or *Twombly*.  *See* ECF No. 78 at Part II.A.

10 *Iqbal/Twombly* address only a "plausibility" standard; notably, whether prophetic or coincidental,

11 the Ninth Circuit opinion in *Mendoza* stated plaintiff's causation allegations were "at least plausible

12 enough to survive a motion to dismiss." *Mendoza,* 301 F.3d at 1171.  As such, *Iqbal/Twombly*'s

13 "plausibility" standard does not detract from *Mendoza*'s causation holding.  Thus, Defendants'

14 reliance on *Walters v. McMahen*, 684 F.3d 435, 442 (4th Cir. 2012) for the proposition that

15 "*Mendoza* is no longer applicable" is incorrect. ECF No. 94 at 2:14.  This is because Defendants

16 misstate the proposition for which Hunt cites *Mendoza,* and Defendants also misinterpret the

17 holding of *Walters.*  Hunt cites *Mendoza* for its identification of cognizable RICO interests and

18 causation.  Hunt does not cite *Mendoza* for the proposition that *Iqbal/Twombly* was wrongly

19 decided and that this Court should apply a different pleading standard.  The Fourth Circuit Court

20 of Appeals in *Walters* did nothing to criticize *Mendoza's* RICO analysis, rather, *Walters* merely

21 recognized the pleading standard had changed since *Mendoza* and that plaintiff would be subject to

22 a plausibility standard.  *Walters*, 684 F.3rd at 442.  *Mendoza* remains good law for Hunt's cited

23 proposition and his RICO claims cannot be dismissed because he has alleged a plausible claim for

24 relief.

25      The *Mendoza* court borrowed liberally from its *Knevelbaard* opinion, an antitrust case,

26 noting: "[t]his statute is quite similar to the antitrust statute granting standing to 'any person who

27 shall be injured in his business or property by reason of anything forbidden in the antitrust laws,'

28 15 U.S.C. § 15(a), and consequently the two have been interpreted in tandem." *Mendoza,* 301 F.3d

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8418499.2

7

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

1    at 1168.  The point of *Mendoza,* like *Knevelbaard* is clear— unless there is *no* plausible connection

2    between the defendant's conduct and plaintiff's damages, "*disputed claims of causation and injury*

3    *cannot be decided on a Rule 12(b)(6) motion.*"  *Knevelbaard*, 232 F.3d at 989 (emphasis added);

4    *see also*, *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1057 (9th Cir. 2008) ("[S]o long as the

5    plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is

6    best reserved for later stages of the proceedings when the plaintiff's case can be rejected on

7    evidentiary grounds . . . .  So long as the complaint alleges facts that, if taken as true, plausibly

8    establish loss causation, a Rule 12(b)(6) dismissal is inappropriate.").

9         As set forth above, there are more than merely plausible connections between Defendants'

10   actions and Hunt's damages.  Beyond the direct harm to Hunt's business and property, *Knevelbaard*

11   and *Mendoza* found actions that caused a deflated market for products or labor to satisfy RICO

12   causation requirements.  Indeed, as set forth above, Hunt has alleged that Defendants artificially

13   inflated the fighter pool, or simply made it more difficult for clean fighters to earn wins against

14   cheating opponents.  These direct one and two-step causal chains are far less attenuated than the

15   complex causation theories of *Knevelbaard*.  Even there, the court noted "[w]hether experts will be

16   able to measure the difference between the allegedly restrained price for milk and the price that

17   would have prevailed but for the antitrust violation remains to be seen; in deciding a Rule 12(b)(6)

18   motion we are dealing only with the complaint's allegations, which in this instance do not make the

19   claim speculative." *Mendoza*, 301 F.3d at 1171 (citing *Knevelbaard*, 232 F.3d at 991).  Defendants'

20   hyper-technical efforts to distinguish *Mendoza* based on independent contractor status is

21   unpersuasive.  *Mendoza* did not turn on the employment status of the workers but the right to work

22   free from RICO schemes.  Because Hunt has alleged a more than plausible causal relationship

23   between Defendants' actions and his RICO-compensable damages, this Court should not deprive

24   Hunt the opportunity to establish RICO causation.

25   **C.  The Amended Complaint Alleges White's Direction of the RICO Enterprise**

26        This Court previously ruled Hunt's original complaint lacked sufficient allegations against

27   White as to his racketeering conduct and operation of the RICO enterprise.  ECF No. 65 at 41:14-

28   25 (referring to 18 U.S.C. § 1962, making it unlawful through a pattern of racketeering activity to

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8418499.2

8

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

1   acquire or maintain, directly or indirectly, any interest or control of a RICO enterprise, or to conduct

2   or participate, directly or indirectly, the enterprise's affairs).   The Court properly gave Hunt leave

3   to amend, not knowing "what facts [Hunt] left on the cutting room floor." *Id*. at 48:15-18.  Hunt's

4   Supplemental Complaint reveals those facts and supplements the allegations against White,

5   demonstrating his orchestration of the RICO enterprise and conduct.

6           The Supreme Court has held that "[a] corporate employee who conducts the corporation's

7   affairs through an unlawful RICO 'pattern . . . of activity'" can be personally liable as a RICO

8   defendant.  *Cedric Kushner Promotions, LTD v. King*, 533 U.S. 158, 164-65 (2001).  White is

9   distinct from UFC in that he "conduct[ed] the [LLC's] affairs in a RICO-forbidden way." *Id*.  White

10  *personally* engaged Hunt in the negotiations over UFC 200.   Thus, regardless of Defendants'

11  attempt to misinterpret Hunt's factual allegations, Hunt has adequately alleged that the enterprise

12  was used by White as a "vehicle" for unlawful activity.  *Id*. at 164.  White's written messages were

13  fraudulent representations and omissions in furtherance of Defendants' RICO conduct.[6]  ECF No.

14  109 at ¶¶ 29, 57, 62, 63, 72.   White was not a passive bystander in the scheme, but actively

15  participated and directed the enterprise, benefitting not just Lesnar and UFC, but White personally.

16  **D. Allegations Raised for the First Time in the Supplemental Complaint: RICO Retaliation**

17          As discussed above, Hunt adequately amended his RICO claim in the previously filed

18  Amended Complaint.   His supplemental complaint is notice of additional damages sought of

19  $100,000.00 actually incurred for a training camping that was wrongfully cancelled by Defendants.

20  This further supports Hunt's RICO claims. This constitutes an actual, tangible, loss to Hunt of

21  money used for his training in anticipation of competing in UFC Fight Night 121.  ECF No. 109 at

22  125(c).  These damages were directly caused by Defendants' RICO predicate act of retaliation.

23          Section 1961 of title 18 of the United States Code defines "racketeering activity."   It

24  expressly identifies a violation of section 1513 regarding retaliatory acts:

25
26          *Whoever knowingly engages in any conduct and thereby causes bodily injury to*
        *another person or <u>damages the tangible property of another person</u>, or threatens*

27
_____

28  [6] The representation constituting wire fraud need not be false because Hunt has alleged White's representations, false
    or not, were for the purpose of executing the fraudulent scheme and artifice. 18 U.S.C. § 1343.

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8418499.2

9

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

*to do so, with intent to retaliate against any person for--*
*(1) the attendance of a witness or party at an official proceeding, or any testimony given or <u>any record, document, or other object produced by a witness in an official proceeding</u>[.]*

18 U.S.C.A. § 1513 (emphasis added).

Hunt alleged Defendants removed him from UFC Fight Night 121 in retaliation for Hunt's initiation of this lawsuit. This is consistent with Hunt's allegation of "open-ended" continuity of Defendants' RICO scheme.[7]   Case law confirms the plain meaning of section 1961 establishing retaliation as a RICO offense. *See e.g. DeFalco v. Dirie*, 923 F. Supp. 473, 479 (S.D.N.Y. 1996) (holding retaliatory refusal of bonding approval regarding construction project and retaliatory denial or delay of issuance of building permits as RICO predicate act); *United States v. Smith*, 413 F.3d 1253, 1272 (10th Cir. 2005) (finding retaliatory criminal violence a RICO predicate) *overruled on other grounds regarding RICO enterprise element*); *see also United States v. Burden*, 600 F.3d 204, 219 (2d Cir. 2010). Here, Defendants' RICO retaliation caused Hunt to incur at least $100,00.00 for fight training camp preparation, which money was lost by his wrongful removal from the fight card.

## IV.

## HUNT'S AMENDED FRAUD CLAIM CURES THE

## DEFECT IDENTIFIED BY THE COURT

## (CLAIM NO. 3)

As discussed in Hunt's opposition to Lesnar's motion to dismiss the Supplemental Complaint, Hunt's Supplemental Complaint cures the previous deficiencies identified by the Court. Specifically, the Court identified two defects as to Hunt's fraud and false pretenses claims. First, the Court noted there is no statutory private right of action, and invited Hunt to "reassert these claims under the common law elements and common law claims." ECF No. 65, 43:4-5. Second, the Court noted that, as to Defendant White only, "there's nothing pled against White to satisfy or to form a basis for the fraud claim . . . ." The Court did not find the claim lacked specificity in any

---

[7] A RICO pattern exists where there is "the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240, (1989). Here, Hunt is again the victim.

Higgs Fletcher &
Mack LLP
Attorneys At Law
San Diego

112567-00001
8418499.2

10

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

1    respect, aside from allegations against White.

2         Again, as to the first issue, Hunt's Supplemental Complaint consolidated fraud and false

3    pretenses claims and reasserted them as a consolidated common law fraud claim, adhering to the

4    Court's guidance on curing a mislabeled claim.  Aside from this technical defect, the Court

5    summarily rejected Defendants' arguments, noting that their contention was that *evidence* would

6    "cut[] strongly against reliance."  ECF No. 65 at 44:9-15.  The Court then correctly declined to

7    accept Defendants' proffered version of the facts, adhering to Hunt's well pleaded factual

8    allegations in "the four corners of the Complaint."  ECF No. 65 at 44:12-14.

9         As to the second issue, Hunt's amended complaint directly addresses the Court's

10   requirement of alleging more facts as to White.  Specifically, Hunt sets forth direct quotes from a

11   series of messages between White (who was acting not only for his own pecuniary benefit but also

12   as UFC's spokesperson) and Hunt.  Those conversations demonstrate that, notwithstanding any

13   public showmanship, Hunt relied on White's statement that White and UFC would rigorously test

14   Lesnar to ensure he was a clean fighter.  At the time White made these statements, however,

15   Defendants were engaged in a scheme to delay Lesnar's entry into the testing pool and conceal his

16   doping.  Thus, Hunt has cured any pleading deficiency as to the fraud claim.

17        Despite having addressed all issues previously identified by the Court, Hunt addresses a

18   few additional issues raised by UFC and White.  First, they contend the written messages included

19   in the Supplemental Complaint are not false representations made "***by the defendant***."  ECF No.

20   111 at 18:19-20 (bold and italics in original).  That assertion is demonstrably false.  Hunt

21   specifically alleges false representations (and omissions), which include the written messages made

22   by White.  *See e.g.* ECF No. 109 at ¶¶ 57, 61, 62, 63.  White was a substantial owner of Defendant

23   UFC; his statements were for his own pecuniary benefit and were made as an agent for UFC, and

24   his statements can and should be taken against both Defendants.

25        Second, UFC and White raise a "straw man" argument in their discussion of the 2016

26   Promotional and Ancillary Rights Agreement.  ECF No. 111 at 19:3-20:3. Defendants' argument

27   appears to be an attempt to invoke the economic loss rule.  ECF 94 at Part II.A.  This is Defendants'

28   repeated attempt to hide behind contracts to excuse their intentional torts.  A contract and the

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8418499.2

11

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

economic loss rule does not preclude liability for independent torts such as fraud.  The fraud alleged concerns, primarily, UFC 200 (Hunt alleges the fraud was and is a part of a larger RICO pattern), entirely distinct from Hunt's contract claim.  Defendants' attempt to rebrand Hunt's tort claims as overzealous contract claims once again invites this Court to ignore Hunt's factual allegations stating otherwise.

Third, Defendants attempt to characterize White's representations[8] as non-actionable, non-quantifiable opinions.  Defendants offer a misguided analysis, suggesting it is impossible to quantify what "testing the s—t" out of someone means.  *See* ECF No. 111 at 20:7-9.  Defendants' argument in this regard seems disingenuous.  Clearly, White was communicating, not just diligence, but a false good faith, in ensuring Lesnar was not a cheating fighter; it is a simple question for the fact-finder as to whether White communicated information regarding Lesnar's testing that was inaccurate.  White's use of profanity does not render his assertion unintelligible.  Moreover, Hunt has alleged an unqualified sham doping scheme.  The exact number of times Defendants colluded to manipulate test results leading up to UFC 200 is immaterial.

Hunt's fraud claim is adequately pleaded, and specifically remedied the two issues identified in this Court's prior ruling.  Hunt has adequately put Defendants on notice that Lesnar was doping, Defendants colluded and concealed it by false representation and omission, Hunt relied on the representations and omissions, and was harmed.

## V.

## CIVIL AIDING AND ABETTING FRAUD

## (CLAIM NO. 4)

Civil aiding and abetting has three elements: (1) the substantive tort was committed; (2) defendant was aware of its role in promoting the tort; and (3) that defendant knowingly and substantially assisted in the commission of the tort.  *Dow Chemical Co. v. Mahlum*, 970 P.2d 98, 112 (Nev. 1998), disapproved on other grounds in *GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001); *G.K. Las Vegas Limited Partnership v. Simon Property Group, Inc.*, 460 F.Supp.2d 1246, 1261 (D.

---

[8] Defendants do not appear to challenge Hunt's allegation of fraudulent omissions.

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

112567-00001
8418499.2

12

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

1   Nev. 2006). Hunt alleges each defendant committed a fraud, that each other defendant was aware

2   of its role in promoting the fraud, and knowingly and substantially assisted in its commission. ECF

3   No. 109, ¶¶ 161-176.   Thus, Hunt has sufficiently pleaded that *all* Defendants were aiding and

4   abetting *in every other defendant's* fraud. ECF No. 109, ¶¶ 161-176. Thus, for example, if the

5   Court finds fraud has been properly pleaded against one or two defendants, then the aiding and

6   abetting claim is properly pleaded *as to all defendants.* Here, because fraud has been properly

7   pleaded against all Defendants (although a claim against any *one* would suffice), aiding and

8   abetting is properly pleaded against all Defendants, including White and UFC.

## VI.

## BREACH OF CONTRACT

## (CLAIM NO. 5: AGAINST UFC ONLY)

12   This Court identified a single deficiency in Hunt's breach of contract claim at the initial

13   motion to dismiss hearing.   The lone issue was a failure to specifically identify the breached

14   contractual provision: *". . . you didn't identify what party of what agreement got breached."* ECF

15   No. 65 at 45:13-14. Hunt's Supplemental Complaint identifies the provision breached. Hunt's

16   Supplemental Complaint alleges at paragraph 180: "Specifically, UFC agreed under the PARA at

17   section 3.1 and UFC 200 Bout Agreement (incorporating the PARA) that 'ZUFFA shall comply

18   with and be bound by the rules and regulations of the Athletic Commission.'" Hunt further

19   identified four such rule violations. ECF No. 64 at ¶ 182.

20   Defendants' breach of contract argument largely suffers from the same misguided analysis

21   as the other non-RICO claims. Defendants seemingly attempt to apply certain heightened RICO

22   pleading standards to the remaining claims where those standards do not actually exist. Here, it is

23   the element of damages. Hunt alleged financial harm. ECF No. 109 at ¶¶ 177, 185. No heightened

24   pleading standard for damages in breach of contract exists. Defendants' hollow recitation that Hunt

25   was paid what he was owed under the agreement ignores the allegations of the complaint alleging

26   damages. *Id.* Failure to pay a contract sum is not the only way to breach a contractual performance

27   obligation. Hunt agreed to the PARA, not just because of the fight purse amounts, but because of

28   the prospects of improving his brand, and promotional and business opportunities by competing in

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8418499.2

13

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

1  the UFC against clean fighters (the UFC publicly declares it has "the best anti-doping program in

2  all of professional sport" in its anti-doping policy).

3      Defendants' own citation to the PARA affirm Hunt's position, which states that damages

4  include those outline in the contract and (a conjunctive by its own terms) "those expectation

5  damages sufficient to put the non-breaching party in the position it would have been in had the

6  breach not occurred."[9]  ECF No. 94 at 7:26-8:1.  That is, the contract expressly acknowledges

7  recoverable damages other than the fight purse.  Hunt has generally alleged financial damage in

8  excess of the purse amounts.  Nothing more is required.

9                                          **VII.**

10                          **UNJUST ENRICHMENT**

11                              **(CLAIM NO. 7)**

12      This Court dismissed this claim in the original complaint for only one reason, concluding

13  Hunt had not sufficiently identified a right belonging to him.  ECF No. 65 at 47:14-25.   Hunt's

14  amended complaint clarifies his claim sounds in *quasi-contract,* which is set forth fully in Hunt's

15  concurrently filed opposition to Lesnar's motion to dismiss the Supplemental Complaint.  The

16  majority of UFC and White's argument, however, raises contract defenses already rejected by the

17  Court when it noted that, even if Defendants had a viable argument, ". . . you could also at this

18  point allege inconsistent theories.  And so I'm not going to dismiss it on that basis . . . ."  ECF No.

19  65 at 47:8-10.

20      Hunt hereby incorporates his discussion raised in his concurrently filed opposition to

21  Lesnar's motion to dismiss the Supplemental Complaint.  As to Hunt's amended unjust enrichment

22  claim, **Nevada law does not require Hunt to show a legal entitlement to recover in unjust**

23  **enrichment**.   Hunt need only show that he provided services beneficial to Defendants and that it

24  would be unjust for Defendants to retain the benefits they received from those services.  *Certified*

25  *Fire Prot. Inc. v. Precision Constr.,* 283 P.3d 250, 257 (Nev. 2012) (hereafter "*Certified Fire*");

26

27  ―――――――――――――――

[9] This discussion does not even contemplate whether Defendants strict interpretation would be enforceable, and
28  whether clauses offending public policy (intentional breaches shielded by a limitation of liability provision) would be
   severable/voidable at Hunt's option.

Higgs Fletcher &
Mack LLP
Attorneys At Law
San Diego

112567-00001
8418499.2

14

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

1    *see also Nevada Indus. Dev., Inc. v. Benedetti*, 741 P.2d 802, 804, n. 2 (Nev. 1987) (holding

2    "[u]njust enrichment is the unjust retention of a benefit to the loss of another, <u>or</u> the retention of

3    money or property of another against the fundamental principles of justice or equity and good

4    conscience").[10]  This is inherent in equitable claims, which provide recovery *regardless of a legal*

5    *entitlement*.  Indeed, equity is often invoked *because of* an insufficient remedy at law.  *See e.g.*

6    *Harmon v. Tanner Motor Tours of Nev., Ltd*., 79 Nev. 4, 20, 377 P.2d 622, 630 (1963); *Las Vegas*

7    *Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc*., 182 P.3d 764, 767, n. 14 (2008);

8    *State Farm Mut. Auto. Ins. Co. v. Jafbros Inc.*, 860 P.2d 176, 178 (1993).

9    　　Hunt has alleged an unjust enrichment claim to "**strip a wrongdoer [UFC, White, and**

10   **Lesnar] of all profits gained** . . . ."  *Certified Fire*, *supra*, 283 P.3d at 257 (emphasis added); ECF

11   NO. 109 at ¶¶ 204, 208.  <u>Hunt need not prove an entitlement to the benefits conferred on</u>

12   <u>Defendants</u>.  *See Certified Fire*, *supra*, 283 P.3d at 258.  Plaintiff is only required to demonstrate

13   he conferred "**services beneficial to** or at the request of another" and that it "is unjust for him to

14   retain [the benefit] without paying for it."  *Id.* at 257-58 (emphasis added).

15   　　For the foregoing reasons, Hunt has amended his complaint to cure the lone defect as to all

16   Defendants.  Hunt's complaint alleges that he provided services that were beneficial to Lesnar,

17   White, and UFC, in circumstances under which it would be inequitable for the Defendants to retain

18   their ill-gotten gains.  Indeed, the entirety of the complaint describes a clean fighter, Hunt, was

19   deceived and cheated by the conspiring Defendants.  Defendants cite foreign authority for the

20   proposition that unjust enrichment is foreclosed where "an express contract governed the same

21   general subject matter as the challenged work."  ECF No. 94 at Part II.C (citations to foreign

22   authority omitted). Defendants' argument is a nonstarter.   This is not a case of a contract lacking

23   specificity of the scope of work and requiring subsequent parsing of the performance obligations.

24   Instead, the issue in dispute was expressly contemplated by the parties and the contract – the

25   contract performance would include specific <u>anti-doping</u> obligations.  Whether doping was

26   permitted under the contract was not ambiguous.  Intentional doping with the assistance of the

27

28   ――――――――――――――
     [10] Defendants' citation to *Mainor v. Nault*, 101 P.3d 308, 317 (2004) does not disturb the continuing validity of
     *Certified Fire,* which *Mainor* predates.

Higgs Fletcher &
Mack LLP
Attorneys At Law
San Diego

112567-00001
8418499.2

15

CASE NO.: 2:17-cv-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

1   promoter was not contemplated and not compensated for by the contract.  Hunt agreed to perform

2   services consistent with the contract.  Whether Defendants could be liable for an inadvertent failure

3   to detect doping athletes is not before this Court (the negligence action was dismissed with

4   prejudice).  Hunt's express allegation is that Defendants and Lesnar conspired to commit intentional

5   torts against Hunt.  This was not bargained for in the contract.  Unjust enrichment provides an

6   equitable remedy.

7       Here, again, Defendants may plead their innocence, but the factual allegations of Hunt's

8   Supplemental Complaint do not paint Defendants as blameless bystanders entitled to the equitable

9   benefit of the doubt.  Hunt's allegations, which will be proven but are now assumed true, allege the

10  elements of unjust enrichment, and pray for equity.  As such, Hunt has properly alleged a claim for

11  disgorgement based on unjust enrichment.

12                                          **VIII.**

13                      **CIVIL AIDING AND ABETTING BATTERY**

14                                  **(CLAIM NO. 9)**

15      Hunt hereby incorporates his discussion, *supra,* regarding Civil Aiding and Abetting Fraud.

16  The same analysis applies.  Here, however, battery has been pleaded against Lesnar only.  ECF No.

17  109 at ¶¶ 209-213.  Thus, because battery is properly pleaded against Lesnar, Civil Aiding and

18  Abetting is properly pleaded against UFC and White.

19      Defendants offer three arguments in addition to joining this portion of Lesnar's motion to

20  dismiss.  First, Defendants rely on express assumption of the risk. ECF No. 111 at 16:13-21.  Hunt

21  incorporates his battery arguments from the concurrently filed opposition to Lesnar's motion to

22  dismiss.  For same reasons, Defendants express assumption of the risk argument fails – there is no

23  contractual privity between Lesnar and Hunt (and Hunt has not sued White and UFC for battery).

24  Second, Defendant try implied assumption of this risk.  This approach fails, too.  Defendants'

25  motion tends to agree with Hunt's position that implied assumption of the risk does not apply where

26  defendant "somehow increase[es] the risk beyond what would be expected . . . ."  ECF 111 at 17:15-

27  16 (citing *Jaross v. Phillips*, No. 2:10-CV-01631-PMP, 2011 WL 3471865, at *9 (D. Nev. Aug. 9,

28  2011)).  Lesnar's doping, with the help of Defendants, increased the risk of injury to Hunt beyond

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8418499.2

16

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

1    that of a clean fighter.  Finally, Defendants make a brief argument that Hunt was aware of the

2    potential risk.  ECF No. 111 at 24:20-21.  This is not a legally cognizable challenge to a lack of

3    consent and Defendants provide no citation to legal authority.  The relevant issue is consent not

4    knowledge.  Hunt has alleged a lack of consent and has pleaded every element of battery against

5    Lesnar, and every element of civil aiding and abetting against Defendants.

6                                                    IX.

7                **CIVIL CONSPIRACY TO COMMIT FRAUD AND BATTERY**

8                                         **(CLAIM NO. 10)**

9            "An actionable civil conspiracy is a combination of two or more persons who, by some

10   concerted action, intend to accomplish some unlawful objective for the purpose of harming another

11   which results in damage." *Ungaro v. Desert Palace, Inc*., 732 F. Supp. 1522, 1532 (D. Nev. 1989).

12   *Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 74, 110 P.3d 30, 51 (2005), cited by

13   Lesnar, parses the elements of a civil conspiracy as: (1) a conspiracy (an agreement to do something

14   illegal, e.g. commit a battery), (2) an overt act in furtherance of the conspiracy, and (3) damages.

15   Hunt has alleged each.  First, he alleges a conspiracy to do something illegal (battery and fraud),

16   ECF No. 109 at ¶¶ 219-222.  Second, Hunt alleged over acts in furtherance of the conspiracy (the

17   factual allegations of the wrongful doping scheme, which are incorporated at paragraph 219).

18   Third, Hunt alleges damages.  ECF No. 109 ¶ 223.  Notably, the damages need not be alleged with

19   specificity, nor is there a requirement that they qualify as a business or property interest.

20           UFC and White's analysis is misguided for the same reason as Lesnar's.  It attempts to

21   create the additional element that the underlying tort be completed.  *See* ECF No. 111 at Part II.C.

22   As set forth above, no such fourth element exists requiring the target offense to be completed.

23   Defendants' citation to *Graham v. City of N. Las Vegas*, No. 213CV01815KJDVCF, 2015 WL

24   13237298, at *8 (D. Nev. Nov. 20, 2015) is unpersuasive insofar as *Graham* explicitly indicates

25   that conspiracy can be predicated on "some injurious act by lawful means."  *Ibid.*  Moreover,

26   *Graham* is expressly premised on  *Eikelberger v. Tolotti*, 611 P.2d 1086, 1088 (1980), which held

27   that "an act lawful when done, may become wrongful when done by many acting in concert taking

28   on the form of a conspiracy which may be prohibited if the result be hurtful to the individual against

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8418499.2

17

CASE NO.: 2:17-CV-0085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

1   whom the concerted action is taken."  In other words, even if the underlying act is not actionable,

2   the conspiracy may be.

3        Because Hunt has pleaded that Defendants engaged in a conspiracy to commit fraud and

4   battery, completed overt acts in furtherance of the conspiracy, and that he suffered damages, he has

5   adequately pleaded every element of civil conspiracy.

6                                    **X.**

7                              **CONCLUSION**

8        Hunt respectfully requests this Court to deny Defendants' motion in its entirety.  If the Court

9   is inclined to grant Defendants' motion as to any claim, Hunt requests the Court to make such an

10  order *without prejudice* and *with leave to amend.  See Gagnon v. State of Nevada*, No. 2:13-CV-

11  00528 (JAD) (PAL), 2016 WL 2993599, at *1 (D. Nev. May 23, 2016).  Further, because Hunt,

12  White, and UFC have exchanged initial disclosures but not otherwise conducted discovery, Hunt

13  requests the opportunity to conduct discovery prior to any claim being dismissed with prejudice.

14

15  DATED:  April 6, 2018                    HIGGS FLETCHER & MACK LLP

16

17                                    By: */s/ Joseph A. Gonnella*
                                          CHRISTINA M. DENNING, ESQ.
18                                        SCOTT J. INGOLD, ESQ.
                                          JOSEPH A. GONNELLA, ESQ.
19                                        Attorneys for Plaintiff
                                          MARK HUNT
20

21

22

23

24

25

26

27

28

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8418499.2

18

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5 and the Court's Local Rules, the undersigned hereby certifies that on this day, April 6, 2018, a copy of the foregoing document entitled **MARK HUNT'S OPPOSITION TO DEFENDANTS ZUFFA, LLC'S AND DANA WHITE'S MOTION TO DISMISS SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** was filed and served through the Court's electronic filing system (CM/ECF) upon all registered parties and their counsel.

*/s/ Barbara Lodovice*
Barbara Lodovice
An employee of Higgs Fletcher & Mack LLP

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

112567-00001
8418499.2

19

CASE NO.: 2:17-CV-00085-JAD-CWH
MARK HUNT'S OPPOSITION TO ZUFFA, LLC'S AND DANA WHITE'S
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT