**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MARK HUNT, | Case No. 2:17-cv-00085-JAD-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| ZUFFA, LLC, et al., | |
| Defendants. | |

Presently before the court is the parties' stipulation and order to extend discovery deadlines (ECF No. 141), filed on September 5, 2018. The parties move for open-ended discovery deadlines to accommodate the pending motion to dismiss. In the alternative, the parties propose new dates, with a discovery cut-off date of April 1, 2019.

Local Rule 26-4 provides that motions to extend any date set by the discovery plan and scheduling order must, "in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension." LR 26-4. Motions or stipulations to extend deadlines must be made "no later than 21 days before the expiration of the subject deadline." *Id.* "A request made within 21 days of the subject deadline must be supported by a showing of good cause." *Id.* The good cause standard under LR 26-4 is the same as that for modification of the scheduling order under Federal Rule of Civil Procedure 16(b). As stated in *Johnson v. Mammoth Recreations, Inc.*, the good cause standard primarily considers the diligence of the party or parties seeking the extension. 975 F.2d 604, 609 (9th Cir. 1992). "A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-4.

1     The court is concerned that open-ended deadlines will lead to confusion and difficulty in
2 tracking discovery deadlines.  The court therefore declines to set open-ended discovery deadlines.
3 Further, three of the deadlines the parties wish to extend have closed, including the deadline to
4 amend the pleadings (July 3, 2018), the deadline for expert disclosures (August 2, 2018) and the
5 deadline for rebuttal expert disclosures (September 3, 2018).  (*See* Scheduling Order (ECF No.
6 106).)  The court finds that the parties have not demonstrated excusable neglect for failing to
7 meet the deadlines that have closed.  However, the court finds that the parties have identified
8 good cause to extend the deadlines that have not yet expired.  The court will therefore grant the
9 stipulation in part and deny in part, without prejudice, as follows:

| | | |
|---|---|---|
| 1. | Discovery cutoff | April 1, 2019 |
| 2. | Motions to amend pleadings and add parties | Closed |
| 3. | Expert designations | Closed |
| 4. | Rebuttal expert designations | Closed |
| 5. | Interim status report | January 31, 2019 |
| 6. | Dispositive motions | April 30, 2019 |
| 7. | Joint pretrial order | May 30, 2019, or 30 days after a ruling on dispositive motions. |

IT IS SO ORDERED.

DATED: September 13, 2018

_____
C.W. HOFFMAN, JR
UNITED STATES MAGISTRATE JUDGE