# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Mark Hunt,

    Plaintiff

v.

Zuffa, LLC, et al.,

    Defendants

Case No.: 2:17-cv-00085-JAD-VCF

**Order Granting Zuffa's Motions for Summary Judgment and to Seal**

[ECF Nos. 154, 155, 156]

Plaintiff Mark Hunt filed this lawsuit against Zuffa, LLC dba Ultimate Fighting Championship (UFC), its president Dana White, and mixed martial arts (MMA) fighter Brock Lesnar, alleging that UFC manipulated its own drug-testing requirements to allow select fighters to use performance-enhancing drugs. Hunt, who professes to be a drug-free fighter, claims that he lost at least two bouts against drug-enhanced competitors, including Lesnar, damaging his brand as an MMA fighter, stunting several of his related income streams, and physically injuring him.

Motions to dismiss have whittled Hunt's case down to a single cause of action against UFC for breach of the implied covenant of good faith and fair dealing.[1] UFC now moves for summary judgment on that claim and to seal certain exhibits to its motion.[2] Because Hunt's contract with UFC precludes the consequential damages that Hunt seeks with his breach-of-implied-covenant claim and he has shown no genuine issue of fact as to that essential element, I grant UFC's motion for summary judgment. I also grant UFC's motion to seal because compelling reasons exist to seal the information.

---

[1] ECF Nos. 63, 65, 152.

[2] ECF Nos. 154 (redacted motion for summary judgment), 155 (sealed motion for summary judgment), 156 (motion to seal).

# Discussion[3]

## I. Motion for summary judgment [ECF Nos. 154, 155]

### A. *Standard*

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[4] "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[5] When that happens, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[6] In evaluating a motion for summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[7] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[8]

---

[3] The parties are familiar with the facts of this case and I will not repeat them in detail here. I incorporate herein the facts detailed in my most recent dismissal order. *See* ECF No. 152.

[4] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[5] *Id*. at 322.

[6] *Id*. at 322–23.

[7] *Kaiser Cement Corp. v. Fishbach & Moore, Inc*., 793 F.2d 1100, 1103 (9th Cir. 1986).

[8] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

### B. *Damages*

UFC argues that Hunt cannot demonstrate the existence of any recoverable damages because consequential damages are barred under UFC's Promotional and Ancillary Rights Agreement (PARA) with Hunt.[9] Hunt responds that there is a genuine dispute of fact as to whether UFC's removal of Hunt from a November 19, 2017, bout breached the implied covenant.[10] And he claims that he suffered damages in the form of wasted training-camp expenses and delayed payment for his fourth fight under the PARA.[11] UFC replies that the training-camp expenses are non-recoverable consequential damages and that Hunt provides no evidence of damages from delayed payment for the fourth bout.[12]

"The party seeking damages has the burden of proving the fact that he was damaged and the amount thereof."[13] "Generally, the remedy for a breach of the implied covenants of good faith and fair dealing is limited to contractual remedies."[14] These include consequential damages, which "should be such as may fairly and reasonably be considered as arising naturally,

---

[9] ECF No. 155 at 5.

[10] ECF No. 159 at 3–5. As a preliminary matter, Local Rule 56-1 requires a party opposing summary judgment to include "a concise statement setting forth each fact material to the disposition of the motion that the party claims is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence on which the party relies." D. Nev. L. R. 56-1. Although Hunt fails to include such a statement in his opposition, I decide the motion on its merits because UFC is entitled to judgment as a matter of law.

[11] *Id.*

[12] ECF No. 168 at 5–8.

[13] *Gibellini v. Klindt*, 885 P.2d 540, 543 (Nev. 1994).

[14] *Shaw v. CitiMortgage, Inc.*, 201 F. Supp. 3d 1222, 1251 (D. Nev. 2016) (citing *Mundy v. Household Fin. Corp.*, 885 F.2d 542, 544 (9th Cir. 1989)).

or were reasonably contemplated by both parties at the time they made the contract."[15] Nevada Revised Statutes § 104.2719(3) provides, however, that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable."[16]

UFC shows an absence of evidence of damages from the breach of the implied covenant by pointing to the PARA, which provided fixed compensation for a certain number of bouts and bars consequential damages,[17] satisfying its initial burden on summary judgment.[18] Hunt responds that his removal from the November 19, 2017, bout caused him damages in the form of training-camp expenses and delayed payment for his fourth fight under the PARA. Hunt offers no evidence of damages resulting from the delayed payment. As for training-camp expenses, Hunt declares that they are "customary, reasonable and foreseeable in the industry of professional mixed martial arts."[19] Because the training-camp expenses were thus reasonably foreseeably when Hunt and UFC entered into the PARA, they constitute consequential damages and are expressly barred under the PARA. Hunt has thus failed to show to a genuine dispute of fact as to damages.

Hunt also argues that the provision barring consequential damages is unconscionable, but he offers no analysis to support it. In any event, Nevada law specifically permits such

---

[15] *Century Sur. Co. v. Andrew*, 432 P.3d 180, 183 (Nev. 2018) (defining contract damages) (quotation omitted).

[16] Nev. Rev. Stat. § 104.2719(3).

[17] ECF No. 155-2 at 6–7, 12. I dismissed Hunt's breach-of-contract claim because the PARA bars recovery for consequential damages. ECF No. 152 at 22–23.

[18] *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out that there is an absence of evidence to support the nonmoving party's case." (quotation omitted)).

[19] ECF No. 159-1 at ¶ 3.

4

provisions,[20] and the Supreme Court of Nevada has upheld a provision limiting recovery of any damages, suggesting that the provision at issue here is not unconscionable.[21] Hunt also argues that the training-camp expenses are compensatory because they are necessary to make him whole.[22] But the contract specifically bars consequential damages, so any remedy to put Hunt in the position he would have occupied but for UFC's breach must exclude consequential damages. Because Hunt's breach-of-implied-covenant claim fails as a matter of law, I grant UFC's motion for summary judgment on this sole remaining claim and close this case.

## II.     Motion to seal [ECF No. 156]

UFC moves to seal its exhibits in support of summary judgment, which consist of commercial agreements containing, among other things, the amounts that UFC paid Hunt for participating in its fights.[23] UFC also moves to redact a portion of its motion for summary judgment that refers to the agreements.[24] Hunt does not oppose the motion.

"The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[25] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[26] "A party seeking to seal judicial records can overcome the strong presumption of access by

---

[20] Nev. Rev. Stat. § 104.2719(3).

[21] *See Miller v. A & R Joint Venture*, 636 P.2d 277, 277–78 (Nev. 1981).

[22] ECF No. 159 at 4.

[23] ECF No. 156.

[24] *Id.*

[25] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978)).

[26] *Id.* at 1119 (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

5

providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[27] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[28] "To seal the records, the district court must articulate a factual basis for each compelling reason to seal[,] [which] must continue to exist to keep judicial records sealed."[29]

Having reviewed the sealed motion and exhibits in camera, I conclude that there are compelling reasons to seal these dispositive-motion exhibits in their entirety and redact the portion of the motion referencing information contained in the exhibits. The exhibits and the redacted portion of the motion contain confidential business information. Public disclosure of the information contained in these exhibits could potentially damage the parties, and I find that compelling reasons exist to seal this information. I also note Magistrate Judge Carl Hoffman's order sealing several of the same exhibits under the compelling-reasons standard when they were submitted in support of UFC's motion to dismiss.[30] Accordingly, I grant UFC's motion to seal.[31]

## Conclusion

**IT IS THEREFORE ORDERED** that Zuffa, LLC's motion to seal **[ECF No. 156]** is **GRANTED**. The Clerk of Court is directed to maintain ECF No. 155 under seal.

And with good cause appearing and no reason to delay, **IT IS FURTHER ORDERED**

. . .

---

[27] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[28] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

[29] *Id.* (citing *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1136).

[30] ECF No. 140.

[31] ECF No. 156.

that Zuffa, LLC's motion for summary judgment on Hunt's remaining claim **[ECF Nos. 154, 155] is GRANTED**. The Clerk of Court is directed to **ENTER FINAL JUDGMENT in favor of Zuffa, LLC and against Hunt** and CLOSE THIS CASE.

Dated: November 22, 2019

_____
U.S. District Judge Jennifer A. Dorsey