UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Mark Hunt,

    Plaintiff

v.

Zuffa, LLC, et al.,

    Defendants

Case No.: 2:17-cv-00085-JAD-VCF

**Order Denying Zuffa's Motion for Attorney's Fees and Costs**

[ECF No. 186]

After I granted summary judgment in its favor on plaintiff Mark Hunt's last remaining claim, defendant Zuffa, LLC moves for attorney's fees and costs under its Promotional and Ancillary Rights Agreement (PARA) with Hunt. Hunt did not file an opposition, but this district's local rules require me to conduct an independent review of the record.[1] Although Hunt asserted a federal RICO claim in addition to his state-law causes of action, Zuffa addresses only state-law standards for attorney's fees and costs and fails to consider the *Erie Railroad Company v. Tompkins*[2] questions involved. So I deny its motion without prejudice to the refiling of a more developed motion.

## DISCUSSION

"The general rule in federal courts is that 'absent statute or enforceable contract, litigants pay their own attorneys' fees.'"[3] "[I]n a 'pure federal question case' in federal court, federal law governs attorneys' fees."[4] But "[i]n an action where a district court is exercising its subject

---

[1] L.R. 54-14(d).

[2] *Erie. R. Co. v. Tompkins*, 304 U.S. 817 (1938).

[3] *Indep. Living Ctr. of S. California, Inc. v. Kent*, 909 F.3d 272, 281 (9th Cir. 2018) (quoting *Alyeska Pipeline Serv. Co v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975)).

[4] *Id.* (quoting *Disability Law Ctr. of Alaska, Inc. v. Anchorage Sch. Dist.*, 581 F.3d 936, 940 (9th Cir. 2009)).

matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'"[5] Consequently, the Ninth Circuit has found error when a district court applied state law regarding attorney's fees that conflicts with federal common law.[6]

Zuffa seeks the attorney's fees and costs it incurred defending all of Hunt's claims, including the federal RICO claim.[7] But Zuffa applies only the standards under Nevada law and fails to consider the potential *Erie* questions. Assuming without deciding that Nevada law could provide a basis for an award of attorney's fees on the federal RICO claim,[8] the Ninth Circuit's common law addressing when a prevailing defendant in a RICO action may recover attorney's fees authorized by a contract—like the PARA—may conflict with state law.[9] Additionally, the federal statute and local rule addressing what costs may be recovered may conflict with the Nevada cost statute that Zuffa relies on.[10]

---

[5] *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (quoting *Alyeska Pipeline Serv.*, 421 U.S. at 259 n.31).

[6] *See Home Sav. Bank by Resolution Tr. Corp. v. Gillam*, 952 F.2d 1152, 1162 (9th Cir. 1991).

[7] ECF Nos. 186-1; 186-2.

[8] *See Kent*, 909 F.3d at 283 ("[T]he *Erie* doctrine 'applies irrespective of whether the source of subject matter jurisdiction is diversity or federal question.'") (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003)); *but see Gallagher v. Crystal Bay Casino, LLC*, No. 3:08-CV-00055-ECR, 2012 WL 1409244, at *6 (D. Nev. Apr. 20, 2012) ("Nevada law cannot provide a basis for an award of attorney's fees on a federal copyright infringement claim.").

[9] *See Chang v. Chen*, 95 F.3d 27, 29 (9th Cir. 1996) (recovery of fees defending RICO claim not authorized by agreement shifting fees for disputes "arising out of" it); *Stitt v. Williams*, 919 F.2d 516, 530 (9th Cir. 1990) (recovery of fees defending RICO claim authorized by agreement shifting fees for disputes "in any . . . way pertaining to Partnership affairs or this Agreement").

[10] 28 U.S.C. § 1920; L.R. 54-11 (disallowing, among other things, costs for computer research fees); Nev. Rev. Stat. § 18.005 (allowing, among other things, "reasonable and necessary expenses for computerized services for legal research").

If there is a conflict and fees or costs are not recoverable for some but not all of Hunt's claims, I cannot decide on the current record which fees and costs should be apportioned to Zuffa's defense of the state-law claims and which should be apportioned to Zuffa's defense of the federal RICO claim.[11]  So I deny Zuffa's motion without prejudice to its refiling of a properly supported motion that addresses these additional issues.

## Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Zuffa, LLC's motion for attorney's fees **[ECF No. 186] is DENIED without prejudice** to refiling by September 4, 2020.

Dated: August 5, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[11] ECF No. 186-2.