UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mark Hunt,<br><br>    Plaintiff<br><br>v.<br><br>Zuffa, LLC, et al.,<br><br>    Defendants | Case No.: 2:17-cv-00085-JAD-VCF<br><br>**Order Granting Zuffa's Motions for Attorney's Fees and Costs and to Seal**<br><br>[ECF Nos. 193, 194] |

Plaintiff Mark Hunt filed this lawsuit against Zuffa, LLC d/b/a Ultimate Fighting Championship (UFC), its president Dana White, and mixed-martial-arts fighter Brock Lesnar, alleging that UFC violated state and federal law by manipulating its own drug-testing requirements to allow select fighters to use performance-enhancing drugs. After prevailing on several motions to dismiss and a motion for summary judgment, UFC moves for its attorneys' fees and costs under the prevailing-party provision in the 2016 Promotional and Ancillary Rights Agreement, which governed the parties' professional relationship.[1] UFC also moves to seal a related 2013 agreement attached to its motion because it contains confidential business information.[2] While Hunt concedes that UFC may seek attorneys' fees and costs for defending itself against the full complement of Hunt's claims under the explicit terms of the parties' agreement, he argues that UFC's fee request is premature and unreasonable and seeks costs disallowed under federal law. Because I find that UFC is entitled to attorneys' fees and costs under the parties' agreement, its request is reasonable, and its motion is ripe, I grant UFC's

---

[1] ECF No. 193.
[2] ECF No. 194.

motion in its entirety. I also find that compelling reasons exist to grant UFC's motion to seal the exhibit, so I do.

## Discussion

**I.     Motion for fees and costs [ECF No. 193]**

UFC seeks attorneys' fees and costs that it incurred in this lawsuit under the parties' agreement, which provides that a "prevailing party" may recover "its attorneys' fees and costs" if required to litigate disputes "arising from or related to this Agreement."[3] While Federal Rule of Civil Procedure 54(d)(2) authorizes fee requests to be made by motion, the rule itself does not provide authority for awarding fees; rather, "there must be another source of authority for such an award."[4] Under both federal and Nevada law, valid contractual provisions for the payment of attorneys' fees constitute a sufficient source of authority supporting a fee award.[5] Where, as here, fees are sought for litigating both federal- and state-law claims under a contract's attorneys' fees provision, courts must "use the law of the forum state to construe the agreement."[6] Hunt

---

[3] ECF No. 155-2.

[4] *MRO Commc'ns, Inc. v. AT&T*, 197 F.3d 1276, 1281 (9th Cir. 1999).

[5] *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975) ("[A]bsent statute or enforceable contract, litigants pay their own attorneys' fees"); *MRO Commc'ns, Inc.*, 197 F.3d at 1281 ("[E]ach party must bear its own attorneys' fees in the absence of a rule, statute[,] or contract authorizing such an award."); *Schouweiler v. Yancey Co.*, 712 P.2d 786, 788 (Nev. 1985) ("It is well established in Nevada that attorney's fees are not recoverable unless allowed by express or implied agreement or when authorized by statute or rule.") (citing *Sun Realty v. District Court*, 542 P.2d 1072 (Nev. 1975)).

[6] *United States ex rel. Reed v. Callahan*, 884 F.2d 1180, 1185 (9th Cir. 1989); *see also Resol. Tr. Corp. v. Midwest Fed. Sav. Bank of Minot*, 36 F.3d 785, 800 (9th Cir. 1993) ("The court must apply state law . . . unless (1) the claim for fees arose under some federal statute; or (2) the litigated issues involve not basic contractual enforcement question[s], but issues peculiar to [federal law].") (internal citations and quotation marks omitted) (alteration in original); *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 775–76 (7th Cir. 2001) (holding, in an action alleging breach of contract and Lanham Act claims, that the prevailing party was entitled to recover attorney's fees on both claims under the parties' agreement).

concedes that Nevada law governs the fee motion, UFC may recover its fees for defending against his claims because it prevailed in the litigation, and each federal- and state-law claim sufficiently relates to the parties' underlying contract to permit a fee award.[7] But he challenges UFC's motion on three grounds: (1) any consideration of a fee motion is premature, given the parties' pending appeal before the Ninth Circuit; (2) UFC cannot recover certain costs under Federal Rule 54(d) and 28 U.S.C. § 1920; and (3) UFC's fee request is unreasonable.

### A. Deferral is unwarranted.

District courts retain the discretion to consider, defer, or deny without prejudice motions for attorneys' fees in cases with pending merits appeals.[8] Generally, a prompt ruling on attorneys' fees "best serves the policy against piecemeal appeals," "prevent[s] hasty consideration of post[-]judgment fee motions," and minimizes the concern that the "relevant circumstances will no longer be fresh in the mind of the district judge."[9] While I appreciate Hunt's professed desire to conserve judicial resources and prevent "the time-consuming task of determining a proper fee award" should he win his appeal,[10] I find that the efficient disposition

---

[7] *See* ECF No. 196; *see also Chang v. Chen*, 95 F.3d 27, 28 (9th Cir. 1996) (noting that a contractual provision providing for the recovery of fees "arising out of" an agreement could support fees for defending against a RICO claim); *Stitt v. Williams*, 919 F.2d 516, 530 (9th Cir. 1990) (permitting prevailing defendants to recover fees under a provision in the parties' agreement when litigating a suit involving a RICO claim and various state and federal securities claims).

[8] *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983) ("The district court retained the power to award attorneys' fees after the notice of appeal from the decision on the merits had been filed.") (citations omitted); *see also* Fed. R. Civ. P. 54(d) notes of advisory committee on rules—1993 amendments ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice. . . .").

[9] *Id.*

[10] ECF No. 196 at 4.

of this matter is best served by my resolution of UFC's fee motion. So, I deny Hunt's request to defer ruling on UFC's motion until after appeal.

      **B.    UFC is entitled to an award of its entire fees-and-costs request.**

           *1.    UFC may recover its costs under Nevada law.*

The parties agree that UFC may recover its litigation "costs" under the terms of the parties' agreement but disagree about whether federal or state law governs the calculation of those "costs." UFC argues that Nevada law controls because the contract supplies the basis for the fee award and states that it "shall be interpreted . . . in accordance with the laws of the State of Nevada."[11] Thus, according to UFC, costs should be calculated under Nevada Revised Statute § 18.005. But Hunt maintains that the calculation of costs is procedural and thus governed by federal law, which allows only certain costs to be recovered under 28 U.S.C. § 1920. It appears that neither the Ninth Circuit nor the Supreme Court has specifically addressed whether a federal court may award costs to the prevailing party in a diversity action on a contract when certain costs are not taxable under federal law but the contract and state statute provide for the prevailing party's recovery of those costs.[12]

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."[13] An award of standard costs in federal district court is typically governed by Rule 54(d) and 28 U.S.C. § 1920, and not applicable state law, even in diversity cases.[14] But the Supreme

---

[11] ECF No. 155-2 at 20.

[12] At least one other judge in this district has confronted this identical issue and noted the dearth of controlling authority on the matter. *See Lawson v. Lawson*, No. 3:14-cv-00345-WGC, 2016 WL 1171010, at *8 (D. Nev. 2016).

[13] *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (quoting *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

[14] *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987).

4

Court has indicated that the federal cost statutes merely "establish a clear baseline" against which "express authority" may permit the recovery of "litigation expenses that are not specified" in statutes like § 1920.[15]  In *Rimini Street, Inc. v. Oracle USA, Inc.*, for example, the High Court affirmed that Congress could explicitly expand the costs recoverable under a statute beyond those enumerated in § 1920.[16]  And the Court noted in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, that "contract or explicit statutory authority" could permit a court to award costs and fees beyond those prescribed by federal law.[17]  The Ninth Circuit has also repeatedly indicated that a "contractual right" could permit the recovery of costs ordinarily disallowed under federal law.[18]  Hunt cites no law to the contrary.[19]  So I find that UFC is not limited to the costs outlined in § 1920 because of the parties' contract, which entitles the prevailing party to recover costs available under Nevada law.  So UFC may recover costs under NRS § 18.005.

---

[15] *Rimini Street, Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 877–78 (2019).

[16] *Id.* at 878 ("A statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect.").

[17] *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987) ("[When] a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary.").

[18] *Agredano v. Mutual of Omaha Cos.*, 75 F.3d 541, 543 (9th Cir. 1996); *see also Hobson v. Orthodontic Cntrs. of Am. Inc.*, 220 F. App'x 490, 491 (9th Cir. 2007) ("The plain language of the Agreement indicated that OCA and Hobson intended the prevailing party to recover all its costs.  Therefore, 28 U.S.C. §§ 1821 and 1920 do not control.").

[19] Neither of Hunt's cited cases, *Aceves v. Allstate Ins. Co.* nor *Lyn v. Outback Steakhouse of Fla., LLC*, addresses the unique question of whether a contract may provide for the recovery of costs beyond those provided under federal law.  *See Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1168 (9th Cir. 1995) (ruling that the federal rule governing costs controls when a state-law costs statute directly conflicts with the federal law); *Lyn v. Outback Steakhouse of Fla., LLC*, No. 2:17-cv-00614, 2019 WL 3848779, at *2 (D. Nev. Aug. 14, 2019) (same).

### 2.  *UFC's attorneys' fees request is reasonable.*

Hunt concedes that UFC may recover some portion of its fees but argues that UFC's fee request is unreasonably high. Under Nevada law, "the method upon which a reasonable fee is determined is subject to the discretion of the court, which is tempered only by reason and fairness."[20] Courts generally apply the lodestar approach to calculating fees, which involves "multiplying the number of hours reasonably spent on the case by a reasonable hourly rate."[21] Nevada law also directs courts to review the requested amount "in light of the factors set forth" in the Nevada Supreme Court's decision *Brunzell v. Golden Gate National Bank*.[22] Those factors include:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing, and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time, and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; [and] (4) the result: whether the attorney was successful and what benefits were derived.[23]

Local Rule 54–14 requires any application for attorneys' fees to include an attorney affidavit, "a reasonable itemization and description of the work performed[,]" and "[a] brief summary" of 13 categories of information designed to elicit more information about the case and the work that the attorney performed.[24] An opposition to a motion for attorneys' fees "must set forth the

---

[20] *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548–49 (Nev. 2005) (en banc) (quotation omitted).

[21] *Id.* at 549 & n.98 (quotation omitted).

[22] *Haley v. Dist. Ct.*, 273 P.3d 855, 860 (Nev. 2012) (citing *Brunzell v. Golden Gate Nat'l Bank*, 455 P.2d 31, 33 (Nev. 1969)).

[23] *Brunzell*, 455 P.2d at 34.

[24] L.R. 54-14 (a)–(b).

specific charges that are disputed," "state with reasonable particularity the basis for the opposition" and "include affidavits to support any contested fact."[25] The Ninth Circuit has cautioned that, "[i]f opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut."[26]

Employing the lodestar approach,[27] UFC requests $301,792.50 in attorneys' fees and $86,442.72 in costs it incurred in defending this case, and it provides the necessary supporting documentation to sustain its fee request.[28] "[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."[29] While Hunt challenges UFC's request, he neither filed an affidavit to support any contested fact nor otherwise met his burden to state with reasonable particularity why the *Brunzell* factors do not support a finding that UFC's calculated fees and costs are reasonable. Instead, he relies on three cases involving a RICO claim that had lesser awards of attorneys' fees and costs, arguing that I should similarly reduce UFC's fees.

The non-precedential, largely out-of-circuit decisions Hunt cites fail to justify trimming UFC's request for attorneys' fees and costs. Two of those cases, *Ritch v. Bobb*[30] and *Johnson v.*

---

[25] L.R. 54-14(d).

[26] *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

[27] *Id.*

[28] ECF Nos. 194, 199.

[29] *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010).

[30] *Ritch v. Bobb*, No. CV 06-4795 CAS, 2009 WL 734089, at *2 (C.D. Cal. Mar. 16, 2009) ("[The movants] request[ed] a total of $15,281.73 in fees, including $8,155.00 for fees incurred preparing the Anti-SLAPP motion, $6,770.00 for fees incurred preparing the instant motion, and $356.73 in disbursements.").

7

*JP Morgan Chase Bank*,[31] involved fee requests for only some of the claims or defendants. The limited scope of those cases' requested fee awards gives them little relevance here when UFC seeks fees for defending itself against the full complement of Hunt's claims. And while the third non-binding case Hunt cites—*GCM Air Group, LLC v. Chevron U.S.A., Inc*—at least originated in this district, that judge's finding that the movant's billing rates were excessive[32] does not move the needle here. Hunt does not state with reasonable particularity why UFC's attorneys' rates are unreasonable in this community, explain why the *Chevron* attorneys' experience is commensurate with UFC's attorneys', or explain why I should apply a decade-old billing rate to a current matter. UFC, on the other hand, adequately provides supporting documentation that it actually incurred and billed the fees and costs associated with litigating this case and that the billing rates have been approved in this community.[33] I thus find that UFC's requested fees and costs are reasonable and decline to shave down its request.

**II.      Compelling reasons exist to seal Exhibit C [ECF No. 194].**

In support of its motion for attorneys' fees and costs, UFC moves to seal Exhibit C to the Declaration of J. Colby Williams, which is a Promotional and Ancillary Rights Agreement that UFC claims contains the parties' sensitive commercial information.[34] "The public has a 'general right to inspect and copy public records and documents, including judicial records and

---

[31] *Johnson v. JP Morgan Chase Bank*, No. 1:08-CV-00081, 2010 WL 4977648, at *4 (E.D. Cal. Dec. 2, 2010) ("Finally, the Court is only awarding fees based on the FDCPA claim which is authorized by statute and not any of the remaining causes of action.").

[32] *GCM Air Grp., LLC v. Chevron U.S.A., Inc.*, No. 307-CV-00168, 2009 WL 1810743, at *6 (D. Nev. June 24, 2009).

[33] *See, e.g.*, ECF Nos. 199-1, 199-6, 199-9.

[34] ECF No. 194.

8

documents.'"[35]  The Ninth Circuit has held that a "good cause" showing is sufficient to seal documents attached to non-dispositive motions, such as discovery motions,[36] but for dispositive motions, the party moving to seal must satisfy the "compelling[-]reasons" standard.[37]  Under the compelling-reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'"[38]  It is within the court's discretion to determine what constitutes a compelling reason.[39]

Because UFC moves for attorneys' fees and costs under the parties' agreement, I find that the motion is tangentially related to the underlying claims, so UFC must set forth compelling reasons to warrant sealing the document.[40]  I also find that it has done so.  The exhibit contains confidential business information, public disclosure of which could potentially damage the parties' competitive standing, which is the reason both myself and Magistrate Judge Hoffman have ordered this same exhibit sealed before.[41]  I thus grant Zuffa's unopposed motion to seal Exhibit C to the Declaration of J. Colby Williams.[42]

---

[35] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

[36] *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

[37] *Id.*

[38] *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179).

[39] *Id.* (citing *Nixon*, 435 U.S. at 599).

[40] *See In re Midland Nat. Life Ins. Co*, 686 F.3d at 1119 (stating that there is a strong presumption in favor of access to court records).

[41] ECF Nos. 40, 184.

[42] ECF No. 194.

**Conclusion**

IT IS THEREFORE ORDERED that defendant UFC's renewed motion for attorneys' fees and costs **[ECF No. 193] is GRANTED**. Defendants are awarded $301,792.50 in attorneys' fees and $86,442.72 in costs, for a total of $388,235.22, and the Clerk of Court is directed to ENTER JUDGMENT accordingly.

IT IS FURTHER ORDERED that defendant UFC's motion to seal **[ECF No. 194] is GRANTED. The Clerk of Court is directed to maintain the seal on ECF No. 195.**

_____
U.S. District Judge Jennifer A. Dorsey
March 25, 2021