**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Mark Hunt,<br><br>    Plaintiff<br><br>v.<br><br>Zuffa, LLC d/b/a Ultimate Fighting Championship, et al.,<br><br>    Defendants | Case No.: 2:17-cv-00085-JAD-VCF<br><br>**Order Granting Motions to Seal**<br><br>[ECF Nos. 221, 225, 239, 244, 245, 258] |

Plaintiff Mark Hunt and Defendants Zuffa, LLC d/b/a Ultimate Fighting Championship (UFC), Brock Lesnar, and Dana White move to seal documents related to the various summary-judgment motions and motions to exclude expert reports filed in this case, claiming that those exhibits contain confidential business information that, if disclosed, would harm UFC's competitive standing in the mixed-martial-arts (MMA) industry. Because this court has previously granted motions to seal many of these documents and the parties continue to show that there are compelling reasons to keep them sealed, I grant their motions.

**Discussion**

**A.    Standard for sealing judicial records**

"The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[1] "Although the common[-]law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[2] "A party seeking to seal judicial records can overcome the strong presumption of access by

---

[1] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

[2] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[3]  "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[4]

"To seal the records, the district court must articulate a factual basis for each compelling reason to seal[,] [which] must continue to exist to keep judicial records sealed."[5]  The Ninth Circuit has, however, "'carved out an exception to the presumption of access' to judicial records" that is "'expressly limited to' judicial records 'filed under seal when attached to a non-dispositive motion.'"[6]  "Under the exception, 'the usual presumption of the public's right is rebutted[,]'" so "a particularized showing of 'good cause' under [Federal Rule of Civil Procedure] 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."[7]

**B.     Compelling reasons exist to seal the parties' exhibits.**

The parties move to seal several agreements between UFC and Hunt: a 2016 Promotional and Ancillary Rights Agreement and related Bout Agreement for UFC 200,[8] a 2005 Mixed Martial Arts Fighting Agreement,[9] and a 2016 Merchandise Rights Agreement.[10]  They argue that these agreements contain sensitive commercial information that, if disclosed, "would cause

---

[3] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[4] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

[5] *Id.* (citing *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1136).

[6] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[7] *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Foltz*, 331 F.3d at 1135, 1138).

[8] ECF No. 221; ECF No. 239; ECF No. 244; ECF No. 245; ECF No. 258.

[9] ECF No. 258.

[10] ECF No. 239; ECF No. 244; ECF No. 245.

the parties harm and jeopardize their competitive standing in the professional MMA industry."[11] The parties also move to seal Brian Buss's expert report supporting Hunt's case because that report references the sensitive information contained in those agreements.[12] Hunt further moves to seal direct messages between Lesnar and White, claiming that they too contain similar business information,[13] and Lesnar moves to seal another set of emails discussing Hunt's bout schedule.[14] Finally, UFC and Lesnar move to seal documents produced by the United States Anti-Doping Agency that contain correspondence and test results related to the agency's drug testing of UFC fighters, arguing that sealing is justified to protect the medical privacy of those fighters.[15] All of these documents are attached to UFC's and Lesnar's summary-judgment motions and Hunt's various responses, and to UFC's motion to exclude expert testimony proffered by Hunt to support his opposition to UFC's summary-judgment motion.[16]

      I find that the higher compelling-reasons standard applies in this context because the underlying summary-judgment motion is dispositive. And I find that the same standard applies to the expert report attached to the defendants' motion to exclude expert testimony, as that testimony has been offered to rebut the defendants' dispositive motions.

      I reviewed the sealed exhibits in camera and conclude that there are compelling reasons to seal those exhibits in their entirety. I previously granted motions to seal many of these same documents, and the reasons to maintain those seals are as compelling now as they were in

---

[11] ECF No. 221 at 2; *see also* ECF No. 239; ECF No. 244; ECF No. 245.
[12] ECF No. 225; ECF No. 244; ECF No. 245.
[13] ECF No. 239; ECF No. 244; ECF No. 245.
[14] ECF No. 258 at 3.
[15] ECF No. 221 at 4.
[16] *See, e.g.*, ECF No. 223; ECF No. 252.

2019.[17] The exhibits contain confidential business, financial, and private medical information, and releasing the information contained in the exhibits could potentially damage the parties, so I find that compelling reasons exist to seal this information.

## Conclusion

Accordingly, the parties' motions to seal **[ECF Nos. 221, 225, 239, 244, 245, 258] are GRANTED**. **The Clerk of Court is directed to MAINTAIN THE SEAL on ECF Nos. 224, 226, 227, 228, 229, 230, 235, 236, 254, 255, and 256.**

_____
U.S. District Judge Jennifer A. Dorsey
April 6, 2023

---

[17] *See* ECF No. 184 at 6.