UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mark Hunt,<br><br>    Plaintiff<br><br>v.<br><br>Zuffa, LLC d/b/a Ultimate Fighting Championship, Dana White, and Brock Lesnar,<br><br>    Defendants | Case No.: 2:17-cv-00085-JAD-VCF<br><br>**Order Granting in Part Defendant's Second Motion for Attorneys' Fees and Costs**<br><br>[ECF No. 265] |

Mark Hunt lost a 2016 mixed-martial-arts bout to Brock Lesnar and blames the loss on Lesnar's use of performance-enhancing drugs and the Ultimate Fighting Championship (UFC) organization's complicity in that anti-doping policy breach. So he sued Lesnar, the UFC, and UFC President Dana White. Hunt's lawsuit was dismissed in the early stages of this case and I granted UFC's motion for attorneys' fees incurred up to that point, finding that the 2016 Promotional Ancillary Rights Agreement that governed the parties' professional relationship permitted the award of fees to the prevailing party. Hunt appealed my dismissal decision but didn't appeal the attorney-fees order, and the Ninth Circuit Court of Appeals revived his fraud, battery, aiding-and-abetting battery, and civil-conspiracy claims, permitting Hunt to conduct discovery that might support his claims. But after the close of discovery, I granted UFC and Lesnar summary judgment on all of Hunt's remaining claims, finding that Hunt was "unable to provide the necessary evidentiary support for his theories."[1] UFC now moves for attorneys' fees for the post-appeal portion of this case, relying on the same 2016 agreement.[2] Hunt didn't

---

[1] ECF No. 263.

[2] Lesnar and White do not move for attorneys' fees.

respond, and the deadline to do so has long since passed. UFC has shown that it is contractually entitled to collect attorneys' fees and costs and that its fees request is reasonable, so I award UFC the attorneys' fees it seeks. But some of the costs UFC requests aren't reasonable or authorized by Nevada law, so I reduce that award.

### Discussion

**A.     The 2016 agreement entitles UFC to an award of its entire fees-and-costs request.**

UFC seeks attorneys' fees and costs that it incurred in this lawsuit under the parties' agreement, which provides that a "prevailing party" may recover "its attorneys' fees and costs" if required to litigate disputes "arising from or related to this Agreement."[3] While Federal Rule of Civil Procedure 54(d)(2) authorizes fee requests to be made by motion, the rule itself does not provide authority for awarding fees; rather, "there must be another source of authority for such an award."[4] Under both federal and Nevada law, valid contractual provisions for the payment of attorneys' fees constitute a sufficient source of authority supporting a fee award.[5] I find that Hunt's state-law claims for fraud, battery, aiding and abetting battery, and civil conspiracy sufficiently relate to the parties' underlying contract to permit a fee award,[6] so I proceed to analyze the reasonableness of UFC's requested fees.

---

[3] ECF No. 155-2.

[4] *MRO Commc'ns, Inc. v. AT&T*, 197 F.3d 1276, 1281 (9th Cir. 1999).

[5] *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975) ("[A]bsent statute or enforceable contract, litigants pay their own attorneys' fees."); *MRO Commc'ns, Inc.*, 197 F.3d at 1281 ("[E]ach party must bear its own attorneys' fees in the absence of a rule, statute[,] or contract authorizing such an award."); *Schouweiler v. Yancey Co.*, 712 P.2d 786, 788 (Nev. 1985) ("It is well established in Nevada that attorney's fees are not recoverable unless allowed by express or implied agreement or when authorized by statute or rule.") (citing *Sun Realty v. District Court*, 542 P.2d 1072 (Nev. 1975)).

[6] *See* ECF No. 200 at 3 (noting that, in the parties' first round of attorney-fees briefing, Hunt conceded that his claims relate to the parties' agreement).

**B.     UFC's attorneys' fees request is reasonable.**

Federal courts sitting in diversity apply state law in calculating attorneys' fees.[7] Under Nevada law, "the method upon which a reasonable fee is determined is subject to the discretion of the court, which is tempered only by reason and fairness."[8] Courts generally apply the lodestar approach to calculating fees, which involves "multiplying the number of hours reasonably spent on the case by a reasonable hourly rate."[9] Nevada law also directs courts to review the requested amount "in light of the factors set forth" in the Nevada Supreme Court's decision *Brunzell v. Golden Gate National Bank*.[10] Those factors include:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing, and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time, and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; [and] (4) the result: whether the attorney was successful and what benefits were derived.[11]

Local Rule 54–14 requires any application for attorneys' fees to include an attorney affidavit, "a reasonable itemization and description of the work performed[,]" and "[a] brief summary" of 13 categories of information designed to elicit more information about the case and the work that the attorney performed.[12]

---

[7] *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).

[8] *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548–49 (Nev. 2005) (en banc) (quotation omitted).

[9] *Id.* at 549 & n.98 (quotation omitted).

[10] *Haley v. Dist. Ct.*, 273 P.3d 855, 860 (Nev. 2012) (citing *Brunzell v. Golden Gate Nat'l Bank*, 455 P.2d 31, 33 (Nev. 1969)).

[11] *Brunzell*, 455 P.2d at 34.

[12] L.R. 54-14 (a)–(b).

Employing the lodestar approach, UFC requests $390,605.00 in attorneys' fees that it incurred in defending this case after its remand from the Ninth Circuit through the present, and it provides the necessary supporting documentation to sustain its fee request.[13] UFC does not request fees incurred during the appeal or those related to UFC's prior fee motion.[14] I have reviewed UFC's motion, declarations, and billing records in light of both the *Brunzell* factors and Local Rule 54-14. I find the rates charged and amount of work performed to be reasonable based on the local legal market and circumstances of this case. I also find that the request for fees is properly supported by evidence. So I grant UFC the $390,605.00 it incurred litigating this matter post-appeal.

**C.    UFC is entitled to some of its costs under NRS 18.005.**

UFC also requests $127,036.94 in costs and attaches an itemized list of the costs it incurred in this matter.[15] An award of standard costs in federal district court is typically governed by Rule 54(d) and 28 U.S.C. § 1920, and not applicable state law, even in diversity cases.[16] But the Supreme Court has indicated that the federal cost statutes merely "establish a clear baseline" against which "express authority" may permit the recovery of "litigation expenses that are not specified" in statutes like § 1920.[17] The Ninth Circuit has also repeatedly indicated that a "contractual right" could permit the recovery of costs ordinarily disallowed under federal law.[18] So I find that UFC is not limited to the costs outlined in § 1920 because of the parties'

---

[13] *See* ECF No. 265-1 at ¶ 27.

[14] *Id.*

[15] ECF No. 265-5.

[16] *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987).

[17] *Rimini Street, Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 877–78 (2019).

[18] *Agredano v. Mutual of Omaha Cos.*, 75 F.3d 541, 543 (9th Cir. 1996); *see also Hobson v. Orthodontic Cntrs. of Am. Inc.*, 220 F. App'x 490, 491 (9th Cir. 2007) ("The plain language of

contract, which entitles the prevailing party to recover costs available under Nevada law. UFC thus may recover costs under Nevada Revised Statute (NRS) 18.005.

Costs awarded under NRS 18.005 must be "reasonable, necessary, and actually incurred," and the district court has "wide discretion to determine which costs meet these criteria."[19] Upon reviewing UFC's itemized list of costs, I find that UFC's requests for reimbursement of its expert and data-hosting fees are excessive. NRS 18.005(17) permits an award of "any other reasonable and necessary expense incurred in connection with the action, including reasonable and necessary expenses for computerized services for legal research." UFC seeks $27,739.39 in costs for a discovery-data hosting service in addition to legal-research costs. UFC has not justified that substantial expenditure under the statute, so I disallow the costs UFC incurred for discovery-data hosting.

NRS 18.005(5) also permits "reasonable fees of not more than five expert witnesses in an amount of not more than $15,000 for each expert witness, unless the court allows a larger fee after determining that the circumstances surrounding the testimony of the expert witness were of such necessity as to require the larger fee."[20] UFC requests $72,546.50 in expert fees for two sources: "EconLit LLC" and Mark J. Mills. UFC doesn't explain why I should award approximately $20,000 more per expert than the statute permits, and I do not find that the experts' contributions to this case warrant a larger fee.[21] So I reduce UFC's requested expert costs to $30,000—$15,000 for each listed expert. I thus award UFC $56,751.05 in costs.

---

the Agreement indicated that OCA and Hobson intended the prevailing party to recover all its costs. Therefore, 28 U.S.C. §§ 1821 and 1920 do not control.").

[19] *N. Las Vegas Infrastructure Inv. & Constr., LLC v. City of N. Las Vegas*, 525 P.3d 836, 839 (Nev. 2023) (cleaned up).

[20] Nev. Rev. Stat. § 18.005(5).

[21] Indeed, it doesn't appear that UFC relied on either expert in its summary-judgment motion.

**Conclusion**

IT IS THEREFORE ORDERED that Zuffa, LLC d/b/a Ultimate Fighting Championship's motion for attorneys' fees and costs **[ECF No. 265] is GRANTED in part**. Zuffa, LLC is awarded $390,605.00 in attorneys' fees and $56,751.05 in costs, for a total of $447,356.05.  **The Clerk of Court is directed to AMEND the final judgment [ECF No. 264] accordingly.**

_____
U.S. District Judge Jennifer A. Dorsey
March 26, 2024